HOLLAND & KNIGHT LLP
Vito A. Costanzo, SBN 132754
Kristina S. Azlin, SBN 235238
Stacey H. Wang, SBN 245195
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
Email: vito.costanzo@hklaw.com
        kristina.azlin@hklaw.com
        stacey.wang@hklaw.com

Attorneys for Defendant
University of the Pacific

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VINEY SAROYA, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF THE PACIFIC,<br><br>    Defendant. | Case No.: 5:20-cv-03196-EJD<br><br>[*Assigned to the Hon. Edward J. Davila, United States District Judge*]<br><br>**DEFENDANT UNIVERSITY OF THE PACIFIC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF VINEY SAROYA'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>[Fed. R. Civ. P. 8, 12(b)]<br><br>Date:            November 19, 2020<br>Time:            9:00 a.m.<br>Courtroom:            4<br><br>[Filed concurrently with Declaration of Dr. Maria Pallavicini; Declaration of Kristina S. Azlin; and Request for Judicial Notice]<br><br>Action Filed: May 10, 2020<br>Trial Date:    TBD |

*(Left margin, vertical text):* Holland & Knight LLP / 400 South Hope Street, 8th Floor / Los Angeles, CA 90071 / Tel: 213.896.2400 / Fax: 213.896.2450

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on November 19, 2020, at 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom of the Honorable Edward J. Davila, Courtroom 4, of the United States District Court for the Northern District of California, San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113, Defendant University of the Pacific ("Pacific") will, and hereby does, move this Court for an order under Federal Rules of Civil Procedure 12(b)(6), dismissing the claims filed in this action by Plaintiff Viney Saroya ("Plaintiff") against the Defendant in their entirety, with prejudice.

Defendant moves to dismiss each of Plaintiff's claims based on the following grounds:

1. All of Plaintiff's causes of action fail because they are fundamentally non-actionable claims for education malpractice.

2. Plaintiff's breach of contract claim fails as a matter of law and a matter of pleading.

3. Plaintiff's unjust enrichment claim fails as a matter of law and a matter of pleading.

4. Plaintiff's conversion claim fails as a matter of law and a matter of pleading.

5. All of Plaintiff's causes of action fail to allege non-speculative damages.

6. Plaintiff's demand for punitive damages is unsupportable as a matter of law.

This Motion is based on this Notice; the Memorandum of Points and Authorities in Support of the Motion to Dismiss; the Declaration of Dr. Maria Pallavicini; the Declaration of Kristina S. Azlin; the Request for Judicial Notice; and all papers, pleadings, documents, arguments of counsel, and other materials presented before or during the hearing on this motion, and any other evidence and argument the Court may consider.

DATED: September 9, 2020                Respectfully submitted,

HOLLAND & KNIGHT LLP

By */s/  Vito A. Costanzo*
      Vito A. Costanzo
      Kristina S. Azlin
      Stacey H. Wang

      Attorneys for Defendant,
      University of the Pacific

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## **TABLE OF CONTENTS**

|  | | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| I. | INTRODUCTION | 1 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | 3 |
| | A. PACIFIC'S POLICIES ARE SET FORTH IN THE ACADEMIC CATALOG | 3 |
| | B. PACIFIC RESPONDS TO THE COVID-19 PANDEMIC | 3 |
| | C. PLAINTIFF'S COMPLAINT | 5 |
| III. | LEGAL STANDARD | 5 |
| IV. | ARGUMENT | 6 |
| | A. PLAINTIFF'S CLAIMS ARE FUNDAMENTALLY DEMANDS FOR JUDICIAL INTERVENTION IN ACADEMIC DECISIONS REGARDING MODE OF INSTRUCTION, WHICH ARE NOT ACTIONABLE. | 6 |
| | B. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT FAILS AS A MATTER OF LAW. | 8 |
| | 1. Plaintiff Fails To Identify Any Enforceable Promise To Plaintiff That Was Breached. | 8 |
| | 2. Pacific's Policies Include A Financial Agreement And Refund Policy, Which Do Not Entitle Plaintiff To Any Partial Refunds. | 9 |
| | 3. Plaintiff Admits That Pacific Did Not Cause The Purported Contract Damages. | 10 |
| | C. PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT OR QUASI-CONTRACT FAILS AS A MATTER OF LAW. | 11 |
| | D. PLAINTIFF'S CONVERSION CLAIM FAILS AS A MATTER OF LAW. | 13 |
| | 1. No Claim For Conversion Can Arise From Alleged Overcharges. | 14 |
| | 2. Plaintiff Fails To Allege Facts Establishing The Elements Of Conversion. | 14 |
| | E. PLAINTIFF'S DEMANDS FOR SPECULATIVE DAMAGES WARRANTS DISMISSAL OF ALL CAUSES OF ACTION. | 15 |
| | F. NONE OF PLAINTIFF'S CLAIMS ENTITLE PLAINTIFF TO AN AWARD OF PUNITIVE DAMAGES. | 17 |
| V. | CONCLUSION | 19 |

UNIVERSITY OF THE PACIFIC'S MOTION       CASE NO. 5:20-CV-03196-EJD
TO DISMISS COMPLAINT

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Advanced Riggers & Millwrights, LLC v. Hoist Liftruck MFG, Inc.*,
5
    No. 15-1400, 2015 WL 12860470 (C.D. Cal. Oct. 29, 2015)....................................................13

6

*Alsides v. Brown Inst. Ltd.*,
    592 N.W.2d 468 (Minn. App. 1999).........................................................................................16
7

8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................................5, 17

9

*Astiana v. Hain Celestial Grp., Inc.*,
10
    783 F.3d 753 (9th Cir. 2015) .....................................................................................................11

11

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1990) .......................................................................................................5
12

13

*Bank of N.Y. v. Fremont Gen. Corp.*,
    523 F.3d 902 (9th Cir. 2008) .....................................................................................................14

14

*Banks v. Dominican Coll.*,
15
    35 Cal. App. 4th 1545 (1995) ..................................................................................................6, 7

16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................................5, 17
17

18

*Brousseau v. Jarrett*,
    73 Cal. App. 3d 864 (1977) .......................................................................................................17

19

*Denterlein v. Gamp*,
20
    No. A144516, 2017 WL 6506583 (Cal. Ct. App. Dec. 20, 2017) ...............................................8

21

*Durell v. Sharp Healthcare*,
    183 Cal. App. 4th 1350 (2010) .................................................................................................12
22

23

*Evans v. BBG Commc'ns., Inc.*,
    No. 10-0542, 2010 WL 11508738 (S.D. Cal. June 18, 2010) ...................................................14

24

*Farrington v. A. Teichert & Son, Inc.*,
25
    59 Cal. App. 2d 468 (1943) .......................................................................................................14

26

*First Nationwide Sav. v. Perry*,
    11 Cal. App. 4th 1657 (1992) ....................................................................................................11

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-ii-

*Flannery v. Murray*,
   No. B266651, 2016 WL 2621629 (Cal. Ct. App. May 9, 2016) ................................ 11

*Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*,
   185 Cal. App. 3d 1149 (1986) ................................................................................... 18

*Gateway Rehab & Wellness Ctr., Inc. v. Aetna Health of Cal., Inc.*,
   SACV 13-0087-DOC MLG, 2013 WL 1518240, at *5-6
   (C.D. Cal. Apr. 10, 2013) .......................................................................................... 11

*Gokool v. Okla. City Univ.*,
   716 Fed. App'x 815 (10th Cir. 2017) ........................................................................ 12

*Gomez-Jimenez v. N.Y. Law Sch.*,
   36 Misc. 3d 230 (N.Y. Sup. Ct. 2012) ...................................................................... 16

*Gonzales Commc'ns, Inc. v. Titan Wireless, Inc.*,
   No. 04-cv-147, 2007 WL 1994057 (S.D. Cal. Apr. 18, 2007) ................................. 12

*Henderson v. Sec. Nat'l Bank*,
   72 Cal. App. 3d 764 (1977) ....................................................................................... 17

*Hilliard v. A.H. Robins Co.*,
   148 Cal. App. 3d 374 (1983) ..................................................................................... 17

*Holly v. Alta Newport Hosp., Inc.*,
   -- F. Supp. 3d --, 2020 WL 1853308 (C.D. Cal. Apr. 10, 2020) .............................. 15

*Hunter v. Bd. of Ed. of Mont. Cnty.*,
   439 A.2d 582 (Md. 1982) .......................................................................................... 16

*Jian v. Regents of Univ. of Cal.*,
   No. G042301, 2011 WL 1234746 (Cal. Ct. App. Apr. 4, 2011) ................................. 9

*Jurisearch Holdings, LLC v. Lawriter, LLC*,
   No. 08–03068, 2009 WL 10670588 (C.D. Cal. Apr. 13, 2009) ............................... 15

*Kabir v. Flagstar Bank, FSB*,
   No. 16-0360, 2016 WL 10999326 (C.D. Cal. May 11, 2016) ................................... 17

*Kashmiri v. Regents of Univ. of Cal.*,
   156 Cal. App. 4th 809 (2007) ................................................................................. 8, 9

*Klein v. Chevron U.S.A., Inc.*,
   202 Cal. App. 4th 1342 (2012) ................................................................................. 12

*Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*,
   34 Cal.4th 960 (2004) ................................................................................................ 18

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-iii-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*LSSC LLC v. Wilco Life Ins. Co.*,
No. 19-1854, 2019 WL 4570026 (C.D. Cal. Aug. 14, 2019) ..................................... 6

*Major v. W. Home Ins. Co.*,
87 Cal. Rptr. 3d 556 (Ct. App. 2009) ........................................................................... 18

*McCabe v. Marywood Univ.*,
166 A.3d 1257 (Pa. Super. Ct. 2017) ............................................................................ 12

*McDonnell v. Am. Tr. Co.*,
130 Cal. App. 2d 296 (1955) ......................................................................................... 17

*McKell v. Wash. Mut., Inc.*,
142 Cal. App. 4th 1457 (2006) ...................................................................................... 14

*Mihalakis v. Cabrini Med. Ctr. (CMC)*,
151 A.D.2d 345 (N.Y. App. Div. 1989) ........................................................................ 16

*Miller v. Loyola Univ. of New Orleans*,
829 So.2d 1057 (Lou. Ct. App. 2002) ........................................................................... 12

*Oakdale Vill. Grp. v. Fong*,
43 Cal. App. 4th 539 (1996) .......................................................................................... 14

*Papaspiridakos v. Educ. Affiliates, Inc.*,
No. 10-CV-5628, 2013 WL 4899136 (E.D.N.Y. Sept. 11, 2013) ................................... 7

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
96 F.3d 1151 (9th Cir. 1996) ......................................................................................... 18

*Paulsen v. Golden Gate Uni.*,
25 Cal. 3d 803 (1979) ................................................................................................. 6, 7

*Pepin v. Hansing*,
2013 WL 5433354 (Ohio Ct. App. Sept. 20, 2013) ...................................................... 15

*Peterson v. Cellco P'ship*,
164 Cal. App. 4th 1583 (2008) ...................................................................................... 12

*Salinas v. Palo Alto Univ.*,
No. 15-6336, 2017 WL 4237011 (N.D. Cal. Sept. 25, 2017) .......................................... 7

*Spy Optic, Inc. v. Alibaba.Com, Inc.*,
163 F. Supp. 3d 755 (C.D. Cal. 2015) ............................................................................ 6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ........................................................................................................ 6

-iv-

*Tubell v. Dade Cnty. Public Schs.*,
   419 So.2d 388 (Fla. Dist. Ct. App. 1982) .................................................................. 7

*Van Buskirk v. CNN*,
   284 F.3d 977 (9th Cir. 2002) ...................................................................................... 6

*Van Hoomissen v. Xerox Corp.*,
   368 F. Supp. 829 (N.D. Cal. 1973) ........................................................................... 18

*Vijay v. Twentieth Century Fox Film Corp.*,
   No. 14-5404, 2014 WL 5460585 (C.D. Cal. Oct. 27, 2014) ......................................... 5

*Vu v. Cal. Commerce Club, Inc.*,
   58 Cal. App. 4th 229 (1997) ..................................................................................... 15

*Wong v. Regents of Univ. of Cal.*,
   15 Cal. App. 3d 823 (1971) ........................................................................................ 7

*Wright v. Capella Univ., Inc.*,
   378 F. Supp. 3d 760 (D. Minn. 2019) ....................................................................... 13

*Zinter v. Univ. of Minn.*,
   799 N.W.2d 243 (Minn. Ct. App. 2011) .................................................................... 13

*Zumbrun v. Univ. of Southern Cal.*
   25 Cal. App. 3d 1 (1972) ............................................................................................ 8

**Statutes**

Cal. Civ. Code § 3294 ................................................................................................ 17, 18

**Other Authorities**

Andrew DePietro, *Here's A Look At The Impact Of Coronavirus (COVID-19) On
   Colleges And Universities In The U.S.*,
   Forbes (Apr. 23, 2020),
   https://www.forbes.com/sites/andrewdepietro/2020/04/30/impact-coronavirus-
   covid-19-colleges-universities/#7980713461a6 ........................................................... 2

*Coronavirus and Learning: What's Happening in Each State*, Education Week
   (Apr. 3, 2020), http://blogs.edweek.org/edweek/campaign-k-
   12/2020/04/coronavirus_and_schools_state_guide.html ............................................. 1

Jordan Weissmann, *Why it Makes Sense for Harvard to Keep Charging Full Tuition*,
   Slate (July 7, 2020), https://slate.com/business/2020/07/harvard-full-tuition-
   coronavirus.html .......................................................................................................... 2

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-v-

UNIVERSITY OF THE PACIFIC'S MOTION                    CASE NO. 5:20-CV-03196-EJD
TO DISMISS COMPLAINT

1

Lindsay McKenzie, *COVID-19 & Online Education Decisions*, INSIDE HIGHER ED
(July 30, 2020) https://www.insidehighered.com/news/2020/07/30/survey-data-
reveal-impact-covid-19-perceptions-online-education ................................................. 17

