**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd. Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: swestcot@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEY SAROYA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF THE PACIFIC,<br><br>Defendant. | Case No. 5:20-cv-03196-EJD<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Viney Saroya ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant University of the Pacific ("UOP" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at UOP, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or which their fees were paid, without having their tuition and fees refunded to them.

2. UOP is a private university, with a total enrollment of over 6,000 students across eleven schools and colleges with campuses located in Sacramento, San Francisco, and Stockton, California. UOP offers over 40 degrees encompassing more than 80 areas of study for undergraduate students, as well as a number of graduate and professional programs including dentistry and law.[1]

3. Plaintiff and UOP entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services to Mr. Saroya. The terms of the contractual agreement were set forth in publications from UOP, including UOP's Spring Semester 2020 Course Catalog ("Course Catalog").

4. When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Course Catalog to make specific course selections prior to registering and paying for selected courses.

---

[1] https://www.pacific.edu/academics/majors-and-programs.html

5. The Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which courses would be held.

6. Other publications from UOP reference the in-person nature of the Spring Semester 2020 course offerings, including course specific syllabi and the University Policies, including the Class Attendance Policy, which requires students to attend class regularly.[2]

7. UOP's Spring 2020 semester commenced on or about January 13, 2020, and concluded on or about April 28, 2020. Plaintiff and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services for the entirety of the Spring Semester 2020.

8. On March 11, 2020, Defendant, via UOP Interim President Maria Pallavicini, announced that, because of the global COVID-19 pandemic, spring break (which began on March 9, 2020) would be extended through March 20, 2020, and that beginning March 23, 2020, all classes would be held remotely.[3]

9. Thus, UOP did not hold any in-person classes from March 6, 2020 through the end of Spring Semester 2020. Classes that did continue were only offered in an online format, with no in-person instruction.

10. As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Mr. Saroya and the putative class contracted and paid for. The online learning options offered to UOP students were subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students were deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and

---

[2] https://catalog.pacific.edu/stocktongeneral/generalinformation/academicregulations/#Class_Attendance (last visited Sept. 23, 2020).
[3] http://echo4.bluehornet.com/hostedemail/email.htm?CID=41715475715&ch=803490F195963390E66C43C406BFED22&h=59aa8ad1d44e474a479ed332f4454dd8&ei=7Nr0mvlcN&st=11-MAR-20.

critique. The remote learning options were in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

11. UOP did not provide in-person education, experiences, or related services for a substantial portion of the Spring Semester 2020.

12. Nonetheless, UOP has not refunded any tuition or fees for the Spring 2020 semester.

13. Plaintiff and the putative class did not enter into an agreement with UOP for online education, but rather sought to receive in-person education from UOP. Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

14. Plaintiff seeks, for himself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of himself and the Class as defined below.

## THE PARTIES

15. Plaintiff Viney Saroya is a citizen of California who resides in San Jose, California. Mr. Saroya is an undergraduate student at UOP's San Francisco campus pursuing a Bachelor's Degree in business and economics. He paid approximately $15,000 in tuition and fees to Defendant for the Spring 2020 Semester. Mr. Saroya has not been provided a refund of any tuition or fee monies paid, despite the fact that in-person classes have not been held since March 6, 2020.

16. Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees, Plaintiff consulted the Course Catalog and enrolled in courses for the Spring 2020 semester. In consulting the Course Catalog, Plaintiff understood and believed that every course in which Mr. Saroya enrolled was to be taught in-person. Plaintiff's understanding and belief was based on the Course Catalog specifying an on-campus location where the course would be taught. Thus, the in-person nature of the courses was part of the benefit of the bargain, and Plaintiff would not have

paid as much, if any, tuition and fees for the Spring 2020 semester at UOP had he known that the courses would not, in fact, be taught in-person.

17. Defendant University of the Pacific is a private university with its principal place of business at 3601 Pacific Avenue, Stockton, California 95211.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

19. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District.

20. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because Defendant's principal place of business is located in this District, Plaintiff resides in this District, and a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Specifically, the contract that is the subject of this action was formed in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

21. Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at UOP.