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-vi-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     <u>INTRODUCTION</u>**

Defendant University of the Pacific ("Pacific") is not the first university, and unfortunately, will not be the last, to be targeted in a growing list of putative class action lawsuits brought against universities and colleges for making the responsible —and government mandated—decision to suspend in-person instruction in response to the COVID-19 pandemic. The global COVID-19 outbreak has resulted in some variation of stay-at-home orders in every state in the United States, as well as internationally. Education has not been spared, as academic institutions at every level were ordered to shut their campuses and suspend in-person instruction.[1]

Rather than terminate the academic year altogether, which would have imposed severe disruptions and long-term hardships on its students, Pacific responded to the COVID-19 outbreak by undertaking extraordinary efforts to transition to distance learning in March 2020 and complete the remainder of the spring term.[2] Pacific students continued to attend the same classes and receive instruction from the same Pacific faculty. What changed was the *mode of instruction*, a matter squarely within the academic discretion of a university and its faculty. Pacific continued to provide core student services, including access to faculty and administration, academic advising, office hours, mental health support, tutoring, student health services, library services, career services, and other services and activities, and Pacific students ultimately received the academic credits for which they paid tuition and fees. Indeed, Plaintiff does not dispute that he completed his courses and received the appropriate credits. Pacific fulfilled its contractual obligations to deliver courses and credits for which Plaintiff paid.

Pacific "did not have a choice in cancelling in-person classes," *see* Dkt. No. 1 (Complaint) ¶ 7, and it was the responsible, lawful thing to do in response to the unprecedented impact of COVID-19. State and local government mandated exactly that action. Pacific could not endanger its

---

[1] *See Coronavirus and Learning: What's Happening in Each State*, EDUCATION WEEK (Apr. 3, 2020), http://blogs.edweek.org/edweek/campaign-k-12/2020/04/coronavirus_and_schools_state_guide.html

[2] On March 5, 2020, the U.S. Dept. of Education explicitly approved the implementation of distance learning for the spring 2020 academic semester. *See* Declaration of Kristina S. Azlin ("Azlin Decl.") Ex. B; Pacific's Request For Judicial Notice ("RJN"), No. 11.

UNIVERSITY OF THE PACIFIC'S MOTION                    CASE NO. 5:20-CV-03196-EJD
TO DISMISS COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1  students, faculty, and staff by maintaining in-person instruction in the face of this health crisis, nor

2  could it reopen its campus in violation of state and local government orders. Nor has the pandemic

3  and related transition to distance learning resulted in a windfall or unjust enrichment for Pacific, as

4  Plaintiff wildly speculates. Although in-person instruction was suspended, Pacific, like other

5  educational institutions, incurred substantial costs in technology to transition successfully to

6  distance learning on top of its fixed operational costs.[3] The decision to go online unquestionably

7  benefitted Pacific's students, employees and community.

8      In the face of these admittedly justified actions and the continuing pandemic placing

9  unprecedented financial challenges on private universities, Plaintiff nonetheless demands judicial

10 second-guessing of Pacific's academic decision-making because online learning was supposedly

11 "subpar." *Id.* at ¶ 23. That demand contravenes California's policy against claims for educational

12 malpractice absent extraordinary circumstances, none of which are present or alleged here.

13     Plaintiff's claims must be dismissed not only because he fails to assert *any* non-speculative

14 injury and fails to articulate a right to relief *under any legal theory cognizable in California*, but

15 also because of the problematic policy implications of allowing opportunistic suits to go forward

16 against education institutions that act in compliance with government orders and in the best interest

17 of their students, employees and community. At bottom, this action does not serve the interests of

18 justice or vindicate any wrongs. Allowing it to proceed will set a dangerous precedent that students

19 can second-guess the decisions of educational institutions on how to provide instruction, how to

20 comply with government orders, and how to keep its community safe; and that courts can speculate

21 about a subjective difference in how a particular student valued or benefitted from a semester of

22 education, less than half of which was completed online.

23     For these reasons, as more fully set forth below, Pacific respectfully submits that Plaintiff's

24 Complaint should be dismissed with prejudice.

---

25 [3] *See, e.g.,* Jordan Weissmann, *Why it Makes Sense for Harvard to Keep Charging Full Tuition*,

26 SLATE (July 7, 2020), https://slate.com/business/2020/07/harvard-full-tuition-coronavirus.html;
   Andrew DePietro, *Here's A Look At The Impact Of Coronavirus (COVID-19) On Colleges And*

27 *Universities In The U.S.*, FORBES (Apr. 23, 2020),
   https://www.forbes.com/sites/andrewdepietro/2020/04/30/impact-coronavirus-covid-19-colleges-

28 universities/#7980713461a6.

-2-

II.     **FACTUAL AND PROCEDURAL BACKGROUND**

    A.     **Pacific's Policies Are Set Forth in the Academic Catalog**

Pacific is a private institution of higher learning with campuses in Stockton, Sacramento, and San Francisco, California. Every year, Pacific publishes an academic catalog for each campus outlining the university's policies, including the academic calendar, financial information, payment policies, and refund policies. *See generally,* Declaration of Dr. Maria Pallavicini ("Pallavicini Decl.") Exs. A-D (hereinafter, "Pacific Catalogs"); RJN Nos. 1-4.

A student's registration, when accepted by Pacific, constitutes a financial agreement between the student and university. *See* Pallavicini Decl. Ex. A at 47 ("Stockton Catalog"); *see also id.* at Ex. E ("Financial Agreement"); RJN No. 1; RJN No. 5. Tuition, fees, and other charges incurred by the student are added to a student account, and, for the spring 2020 semester, payment in full was due January 1, 2020. Stockton Catalog at 47-48; RJN No. 1.

Pacific has a refund policy to support students who withdraw from the university. *Id.* at 48. Students at the Stockton campus, including Plaintiff, can withdraw for a 100% refund prior to the first day of classes. *Id.* A student is not entitled to a refund if the withdrawal occurs after the half-way point of the semester, and fees are non-refundable after the last day to add courses for the semester. *Id.* at 49. For the spring 2020 semester, the deadline to request a full refund of fees was January 24, and the last day for any pro-rated tuition refund was March 5. *Id.* at 417.

Pacific's catalogs state clearly and unambiguously that a student must give notice of the intention to withdraw. *Id.* at 48. Plaintiff does not allege that he withdrew or gave notice of intent to withdraw at any point during the spring 2020 term. *See generally* Dkt. No. 1.