22. Spring Semester 2020 classes at UOP began on or about January 13, 2020. Classes and final exams for the semester are scheduled to end on or around May 6, 2020.[4]

23. Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020, as well as associated fees and costs.

24. The approximate cost of tuition and fees at UOP for the Spring Semester 2020 is $24,794 for full-time undergraduate students, and $24,687 for full-time graduate students.

---

[4] https://www.pacific.edu/documents/registrar/acrobat/2019-2020%20Academic%20Calendar.pdf

25. The tuition and fees described above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

***In Response To COVID-19, UOP Closed Campuses And Cancelled All In-Person Classes***

26. On March 11, 2020, UOP Interim President Maria Pallavicini announced that, because of the global COVID-19 pandemic, spring break (which began on March 9, 2020) would be extended through March 20, 2020, and that effective March 23, 2020, all in-person classes would be suspended for the remainder of the Spring 2020 Semester.

27. From March 23, 2020 to the end of the Spring Semester 2020, UOP did not hold any in-person classes. Classes that continued were only been offered in an online format, with no in-person instruction. Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as communications, music, theatre, and the sciences) have only had access to minimum online education options.

28. As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Plaintiff and members of the Class contracted and paid for. Plaintiff and the Class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

29. Plaintiff and the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

30. Defendant markets the UOP on-campus experience as a benefit of enrollment on UOP's website:



31. The online learning options being offered to UOP students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. This is particularly true for students like Mr. Saroya, a business and economics major, because he is unable receive in-person instruction, feedback, or critique. Moreover, office hours for professors are essentially non-existent given that professors are unable to see their students to provide in-person assistance. Email is simply no substitute for instances where additional teaching is required.

32. Even though UOP stated in a Letter from the Provost that "our new plans for the fall semester, with nearly all of our teaching and learning conducted remotely, will provide our students the same superb Pacific education[,]"[5] the remote learning options are in no way the

---

[5] http://echo4.bluehornet.com/hostedemail/email.htm?CID=42654334840&ch=4D7A95D9CC7AF1

equivalent of the in-person education putative class members contracted and paid for. The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at UOP are higher than tuition and fees for other online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and study room;
- Student governance and student unions;
- Extra-curricular activities, groups, intramural sports, etc.;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands on learning and experimentation;
- Networking and mentorship opportunities.

33. This is further evidenced by the fact that UOP is waiving all course fees for the upcoming fall semester as well as various campus recreation fees.[6]

34. Through this lawsuit Plaintiff seeks, individually and on behalf of the Class, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiff seeks return of these amounts on behalf of himself and the Class as defined below.

## CLASS ALLEGATIONS

35. Plaintiff seeks to represent a class defined as all people who paid UOP Spring Semester 2020 tuition and/or fees for in-person educational services that UOP failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the

---

F2DAFAA3B54A401CDD&h=deb1ed4d1c85e0acb77040c18d68b6d9&ei=TORM1SlN1&st=17-JUL-20 (last visited September 23, 2020).
[6] *Id.*

Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

36. Plaintiff also seeks to represent a subclass consisting of Class members who reside in California (the "Subclass").

37. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

38. **Numerosity.** The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Subclass. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

39. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

(b) whether Defendant has provided the services for which Class and Subclass members contracted; and

     (c)     whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

     (d)     whether Defendant has unlawfully converted money from Plaintiff, the Class and Subclass; and

     (e)     whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust enrichment.

40. **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendant that are unique to Plaintiff.

41. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

42. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED    9
CASE NO. 5:20-cv-03196-EJD

supervision by a single court, and presents no unusual management difficulties under the circumstances.

43. In the alternative, the Class and Subclass may also be certified because:

(a) the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
**Breach Of Contract**
**(On Behalf Of The Class And Subclass)**

44. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

46. Plaintiff and Defendant entered into a contractual relationship where Plaintiff would provide payment in the form of tuition and fees, and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the parties' contractual relationship are set forth in publications from Defendant, including the Spring Semester 2020 Course Catalog.

47. When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Course Catalog to make specific course selections prior to registering and paying tuition and fees for those selected courses. Defendant's Course Catalog constitutes an offer to enter a contractual agreement.