    B.     **Pacific Responds to the COVID-19 Pandemic**

On or about January 29, 2020, Pacific began notifying its students of the COVID-19 threat and the precautions the university was taking. *See* Pallavicini Decl. Ex. F; RJN No. 7. Communications about COVID-19 and the university's precautionary measures were sent regularly from Pacific's leadership to students, faculty, administrators, and the wider Pacific community as the crisis grew more acute. Pallavicini Decl. ¶ 10; RJN No. 6.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-3-

UNIVERSITY OF THE PACIFIC MOTION TO                    CASE NO. 5:20-CV-03196-EJD
DISMISS COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

On March 4, 2020, California Governor Gavin Newsom declared a state of emergency arising from the COVID-19 pandemic. Azlin Decl. A; RJN No. 10. In the following weeks, the California Governor, San Joaquin County, and the City of Stockton issued almost daily orders and proclamations in response to COVID-19, which shut down virtually all in-person gatherings and activities across the state and county, including, *inter alia*:

- March 12:  the Governor banned gatherings of more than 250 people, and the City of Stockton declared a local emergency;

- March 13:  the Governor directed the California Department of Education to develop and issue guidance on distance learning in anticipation of campuses shutting down due to COVID-19;

- March 16:  the Governor directed vulnerable populations to stay at home;

- March 17:  San Joaquin County declared a local public health emergency;

- March 19:  the Governor issued a statewide stay-at-home order exempting only essential critical infrastructure workers;

- March 20:  San Joaquin County issued a stay-at-home order; and

- March 24, 2020:  Stockton City Council passed resolution affirming Governor's stay-at-home order.

Azlin Decl., Exs. A-J; RJN Nos. 10-19.

Pacific monitored not only the state and local orders related to COVID-19, but also reports of the rapid spread of COVID-19. On March 15, Pacific announced that the university would extend spring break from March 13 to March 20, *see* Dkt. No. 1 ¶ 19, and that classes would transition to distance learning beginning March 23. *See* Dkt. No. 1 ¶ 3 & n.2. On March 15, Pacific made the decision to close campus housing with limited exceptions. Pallavicini Decl. Ex. G; RJN No. 8. In connection with the unexpected transition to distance learning, Pacific made certain exceptions to allow students to withdraw from classes, but specifically noted to students that withdrawals would not entitle students to refunds of any tuition or fees, as the March 5, 2020 deadline to withdraw with a partial refund had passed. *Id.* Plaintiff did not withdraw from any classes prior to March 5, and instead, completed the full semester remotely. *See* Dkt. No. 1 ¶ 5.

-4-

1

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

### C.   Plaintiff's Complaint

Plaintiff Viney Saroya is enrolled at Pacific's campus in Stockton, California, as an undergraduate studying business and economics. Dkt. No. 1 ¶ 9. On May 10, 2020, Plaintiff filed this action against Pacific on behalf of himself and other similarly situated individuals who paid tuition and fees for the spring 2020 academic term. Plaintiff asserts three causes of action: (1) breach of contract, (2) unjust enrichment, and (3) conversion. *See generally* Dkt. No. 1.

The gravamen of the complaint is that Pacific's change in the mode of instruction to obey shelter-in-place orders and protect the health and safety of its community, somehow required Pacific to issue *pro rata* tuition and fees refunds based on an unidentified, mystery formula, even though Pacific completed the semester and delivered the academic credits for which Plaintiff paid.

Based on this unprecedented and unsupported theory, Plaintiff prays on behalf of himself and others similarly situated, for an order certifying a class action and appointing Plaintiff as class representative, judgment in favor of Plaintiff; damages in an unspecified amount of tuition and fees refunds; injunctive relief; and for the costs and attorneys' fees. *See id.* at ¶¶ 17-18.

## III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). The facts alleged must set forth plaintiff's entitlement to relief under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). If plaintiff's factual allegations fail to state a claim under a cognizable theory and additional facts would not cure such defect, the claim fails as a matter of law and must be dismissed with prejudice. *Vijay v. Twentieth Century Fox Film Corp.*, No. 14-5404, 2014 WL 5460585, at *2 (C.D. Cal. Oct. 27, 2014).

When ruling on a 12(b)(6) motion, a court may look beyond the pleadings "at documents incorporated by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Under the incorporation by reference

-5-

1   doctrine, a court may consider a document relied upon in a complaint where its authenticity is

2   uncontested. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). This includes situations in

3   which the plaintiff's claim depends on the content of a document even though the plaintiff does not

4   explicitly allege its contents. *LSSC LLC v. Wilco Life Ins. Co.*, No. 19-1854, 2019 WL 4570026, at

5   *2 (C.D. Cal. Aug. 14, 2019). For example, materials published on a defendant's website where the

6   contents of the website are alleged in the complaint or necessarily relied on by the complaint, and

7   where the website's authenticity and relevance is uncontested, may be considered on a Rule

8   12(b)(6) motion. *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 762-63 (C.D. Cal.

9   2015). Pacific's website and the posted Catalogs are incorporated in the Complaint based on

10  Plaintiff's reliance on and the uncontested nature of Pacific's website.

11  IV.   **ARGUMENT**

12        A.    **Plaintiff's Claims Are Fundamentally Demands For Judicial Intervention In
                Academic Decisions Regarding Mode Of Instruction, Which Are Not
13              Actionable.**

14            Plaintiff demands judicial review of Pacific's decision to change its mode of academic

15  instruction during a pandemic and government-ordered shutdown because the transition to online

16  instruction was allegedly "subpar" and "in no way the equivalent of the in-person education

17  putative class members contracted and paid for." Dkt. No. 1 ¶¶ 23-24. This claim for "educational

18  malpractice" is not supported by the law or the facts.

19            California courts do not intervene in the academic affairs of schools absent "such a

20  substantial departure from accepted academic norms as to demonstrate that the person or committee

21  responsible did not actually exercise professional judgment." *Banks v. Dominican Coll.*, 35 Cal.

22  App. 4th 1545, 1551 (1995); *see also Paulsen v. Golden Gate Uni.*, 25 Cal. 3d 803, 808 (1979). The

23  exception for a lack professional judgment is a high bar: courts will overturn a university's

24  academic decision *only if* it is arbitrary and capricious, not based upon academic criteria, and the

25  result of irrelevant or discriminatory factors. *Paulsen*, 25 Cal. 3d at 808-09; *accord Wong v.*

26  *Regents of Univ. of Cal.*, 15 Cal. App. 3d 823, 830 (1971). So long as the university has a rational

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-6-

UNIVERSITY OF THE PACIFIC MOTION TO          CASE NO. 5:20-CV-03196-EJD
DISMISS COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1  basis for its decision, that decision must stand. *Salinas v. Palo Alto Univ.*, No. 15-6336, 2017 WL

2  4237011, at * 9 (N.D. Cal. Sept. 25, 2017).[4]

3      This highly deferential standard merits dismissal of this entire action as a matter of law.

4  Plaintiff does not, and cannot, assert that he was denied access to an education or that he did not

5  receive credits for courses completed. Nor does Plaintiff allege that Pacific failed to exercise its

6  professional judgment. To the contrary, Plaintiff challenges Pacific's professional judgment

7  regarding the mode of instruction by asserting—with no support whatsoever—that *the quality* of his

8  online instruction was inferior to in-person instruction. *See* Dkt. No. 1 ¶ 24. To allow such claims to

9  go forward would necessarily require the Court to analyze the quality and value of Pacific's remote

10  instruction as subjectively experienced by one student and second-guess the professional judgment

11  of Pacific's administration, faculty, and staff to suspend in-person instruction in response to a

12  global health crisis that continues to ravage the country. That is precisely the type of inquiry into

13  academic decision-making in which California courts do not engage.