48. The Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which the courses would be held.

49. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiff and Class members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition. Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through April 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

50. Defendant materially breached the parties' contractual agreement by failing to provide in-person education services for the entirety of the Spring Semester 2020. The provisions of the contract breached by Defendant include, but are not limited to, the provision setting forth the details of in-person educational services as described in the Spring Semester 2020 Course Catalog. The Spring Semester 2020 Course Catalog indicated classes would be administered in an in-person, on-campus setting. The Course Catalog did not make any reference to the administration of these courses in an online format.

51. Defendant has failed to provide the contracted for services and has otherwise not performed under the contract by failing to provide in-person education services from March 6, 2020 through the end of Spring Semester 2020 as set forth above. Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

52. Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

53. As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver. Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UO[ shut down on March 6, 2020.

54. Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

55. Therefore, Defendant should return a pro-rata share of the tuition and fees paid by Plaintiffs and Class Members that relate to those in-person educational services that were not provided after Defendant shut down on or around March 6, 2020. In-person educational services were not provided for a substantial portion of the Spring Semester 2020.

### COUNT II
### Unjust Enrichment
### (On Behalf Of The Class And Subclass In the Alternative)

56. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

57. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

58. Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises. Tuition for Spring Semester 2020 was intended to cover in-person

educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

59. Defendant voluntarily accepted and retained this benefit by accepting payment.

60. Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UOP shut down on March 6, 2020.

61. It would be unjust and inequitable for Defendant to retain the benefit conferred by Plaintiff and Class Members' overpayments.

62. Defendant should be required to disgorge all profits resulting from such overpayments and establish a constructive trust from which Plaintiff and Class Member may seek restitution.

**COUNT III**
**Conversion**
**(On Behalf Of The Class And Subclass)**

63. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

64. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

65. Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

66. Defendant intentionally interfered with the rights of Plaintiff, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

67. Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UOP shut down on March 6, 2020.

68. Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Subclass members of the benefits for which the tuition and fees paid.

69. This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

70. Plaintiff, Class and Subclass members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UOP shut down on March 6, 2020.

**COUNT IV**
**Money Had and Received**
**(On Behalf Of The Class And Subclass)**

71. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

72. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

73. Plaintiff and members of the Class paid monetary funds to Defendant for tuition and fees for the Spring Semester 2020.

74. Defendant has retained the monies paid by Plaintiff and members of the Class for the Spring Semester 2020 while not providing in-person educational services, activities, opportunities, resources, and facilities for which those monies were paid.

75. Defendant is in possession of and holds money that belongs to Plaintiff and the members of the Class in equity and good conscience.

76.     Defendant has been unjustly enriched by its retention of the funds Plaintiff and the members of the Class paid Defendant for tuition and fees, and it is unconscionable for Defendant to retain funds to which it is not entitled.

77.     Defendant's unlawful retention of Plaintiff's and Class Members' funds has damaged Plaintiff and the members of the Class.

78.     Defendant owes Plaintiff and members of the Class for money had and received, including, but not limited to, the amount of Plaintiff's and Class Members' pro-rated tuition and fees for the Spring Semester 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on behalf of himself and members of the Class and Subclass as follows:

(a) For an order certifying the nationwide Class and California Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Class and Subclass; and naming Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

(b) For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For injunctive relief as pleaded or as the Court may deem proper; and

(g) For an order awarding Plaintiff and the Class and Subclass her reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

| | |
|---|---|
| Dated: September 23, 2020 | Respectfully submitted,<br><br>**BURSOR & FISHER, P.A.**<br><br>By:   */s/ L. Timothy Fisher*<br>           L. Timothy Fisher<br><br>L. Timothy Fisher (State Bar No. 191626)<br>1990 North California Blvd. Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>Facsimile:  (925) 407-2700<br>E-Mail:   ltfisher@bursor.com<br><br>**BURSOR & FISHER, P.A.**<br>Sarah N. Westcot (State Bar No. 264916)<br>701 Brickell Ave, Suite 1420,<br>Miami, FL 33131<br>Telephone: (305) 330-5512<br>Facsimile:  (305) 676-9006<br>E-Mail:   swestcot@bursor.com<br><br>*Attorneys for Plaintiff* |