14      Nor can Plaintiff establish that Pacific failed to exercise professional judgment. Pacific's

15  decision was not arbitrary or capricious as a matter of law because it was a reasonable response to

16  emergency conditions and government orders. Indeed, Plaintiff concedes that the decision to

17  transition was out of Pacific's control, *see* Dkt. No. 1 ¶ 7, caused by the pandemic and government-

18  imposed restrictions, *see id.* at ¶ 19. The Governor of California implemented a state-wide stay-at-

19  home order, less than a week after Pacific closed its campus. Pacific's compliance with the law

20  cannot be arbitrary or capricious. Nor can suspension of in-person instruction in response to

21  COVID-19 be considered a "departure from accepted academic norms," *see Banks*, 35 Cal. App.

22  4th at 1551, as virtually every school at every level across the country implemented the same

23  measures to protect students, faculty, and staff during the pandemic, and where Pacific's accrediting

24

25  [4] The principle of judicial deference to academic decision-making is well established nationally, as
   courts routinely dismiss complaints like this one sounding in "educational malpractice." *See*
26  *Paulsen*, 25 Cal. 3d at 808 ("There is a widely accepted rule of judicial non-intervention into the
   academic affairs of schools.") (citing cases from multiple jurisdictions); *see also, e.g.*,
27  *Papaspiridakos v. Educ. Affiliates, Inc.*, No. 10-CV-5628, 2013 WL 4899136 (E.D.N.Y. Sept. 11,
   2013) *aff'd*, 580 Fed. App'x 17 (2d Cir. 2014); *Tubell v. Dade Cnty. Public Schs.*, 419 So.2d 388
28  (Fla. Dist. Ct. App. 1982) (citing cases across jurisdictions).

-7-

1    agency approved the online transition. *See* Azlin Decl., Ex. B; RJN No. 11.

2        Further, Pacific's decision to not issue *pro rata* tuition or fees refunds cannot be arbitrary or

3    capricious because the decision aligns with Pacific's published refund policies and budgeted costs.

4    *See Denterlein v. Gamp*, No. A144516, 2017 WL 6506583 at *5-8 (Cal. Ct. App. Dec. 20, 2017)

5    (university's compliance with student handbook was not arbitrary or capricious); Pacific Catalog at

6    48; n.17, *supra*. Pacific's refund policy makes clear that students are only eligible for tuition

7    refunds if they withdraw from classes, and that the last day to withdraw and request any partial

8    refund for the spring 2020 semester was March 5. *See* Pacific Catalog at 48, 417. Plaintiff does not

9    allege that he withdrew from classes at any point during the spring 2020 semester, but rather

10   concedes he completed all courses online. *See generally* Dkt. No. 1. And there can be no dispute

11   that Plaintiff did not qualify for any refund of tuition or fees under the express terms of Pacific's

12   refund policy. Thus, Plaintiff's Complaint, all of which constitutes an impermissible claim for

13   educational malpractice, must be dismissed in its entirety with prejudice.

14       **B.      Plaintiff's Claim For Breach Of Contract Fails As A Matter Of Law.**

15           1.    <u>Plaintiff Fails To Identify Any Enforceable Promise To Plaintiff That Was
                    Breached.</u>

16

17       Under California law, the relationship between a student and university is contractual in

18   nature. *Kashmiri v. Regents of Univ. of Cal.*, 156 Cal. App. 4th 809, 824 (2007). The terms of that

19   contract can be found in, *inter alia*, the university's policies, bulletins, brochures, and other

20   publications. *Id; see also Zumbrun v. Univ. of Southern Cal.* 25 Cal. App. 3d 1, 10 (1972) ("The

21   basic legal relation between a student and a private university or college is contractual in nature.

22   The catalogues, bulletins, circulars, and regulations of the institution made available to the

23   matriculant become a part of the contract.")

24       Not every statement in a university's publications, however, amounts to a contractual term.

25   *Kashmiri*, 156 Cal. App. 4th at 828. Because courts defer to university decision-making and

26   policies, and in furtherance of the widely accepted rule of judicial nonintervention into the

27   academic affairs of schools, courts are reluctant to apply contract law to *general* promises or

28   expectations. *See id.* at 825-826. Instead, as articulated in *Kashmiri*, plaintiffs must identify a

-8-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

1   "*specific* promise" that was breached. *Id.* at 826 (emphasis in original); see also *Jian v. Regents of*

2   *Univ. of Cal.*, No. G042301, 2011 WL 1234746, at *6-7 (Cal. Ct. App. Apr. 4, 2011) (university

3   made no specific promise regarding the termination policies at issue).

4        In *Kashmiri*, such a specific promise was made when the university's catalogues and

5   website explicitly stated increases to a certain fee would "apply to new students only" and that the

6   fee "[would] remain the same for each student for the duration of his or her enrollment in the

7   professional degree program." 156 Cal. App. 4th at 833. The *Kashmiri* court relied on the

8   university's decision to highlight the express promise not to raise fees for a specified category of

9   students, distinguishing such specificity from general tuition disclosures which are subject to the

10  university's right to change its tuition and, thus, do not constitute specific promises. *See id.* at 832.

11       Unlike in *Kashmiri*, Plaintiff here does not identify any specific promise that Pacific would

12  (i) provide in-person instruction and access to campus even in the midst of a global health crisis or

13  government-ordered restrictions; or (ii) issue tuition and fees refunds other than as provided for in

14  its published refund policy. *See generally* Dkt. No. 1 ¶¶ 22, 35-42. Instead, Plaintiff relies only on a

15  single quote from Pacific's website about campus life. *Id.* at ¶ 22. In short, Plaintiff's allegations

16  fall far short of pleading the breach of any specific, enforceable promise made by Pacific to

17  Plaintiff.

18            2.    Pacific's Policies Include A Financial Agreement And Refund Policy, Which
                    Do Not Entitle Plaintiff To Any Partial Refunds.
19

20       Pacific's Catalog makes explicit that a student's registration for classes creates a financial

21  agreement between student and school:

22            Registration, when accepted by the [Pacific], constitutes a financial agreement
              between the student and the University. . . . Tuition, fees and other charges the
23            student incurs including but not limited to, housing, meal plans, and bookstore
              charges are added to the student account and are considered a loan for an
24            educational benefit.

25

26  Stockton Catalog at 47. Under the terms of this financial agreement, payment of tuition and fees

27  was due in full by January 1, 2020. *Id.* at 417.

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

UNIVERSITY OF THE PACIFIC MOTION TO                    CASE NO. 5:20-CV-03196-EJD
DISMISS COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

With respect to refunds of student tuition and fees, the express and unambiguous terms of Pacific's refund policy govern:

**Refund of Tuition and Fees**
The following refund schedule pertains only to tuition charges and is applicable when the student drops below full time enrollment or officially withdraws from the University. Students who intend to withdraw must notify the Office of the Registrar.

Refunds are based upon a percentage of calendar days. Calendar days of a semester may vary from semester to semester. For exact dates, please refer to the Student Accounts website or contact their office.

Notification and withdrawal before classes begin – No charge.

First day of classes until last day to add – $150 clerical charge.

After 50% of calendar days no refund, 100% penalty.

Fees are non-refundable after the last day to add courses for the semester.

*Id.* at 48-49. For the spring 2020 term, the last day to withdraw and request a refund was March 5, 2020. *Id.* at 417. Although in-person instruction has been suspended, Pacific continues to accrue operating expenses, including significant expenses related to the transition to distance learning. The refund policy accommodates this reality, and, as noted in the Stockton Catalog, tuition and fees do not even cover all of Pacific's operating expenses. *See id.* at 46.

Plaintiff has no basis to claim a refund. He does not allege that he dropped below full-time enrollment or that he withdrew from the university. Nor does he allege alerting Pacific of his intent to withdraw. There, as a matter of law, Plaintiff did not qualify for any tuition or fees refund under the terms of Pacific's policies.

Nowhere in any of Pacific's course catalogs is there a provision entitling students to tuition or fees refunds in the event that Pacific is forced to close its campus due to health emergency or by law. The absence of such provisions is dispositive of Plaintiff's claims.

3.   <u>Plaintiff Admits That Pacific Did Not Cause The Purported Contract Damages.</u>

To state a breach of contract claim, Plaintiff must plead that the *defendant's* action or failure to act caused the harm for which he seeks damages. *Flannery v. Murray*, No. B266651, 2016 WL

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

2621629, at *5 (Cal. Ct. App. May 9, 2016). No contract claim lies where the independent act of a third party prevents the defendant from fully complying with or performing the agreement. *Id.*

Plaintiff concedes that the suspension of in-person instruction and the alleged harm it caused was out of Pacific's control. *See* Dkt. No. 1 ¶ 7. There is no dispute that Plaintiff's alleged harm was the result of COVID-19 and government orders. In light of these admissions, Plaintiff cannot establish that Pacific's actions caused the alleged harm for which he seeks contract damages, and, consequently, the contract claims fail as a matter of law. *See Flannery*, No. B266651, 2016 WL 2621629, at *5 (court's action in publicly filing confidential settlement agreement was not a breach of settlement agreement).

## C.   Plaintiff's Claim For Unjust Enrichment Or Quasi-Contract Fails As A Matter Of Law.

As a threshold matter, California does not recognize a standalone cause of action for unjust enrichment. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Consequently, Plaintiff's unjust enrichment claim fails as a matter of law.[5]

The result would be the same even if Plaintiff were to re-plead this claim as one for quasi-contract seeking restitution damages. When a plaintiff brings an unjust enrichment claim, some courts will consider whether the plaintiff can recover under a quasi-contractual theory of restitution. *Gateway Rehab & Wellness Ctr., Inc. v. Aetna Health of Cal., Inc.*, SACV 13-0087-DOC MLG, 2013 WL 1518240, at *5-6 (C.D. Cal. Apr. 10, 2013). Under the law of restitution, "[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another." *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1662 (1992). However, "[t]he fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it." *Id.* at 1663. Unjust enrichment as a basis for obtaining restitution "does not lie" where, as here, an "'enforceable, binding agreement exists defining the rights of the parties.'" *Gonzales Commc'ns, Inc. v. Titan Wireless, Inc.*, No. 04-cv-147, 2007 WL

[5] Plaintiff's claim for unjust enrichment, to the extent based on conversion, fails for the reasons discussed in Section IV.D., *infra*.

-11-

1994057, at *3 (S.D. Cal. Apr. 18, 2007) (quoting *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)). This is so because "there is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected." *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008). "While generally parties are permitted to plead in the alternative, the allegation of binding contracts nullifies the unjust enrichment claim." *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012) (quoting and affirming trial court dismissal).

There are two limited exceptions in which restitution may be awarded under an unjust enrichment theory in lieu of breach of contract damages:  (1) "when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective," or (2) "where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct" but the plaintiff has chosen not to sue in tort, seeking restitution on a quasi-contract theory instead. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) (citations omitted).

Neither exception applies here. Plaintiff has not pled and cannot plead that Pacific obtained his tuition and fee payments by fraud, duress or similar conduct, nor are there any facts suggesting that the express refund policy published in the Stockton Catalog is unenforceable or ineffective.

Plaintiff agreed to be bound by Pacific's refund policy when enrolling, which specified that tuition and fee refunds are available only if he withdrew before March 5, 2020. Given the express and unambiguous terms of the refund policy, plaintiff had no reasonable expectation of a refund.

Moreover, as a matter of policy upholding academic discretion, courts across the country are reluctant to allow unjust enrichment claims seeking tuition refunds from universities where, as here, there is no dispute that the school completed instruction for credit in exchange for tuition. *See, e.g., Miller v. Loyola Univ. of New Orleans*, 829 So.2d 1057, 1061-62 (Lou. Ct. App. 2002) (dismissing unjust enrichment claim where student received instruction for credit in exchange for tuition despite claims that instruction was unsatisfactory); *Gokool v. Okla. City Univ.*, 716 Fed. App'x 815, 819 (10th Cir. 2017) (affirming 12(b)(6) dismissal of unjust enrichment claim where student sought refund of first-year tuition payments after being dismissed at end of first academic year); *McCabe v. Marywood Univ.*, 166 A.3d 1257, 1264 (Pa. Super. Ct. 2017) (dismissing unjust enrichment in tuition refund claim where student lost credits after transferring schools); *Wright v. Capella Univ.*,

-12-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

*Inc.*, 378 F. Supp. 3d 760, 775 (D. Minn. 2019) (dismissing unjust enrichment claim in tuition refund case where plaintiff received instruction in exchange for tuition, school did not guarantee a degree, and there was no allegation of illegality or unlawfulness in school retaining tuition); *Zinter v. Univ. of Minn.*, 799 N.W.2d 243, 247 (Minn. Ct. App. 2011) (dismissing unjust enrichment claim in tuition refund case where plaintiff was admitted to courses for which she paid tuition). To rule otherwise would directly undermine Pacific's academic discretion and would violate the Court's policy of deferring to university decision makers on matters of academic standards. *See* Section IV.B., *supra*.

### D.  Plaintiff's Conversion Claim Fails As A Matter Of Law.

Plaintiff's conversion claim fails for three independent reasons: (1) the claim is barred by the economic loss rule; (2) a claim for overcharge cannot be brought as a conversion claim, and (3) Plaintiff fails to allege facts establishing the essential elements of an actionable conversion.

#### 1.  The Economic Loss Rule Bars Plaintiff's Conversion Claim.

California follows the economic loss rule, which prohibits plaintiffs from pursing tort claims "where the alleged damages are the same economic losses arising from [an] alleged breach of contract." *Advanced Riggers & Millwrights, LLC v. Hoist Liftruck MFG, Inc.*, No. 15-1400, 2015 WL 12860470, at *7 (C.D. Cal. Oct. 29, 2015) (internal quotations and citations omitted). Instead, "[c]onduct amounting to a breach of contract becomes tortious only when it *also* violates an independent duty arising from principles of tort law." *Id.* (quoting *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999)) (emphasis added).

No such violation of "an independent duty arising from principles of tort law" is at issue here. Instead, like in *Advanced Riggers*, Plaintiff asserts that Pacific both breached its contract and converted Plaintiff's tuition payments *based on identical facts—i.e.*, failing to issue partial refunds after transitioning to remote learning in response to COVID-19. *Compare* Dkt. No. 1 at Count I *with id.* at Count III. Plaintiff also seeks identical damages under both claims—namely, a partial refund of tuition and fees. *Compare id.* at ¶ 41 *with id.* at ¶ 56. Plaintiff's conversion claim is therefore barred by the economic loss rule.

-13-

1.    No Claim For Conversion Can Arise From Alleged Overcharges.

The crux of Plaintiff's claim for a refund is that Pacific overcharged Plaintiff tuition, fees, and housing costs for the spring 2020 semester because the semester was transferred to online instruction. *See generally,* Dkt. No. 1. Overcharging cannot serve as the basis for a conversion claim. *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1491 (2006); *see also Evans v. BBG Commc'ns., Inc.*, No. 10-0542, 2010 WL 11508738, at *3 (S.D. Cal. June 18, 2010) (dismissing conversion claim asserting that defendant overcharged payphone rates).

2.    Plaintiff Fails To Allege Facts Establishing The Elements Of Conversion.

Conversion claims require pleading facts that establish: (i) ownership or right to possession of the specific property at issue at the time of the conversion; (ii) defendant's conversion by a wrongful act or disposition of Plaintiff's property rights as to that property; and (iii) damages caused by the conversion. *Oakdale Vill. Grp. v. Fong*, 43 Cal. App. 4th 539, 543–544 (1996). Plaintiff is required to to plead facts establishing *each* of these essential elements, but fails to sufficiently plead *any* such facts.

First, "the law is well settled that there can be no conversion where an owner either expressly or impliedly assents to or ratifies the taking, use or disposition of his property." *Bank of N.Y. v. Fremont Gen. Corp.*, 523 F.3d 902, 914 (9th Cir. 2008). A property owner's assent to the taking, use, or disposition of their property may be inferred from conduct. *See id.* (discussing bank's approval of transfers as assent, and relying on *Farrington v. A. Teichert & Son, Inc.*, 59 Cal. App. 2d 468 (1943)). Here, Plaintiff assented to payment of tuition and fees when he enrolled at Pacific, agreed to be bound by the financial agreement between himself and Pacific, and agreed to be bound by Pacific's policies, including the published refund policies.

Second, Plaintiff cannot establish that Pacific committed an independently wrongful act by retaining the full amount of tuition and fees paid in accordance with its published refund policy. The refund policy expressly permitted Pacific to retain 100% of tuition and fees if a student did not submit written notice of an intent to withdraw by the mid-way point of the semester. Plaintiff gave no such notice. Consequently, Pacific had a lawful right to retain the full payments.

-14-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        In an analogous case from the Court of Appeals of Ohio—analyzing conversion claims under state law similar to California's[6]—students sought tuition refunds from a defunct medical school. In overturning the jury verdict in favor of the students, the Court of Appeals of Ohio held that "no conversion of property can occur without some kind of 'wrongful act,'" and that "[a] lawful act [of students paying tuition] is not suddenly made wrongful simply because the school runs out of money and closes its doors." *Pepin v. Hansing*, 2013 WL 5433354, at *4 (Ohio Ct. App. Sept. 20, 2013). The same principle applies here. Receiving tuition from students in exchange for providing instruction and academic credits is not wrongful. Nor is it wrongful for a university to retain those tuition payments in accordance with an express policy when the university continues to provide instruction despite the "severe impact" of a pandemic.

        Third, Plaintiff fails to plead a "specific, identifiable sum" of damages owed. *Vu v. Cal. Commerce Club, Inc.*, 58 Cal. App. 4th 229, 231 (1997) (claim that defendant converted "approximately $1.4 million" and "approximately $120,000" insufficient as a matter of law). Plaintiff makes no attempt to identify a specific amount of tuition, board, or fees purportedly converted. *See generally* Dkt. No. 1 ¶¶ 49-56. Indeed, as discussed above, it is a mystery, and total speculation, as to how the court could reasonably assess the alleged loss in "value" of education to Plaintiff caused by a mid-semester transition to remote instruction. For each of the reasons provided above, the conversion claim fails as a matter of law.

        **E.    Plaintiff's Demands For Speculative Damages Warrants Dismissal of All Causes of Action.**

        Plaintiff's claims, each of which demands partial refunds of tuition and fees based on a purported difference in the value of distance learning and the services provided must be dismissed because Plaintiff's damages are speculative. *Holly v. Alta Newport Hosp., Inc.*, -- F. Supp. 3d --, 2020 WL 1853308, at *5-6 (C.D. Cal. Apr. 10, 2020) (dismissing each cause of action requiring damages as element of claim where plaintiff's claimed damages were conclusory and speculative).

---

[6] *See Jurisearch Holdings, LLC v. Lawriter, LLC*, No. 08–03068, 2009 WL 10670588, at *3 (C.D. Cal. Apr. 13, 2009) (acknowledging that California and Ohio conversion laws are similar).

UNIVERSITY OF THE PACIFIC MOTION TO DISMISS COMPLAINT

CASE NO. 5:20-CV-03196-EJD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Plaintiff's alleged harm—*i.e.*, purportedly "subpar" online learning options, *see* Dkt. No. 1 ¶ 5—is impermissibly speculative and insufficient as to each of Plaintiff's causes of action. Indeed, courts across the country have recognized that damages arising from claimed deficiencies in the value of education are speculative and thus insufficient as a matter of law to support claims against educational institutions. *See, e.g., Gomez-Jimenez v. N.Y. Law Sch.*, 36 Misc. 3d 230, 248-252 (N.Y. Sup. Ct. 2012) (dismissing deceptive acts and practices claim seeking tuition refund because damages based on "true value" of law degree were speculative); *Mihalakis v. Cabrini Med. Ctr. (CMC)*, 151 A.D.2d 345 (N.Y. App. Div. 1989) (damages measured by difference in value of internship program as marketed versus actual value was speculative); *Hunter v. Bd. of Ed. of Mont. Cnty.*, 439 A.2d 582, 584-85 (Md. 1982) (dismissing claims concerning quality of education due to "the inherent uncertainty in determining the cause and nature of any damages"); *Alsides v. Brown Inst. Ltd.*, 592 N.W.2d 468, 472 (Minn. App. 1999) (dismissing education malpractice claims due to "inherent uncertainties about causation and the nature of damages").

The New York Supreme Court's analysis in *Gomez* is particularly instructive. In *Gomez*, as here, plaintiff disputed *the value* of the instruction received. *See Gomez*, 36 Misc. 3d at 250. In holding that damages based on the perceived value of education are impermissibly speculative, the Court explained as follows:

> To measure damages based on the difference in value between a degree which guarantees a good legal job, as defined by plaintiffs, and one that does not, against the background of the remote, supervening impact of the Great Recession, would require the court to engage in naked speculation. This the court cannot do.

*Id.* at 252. Here too, COVID-19 and its impact on Pacific (and the world) render any attempt to measure damages based on the purported difference in value between remote learning under COVID-19 conditions and in-person instruction in normal times nothing more than fruitless speculation. The circumstances are indisputably exceptional, and the impact varies dramatically among students. Indeed, for many, remote learning may be *more valuable*, especially during a health and safety emergency.[7] Consequently, there is no baseline or delta "value" from which to

---

[7] *See, e.g.*, Lindsay McKenzie, *COVID-19 & Online Education Decisions*, INSIDE HIGHER ED (July 30, 2020) https://www.insidehighered.com/news/2020/07/30/survey-data-reveal-impact-covid-19-

UNIVERSITY OF THE PACIFIC MOTION TO DISMISS COMPLAINT

CASE NO. 5:20-CV-03196-EJD

1    conduct any useful or fair comparison, making any alleged damages speculative, at best. Such an

2    alleged "injury" cannot satisfy Plaintiff's burden of pleading non-speculataive damages.

3        Further, each of Plaintiff's claims, to the extent premised on unidentified categories of fees,

4    as to which no facts are alleged, must be dismissed for failing to meet the pleading standards set

5    forth in *Iqbal* and *Twombly*. *See Kabir v. Flagstar Bank, FSB*, No. 16-0360, 2016 WL 10999326, at

6    *4 (C.D. Cal. May 11, 2016) (plaintiffs cannot rely on unspecific claims to survive a motion to

7    dismiss, as *Iqbal* and *Twombly* prohibit fishing expeditions).

8        **F.    None Of Plaintiff's Claims Entitle Plaintiff To An Award Of Punitive Damages.**

9        A plaintiff cannot establish his entitlement to punitive damages with mere conclusory

10   allegations. *See Brousseau v. Jarrett*, 73 Cal. App. 3d 864, 872 (1977). A complaint containing a

11   demand or prayer for punitive damages must contain a specific statement of facts, which show on

12   their face that the acts or omissions of a defendant were done willfully, maliciously, oppressively or

13   fraudulently. *See McDonnell v. Am. Tr. Co.*, 130 Cal. App. 2d 296 (1955).

14       Here, the Complaint's *only* reference to punitive damages is contained in the Prayer for

15   Relief. Dkt. No. 1, Compl., Prayer for Relief at 11:17. No facts are alleged – conclusory or

16   otherwise – to support an award of punitive damages. *See generally* Dkt. No. 1.

17       Nor can Plaintiff amend to cure his deficient pleading. Punitive damages are disfavored in

18   California and federal courts alike. *See Henderson v. Sec. Nat'l Bank*, 72 Cal. App. 3d 764, 771

19   (1977) (punitive damages are "never awarded as a matter of right" and "are not favored by the law

20   and should be granted with the greatest of caution") (citations omitted). To recover punitive

21   damages, Plaintiff must plead (and ultimately prove by clear and convincing evidence) facts

22   demonstrating "oppression, fraud, or malice" by the Defendants. *Hilliard v. A.H. Robins Co.*, 148

23   Cal. App. 3d 374, 391-392 n.8 (1983); *see also* Cal. Civ. Code § 3294. In other words, punitive

24   damages are only proper where a defendant acts "with the intent to vex, injure, or annoy, or with a

25   conscious disregard of the plaintiff's rights" that rises to "a level which decent citizens should not

26   ────────────────

27   perceptions-online-education ("The Public Viewpoint: COVID-19 Work and Education survey
     found that Americans' perceptions of the quality and value of in-person, online or hybrid education
     vary widely. The majority of respondents, 35 percent, felt that online education offered the best

28   value for money.").

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-17-

1  have to tolerate." *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*, 185 Cal. App. 3d

2  1149, 1154 (1986).

3       Plaintiff does not and cannot meet that high standard.  There are no set of facts involving

4  Pacific's decision to complete the spring 2020 semester online in the face of a pandemic and

5  government shut-down orders that could possibly rise to the required level of "oppression, fraud, or

6  malice." As a matter of law, Plaintiff cannot recover punitive damages for his breach of contract

7  and unjust enrichment claims. The black letter law of California is that one can never recover

8  exemplary or punitive damages for breach of an obligation arising under contract. Cal. Civ. Code §

9  3294; *see also Major v. W. Home Ins. Co.*, 87 Cal. Rptr. 3d 556, 579 (Ct. App. 2009) ("[P]unitive

10  damages are not authorized in contract actions under California law."). The only damages

11  recoverable for breach of contract are general damages (direct damages) and special damages

12  (consequential damages). *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal.4th

13  960, 968 (2004). Plaintiff's claims, regardless of how they are characterized, are governed by the

14  contractual relationship between Plaintiff and Pacific, as embodied by, *inter alia*, the Stockton

15  Catalog and, therefore, cannot support an award of punitive damages.

16       Punitive damages are likewise unavailable in actions "in equity." *Van Hoomissen v. Xerox*

17  *Corp.*, 368 F. Supp. 829, 836 n.5 (N.D. Cal. 1973). Unjust enrichment is an equitable claim which

18  sounds in implied or quasi-contract. *See Paracor*, 96 F.3d at 1167. Accordingly, Plaintiff cannot

19  recover punitive damages in connection with his defective unjust enrichment claim.

20       Finally, Plaintiff cannot recover punitive damages as to his conversion claim because his

21  conversion claim fails as a matter of law and matter of pleading. As discussed, *supra*, Plaintiff's

22  conversion claim is barred for the following reasons: the economic loss rule bars such a claim,

23  overcharging cannot be brought as a conversion claim, and Plaintiff fails to allege facts establishing

24  the essential elements of an actionable conversion claim. For these reasons, any prayer for punitive

25  damages in relation to the conversion claim fails.

26       Accordingly, Plaintiff's demand for punitive damages must be dismissed.

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

-18-

1

## V.    <u>CONCLUSION</u>

2         For all of the reasons detailed herein, Pacific respectfully requests an order dismissing

3    Plaintiff's Complaint in its entirety, with prejudice.

4    DATED: September 9, 2020              Respectfully submitted,

5                                         HOLLAND & KNIGHT LLP

6

7                                         By:*/s/ Vito A. Costanzo*
                                             Vito A. Costanzo
8                                            Kristina S. Azlin
                                             Stacey H. Wang

9                                            Attorneys for Defendant
                                             University of the Pacific
10

11

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-

UNIVERSITY OF THE PACIFIC MOTION TO                    CASE NO. 5:20-CV-03196-EJD
DISMISS COMPLAINT