1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                           SAN JOSE DIVISION

7

8    VINEY SAROYA,                        Case No.  5:20-cv-03196-EJD

              Plaintiff,
9                                         ORDER GRANTING IN PART AND
                                          DENYING IN PART MOTION TO
10        v.                              DISMISS; GRANTING MOTION TO
                                          STRIKE
     UNIVERSITY OF THE PACIFIC,
11                                        Re: Dkt. No. 31, 33
              Defendant.
12

13        The COVID-19/Coronavirus pandemic has affected several sectors of our society.  In

14   particular, the COVID-19 pandemic has reverberated throughout the higher education system.

15   Beginning in March, higher education institutions across the country made the unprecedented

16   decision to close their campuses, hitting pause on the "full collegiate experience."  At the same

17   time, universities began transitioning their classes to online and other remote learning formats for

18   their students to avoid a lost quarter or semester.  Plaintiff Viney Saroya filed this putative class

19   action against Defendant, University of the Pacific ("UOP"), alleging UOP breached a contract

20   with its students (Claim I) or, alternatively, unjustly enriched itself at its student's expense (Claim

21   II) when it retained the full amount of tuition and fees it collected for the Spring 2020 semester

22   despite ceasing in-person instruction and closing its campus facilities and resources with just six

23   weeks left of the semester.  The class action also raises a claim of conversion (Claim III) and a

24   claim of money had and received (Claim IV).  Currently at issue is UOP's Motion to Dismiss all

25   claims pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. No. 31, ("Mot. to Dismiss").  UOP has also

26   moved to strike specific allegations from the First Amended Compliant ("FAC").  Dkt. No. 33,

27

28

United States District Court
Northern District of California

1   ("Mot. to Strike").  Having considered the parties' arguments and submissions, and for the reasons

2   set forth below, the Court GRANTS in part and DENIES in part the Motion to Dismiss and

3   GRANTS in part and DENIES in part the Motion to Strike.

4   **I.   BACKGROUND**

5        Plaintiff brings this class action on behalf of all people who paid tuition and fees for the

6   Spring 2020 semester at UOP, and who lost the benefit of the education and services that they paid

7   for as a result of UOP's response to COVID-19.  FAC ¶ 1.  UOP is a private university, with a

8   total enrollment of over 6,000 students across eleven schools and colleges with campuses located

9   in Sacramento, San Francisco, and Stockton, California.  *Id*. ¶ 2.  The university offers over 40

10  degrees encompassing more than 80 areas of study for undergraduate students, as well as a number

11  of graduate and professional programs.  *Id*.  Plaintiff is an undergraduate student at UOP's San

12  Francisco campus pursuing a bachelor's degree in business and economics.  *Id*. ¶ 15.

13       UOP's Spring 2020 semester commenced on or about January 13, 2020.  *Id*. ¶ 22.  Before

14  paying tuition and fees for the spring semester, Plaintiff consulted UOP's course catalogue where

15  he came to understand and believe that every course he enrolled in would be taught in-person.  *Id*.

16  ¶ 16.  The course catalogue is directed at students and provides information about the courses

17  offered, the instructors, the days and times during which the courses would be held, and the on-

18  campus location where the courses would be taught.  *Id*. ¶¶ 5, 16.  According to Plaintiff, UOP

19  promotes its "on-campus experience" on its website, while other publications such as course

20  specific syllabi and university attendance policies highlight the in-person nature of the courses that

21  were offered for the spring semester.  *Id*. ¶¶ 6, 30.

22       On March 11, 2020, UOP interim President, Maria Pallavicini, announced that because of

23  the COVID-19 pandemic, spring break would be extended through March 20, 2020, and that

24  effective March 23, 2020, all in-person classes would be suspended for the remainder of the

25  Spring 2020 semester.  *Id*. ¶ 26.  UOP did not hold any in-person classes from March 23, 2020,

26  through the end of the spring semester which concluded on or around May 6, 2020.  Classes that

27  Case No.: 5:20-cv-03196-EJD

28  ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
    GRANTING MOTION TO STRIKE

2

United States District Court
Northern District of California

continued after March 23, 2020 were provided in an online format, with no in-person instruction.

Plaintiff alleges that UOP and its students "entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and UOP, in exchange, would provide in-person educational services, experiences, opportunities, and other related services." *Id.* ¶ 3.  Plaintiff, it is argued, was deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  *Id.* ¶ 31.  According to Plaintiff, UOP did not deliver the educational services, access, or opportunities that Plaintiff and other students like him contracted and paid for.  *Id.* ¶ 28.

The approximate cost of tuition and fees at UOP for the Spring 2020 semester was $24,794 for full-time undergraduate students, and $24,687 for full-time graduate students.  *Id.* ¶ 24.  At the beginning of the semester, Plaintiff paid approximately $15,000 in tuition and fees to UOP.  *Id.* ¶ 15.  Through this action, Plaintiff seeks individually and on behalf of the class, UOP's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 semester when classes moved online and UOP halted in-person services.  *Id.* ¶ 34.  UOP moves to dismiss the FAC as legally insufficient.  The matter is now ripe for adjudication.

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009),

United States District Court
Northern District of California

and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).  On a Rule 12(b)(6) motion, Rule 8(a) governs and requires that, to avoid dismissal of a claim, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.  If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted).  "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id*.  "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, No. 12-CV-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

## III. DISCUSSION

### A. Judicial Notice

UOP requests that the Court take judicial notice of two sets of exhibits.  Dkt. No. 32, ("RJN").  UOP first asks the Court to take judicial notice of Exhibits A-H attached to the declaration of Dr. Maria Pallavicini (the "Pallavicini Decl.").  All exhibits are readily available on UOP's public website.  RJN at 5.  Exhibits A-D are UOP's course catalogs for the 2019-2020 academic year, which are referred to throughout Plaintiff's FAC.  Pallavicini Decl. ¶¶ 5-8; *see also*

FAC ¶¶ 3-5, 16, 46-48, 50.  Exhibit E is a copy of the Financial Responsibility Agreement Acknowledgements ("Financial Agreement").  Pallavicini Decl. ¶ 9.  Exhibits F-H are periodic communications UOP sent to students concerning the university, campus, and COVID-19.  *Id*. ¶¶ 11, 13-14.  Next, UOP asks the Court to take judicial notice of Exhibits A-J attached to the declaration of Kristina S. Azlin (the "Azlin Decl."). The exhibits include state and local orders and announcements concerning response to COVID-19.

The Court GRANTS IN PART and DENIES IN PART UOP's RJN.  The Court does not take judicial notice of Exhibits A-J attached to the Azlin Declaration.  The Court does not find these materials necessary to consider for the Court's analysis.  However, the Court takes judicial notice of Exhibits A-H attached to the Pallavicini Declaration.  Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also* Fed. R. Civ. P. 12(d).  This rule does not apply to the incorporation by reference doctrine or judicial notice under Federal Rule of Evidence 201.  *Khoja*, 899 F.3d at 998.

In the Ninth Circuit, incorporation by reference is a doctrine that "treats certain documents as though they are part of the complaint itself."  *Id*. at 1002.  A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n. 10 (9th Cir. 2014) (citation and quotation marks omitted).

Here, Plaintiff does not argue that the Court cannot take judicial notice of Exhibits A-H. Plaintiff's FAC incorporates by reference Exhibits A-H because Plaintiff explicitly and repeatedly refers to excerpts of these exhibits to support his claims.  Moreover, Exhibits A–H are all publicly

United States District Court
Northern District of California

1    available documents and thus are subject to judicial notice.  *See In re Restoration Robotics, Inc.*

2    *Sec. Litig.*, 417 F. Supp. 3d 1242, 1253 (N.D. Cal. 2019).  Accordingly, the Court takes notice of

3    Exhibits A-H.

4         **B.    Motion to Dismiss**

5         UOP moves to dismiss all of Plaintiff's claims on three grounds.  First, UOP argues that

6    Plaintiff's claims should be dismissed because they are fundamentally demands for judicial

7    intervention in academic decisions regarding mode of instruction, which is a claim for

8    "educational malpractice."  Alternatively, UOP contends that even if the allegations are not barred

9    under the educational malpractice doctrine, Plaintiff fails to plead the elements of his state law

10   claims.  Third, UOP argues that Plaintiff's demands for speculative damages warrants dismissal of

11   all claims.  UOP also moves to dismiss Plaintiff's demand for punitive damages.

12        **i.    Educational Malpractice Doctrine**

13        UOP contends that Plaintiff's FAC fails to state a claim because California law precludes

14   monetary damages for what UOP characterizes as a tort claim for educational malpractice.

15   According to UOP, allegations in the FAC which describe remote learning as "subpar" and "in no

16   way the equivalent of the in-person education putative class members contracted and paid for,"

17   demonstrate that this action is ultimately about a perceived decline in the quality of education

18   following UOP's transition to distance learning.  *See* Mot. to Dismiss at 6-9; *see also* FAC ¶¶ 10,

19   31-32.  Plaintiff, however, asserts that his claims arise from UOP's failure to provide specific

20   services to its students and the university's decision to still make students pay full tuition and fees

21   for the Spring 2020 semester.  Thus, Plaintiff argues, his claims are not academic in nature and do

22   not "require an inquiry into the nuances of educational processes or theories."  Opposition to Mot.

23   to Dismiss., Dkt. No. 34 at 4 (quoting *Kashmiri v. Regents of Univ. of California*, 156 Cal. App.

24   4th 809, 826-27 (2007) (citation omitted).  The Court agrees with Plaintiff.

25        The basic legal relationship between a student and a private university is contractual in

26   nature.  *Zumbrun v. Univ. of S. California*, 25 Cal. App. 3d 1, 10 (Ct. App. 1972).  It is quite clear,

27

28   Case No.: 5:20-cv-03196-EJD
     ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
     GRANTING MOTION TO STRIKE

however, that universities are entitled to some leeway in modifying their programs from time to time to exercise their educational responsibility properly. *Mahavongsanan v. Hall*, 529 F.2d 448, 450 (5th Cir. 1976). Courts across the country have uniformly refused, based on public policy considerations, "to enter the classroom to determine claims based upon educational malpractice." *Paladino v. Adelphi Univ.*, 89 A.D. 2d 85, 87 (1982) (citations omitted); *see also Peter W. v. San Francisco Unified Sch. Dist.*, 60 Cal. App. 3d 814, 825 (Ct. App. 1976) (refusing to recognize a cause of action for education malpractice; *Paulsen v. Golden Gate Univ.*, 25 Cal. 3d 803, 808 (1979) ("There is a widely accepted rule of judicial nonintervention into the academic affairs of schools.")

In *Peter W.*, an 18–year–old former public school student, who graduated high school with a fifth grade reading level, sued his school district for failure to provide an adequate education. The California Court of Appeal concluded that the complaint failed to allege a breach of a duty the law would recognize, noting that "classroom methodology affords no readily acceptable standards of care, or cause, or injury ." *Peter W.*, 60 Cal. App. 3d at 824. The court recognized the difficulties of assessing the wrongs and injuries involved, the lack of a workable rule of care against which a school district's conduct may be measured, and the incalculable burden which would be imposed on public school systems. As such, California courts do not intervene in the academic affairs of schools absent "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Banks v. Dominican Coll.*, 35 Cal. App. 4th 1545, 1551 (1995).

While courts may not have a role in adjudicating claims for educational malpractice, the Court does not read Plaintiff's FAC as alleging a failure of the university to provide him with an education of a certain quality. The considerations identified in *Peter W.* do not apply to claims where resolution "does not require judgments about pedagogical methods or the quality of the school's classes, instructors, curriculum, textbooks, or learning aids," nor "require evaluation of individual students' educational progress or achievement, or the reasons for their success or

United States District Court
Northern District of California

1   failure." *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1212 (2006) (permitting

2   California False Claims Act claim that charter school did nothing more than collect students'

3   attendance forms); *Zumbrun*, 25 Cal. App. 3d (permitting breach of contract claim where

4   university gave plaintiff a "B" for the course but did not provide instruction for the last month of

5   class).

6          Here, the FAC alleges Plaintiff "entered into a contractual agreement where [he] would

7   provide payment in the form of tuition and fees and UOP, in exchange, would provide in-person

8   educational services, experiences, opportunities, and other related services." FAC ¶ 3. The rights

9   asserted include access to campus buildings, including the buildings where classes were scheduled

10  to meet, participation in on-campus activities, hands-on training and face-to-face instruction as

11  promised by UOP. *Id*. ¶¶ 4-9; 13; 16; 26-34. Thus, construing the FAC in the light most

12  favorable to Plaintiff, his claim is not that UOP failed to provide students with an adequate

13  education, but that it failed to provide certain services as promised. Notwithstanding Plaintiff's

14  allegations comparing remote learning to in-person learning, "[r]uling on these issues would not

15  require an inquiry into pedagogical methods, the quality of Defendant's instructors and

16  curriculum, or an evaluation of Plaintiff'[s] "progress or achievement, or the reasons for their

17  success or failure." *See Wells*, 39 Cal. 4th at 1212.

18         Therefore, the Court declines to dismiss Plaintiff's claims as barred under the educational

19  malpractice doctrine. The Court will now turn to Plaintiff's four individual claims.

20              ii.    **Breach of Contract**

21         First, Plaintiff asserts a claim for breach of contract relative to the payment of tuition and

22  fees for the Spring 2020 semester. Under California law, the elements of a breach of contract

23  claim are: (1) the existence of a contract, (2) performance or excuse of nonperformance, (3)

24  defendant's breach, and (4) damages. *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821

25  (2011). As discussed above, the basic relationship between a student and a university is

26  contractual in nature. "By the act of matriculation, together with payment of required fees, a

27  Case No.: 5:20-cv-03196-EJD

28  ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
    GRANTING MOTION TO STRIKE

8

United States District Court
Northern District of California

1
2
3
4
5
6
7
8

contract between the student and the institution is created." *See Kashmiri*, 156 Cal. App. 4th at 824.  In the absence of an express agreement between the university and the student, catalogues, bulletins, circulars, and regulations of the institution made available to the matriculant may become implied terms of an implied-in-fact contract depending on the conduct of the parties.  *Id*. at 828-29.  However, "general and vague declarations or promises in university publications" do not "creat[e] contractual obligations."  *Id*. at 832.  When interpreting the enforceable terms of the agreement, courts will look to the reasonable expectation of the student at the time of contracting, "measured by the definiteness, specificity, or explicit nature of the representation at issue."  *Id*.

9
10
11
12
13
14
15
16
17
18
19

Here, UOP asserts that it entered into an express Financial Agreement with students such as Plaintiff, which contains "Plaintiff's specific promise to pay tuition and fees upon registration or receipt of services . . . and in exchange, [UOP] agrees to confer certain benefits, including 'course registration, grades, and diplomas.'  Mot. to dismiss at 10.  The Financial Agreement lacks any promise that the university would guarantee in-person instruction and thus, UOP argues, Plaintiff is unable to allege that UOP has breached an enforceable promise.  However, while the Financial Agreement may lack a promise of in-person instruction, Plaintiff has sufficiently alleged that UOP's publications when considered together established a contractual agreement where students like Plaintiff would provide payment in the form of tuition and fees for the Spring 2020 semester and UOP, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. *See* FAC ¶ 3.

20
21
22
23
24
25
26

Specifically, Plaintiff alleges that in consulting UOP's course catalogue, Plaintiff understood and believed that every course in which he enrolled would be taught in-person.  *Id*. ¶ 16.  The course catalogues include information about the "days and times" and "the location" in which the courses would be held.  *See id.* ¶¶ 5-6, 30.  Plaintiff has also alleged that other UOP materials such as course syllabi and university policies reference the in-person nature of the spring semester and also tout "campus life."  *Id*.  Moreover,  while it is true, that Plaintiff does not identify any express or specific promise that was breached, the FAC does allege that tuition and

United States District Court
Northern District of California

27
28

1   fees paid to UOP cover not just the academic instruction but encompass, face-to-face interaction

2   with professors, mentors, and peers; access to facilities such as libraries, laboratories, computer

3   labs, and study rooms; extra-curricular activities, groups, and intramural sports; hands on learning

4   and experimentation; and networking and mentorship opportunities among other things. *Id*. ¶ 32.

5   The Court finds these allegations, at this stage, are sufficient to state a claim for breach of an

6   implied-in-fact contract.

7          Moreover, it was reasonable for Plaintiff to expect that when he was billed for the Spring

8   2020 semester, he would receive the in-person educational services that were allegedly promised

9   to him.  In *Kashmiri*, the California Court of Appeal affirmed summary judgment for plaintiff

10  students after the university billed students for the spring and summer terms, but then increased

11  the fees after the students had received their bills.  *Kashmiri*, 156 Cal. App. 4th at 841-848.  The

12  court determined that "it was reasonable for the student to expect that once he or she received an

13  actual bill for a specific amount to be paid by a particular date, and that bill did not indicate there

14  could be any further change, the University had established the actual fee as reflected by the bill."

15  *Id*. at 844.  The university's general disclaimer on its website that it retained the right to increase

16  the fees without providing any notice could not overcome the reasonable expectations of the

17  parties at the time the contract was formed.  *Id*. at 842-43.  "[O]nce the student is told that he or

18  she can enroll at a particular price and must pay that particular sum by a certain date, the student

19  should reasonably be able to expect that fee has now become firm."  *Id*. at 848.  Thus, the

20  university breached its contracts with the students attending the two terms when it raised the

21  educational fees for these terms after the students had received bills charging them a set fee to be

22  paid by a particular date.  *Id*.

23         Here, UOP billed Plaintiff for tuition and fees for the Spring 2020 semester.  Plaintiff

24  alleges that prior to beginning classes, he paid full tuition and fees.  Thus, like the students in

25  *Kashmiri*, it was reasonable for Plaintiff to expect that when he was billed for the Spring 2020

26  semester, he would receive all of the services that were allegedly promised to him.  When UOP

United States District Court
Northern District of California

1    changed the nature of the educational services students reasonably expected to receive in exchange

2    for his tuition and fees payment, it arguably breached its contract with Plaintiff.

3          UOP also contends that its tuition refund policy and reservation of right to change or

4    modify services and fees warrant dismissal of Plaintiff's breach of contract claim.  UOP's

5    remaining arguments, including its damages argument, as well as arguments about the qualitative

6    value of the "campus lifestyle and benefits" at a satellite campus and others are more appropriate

7    at the dispositive motion stage.  At this time, the Court expresses no opinion on the merits of the

8    breach of contract claim.  Accordingly, UOP's Motion to Dismiss Plaintiff's breach of contract

9    claim is denied.

10              ### iii.    Unjust Enrichment

11         Plaintiff's next claim is for unjust enrichment.  He asserts that UOP received tuition and

12   fees for the Spring 2020 semester, which were supposed to cover in-person educational services

13   from January through May 2020.  Plaintiff claims, however, that UOP failed to provide the

14   education, experience, and services for which the tuition and fees were collected or return the pro-

15   rated portion of Plaintiff's tuition and fees for educational services not provided after UOP shut

16   down on March 6, 2020.  According to Plaintiff, "[i]t would be unjust and inequitable for [UOP]

17   to retain the benefit conferred by Plaintiff and Class Members' overpayments."  *Id*. ¶¶ 58-62.

18         "[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is

19   synonymous with 'restitution.'"  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir.

20   2015) (citations omitted).  Unjust enrichment and restitution "describe the theory underlying a

21   claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or

22   request.'"  *Id*.  "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of

23   action as a quasi-contract claim seeking restitution.'"  *Id*. (citing *Rutherford Holdings, LLC v.

24   Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)).  However, "an action based on an implied-in-

25   fact or quasi-contract cannot lie where there exists between the parties a valid express contract

26   covering the same subject matter."  *Rutherford Holdings, LLC*, 223 Cal. App. 4th at 231; *see also*

27

28   Case No.: 5:20-cv-03196-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
GRANTING MOTION TO STRIKE
11

United States District Court
Northern District of California

*Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012) ("[a] plaintiff may not . . . pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter.").

Here, Plaintiff expressly alleges the existence of an enforceable agreement. *See* FAC ¶¶ 3-4. A plaintiff may assert inconsistent theories of recovery at the pleading stage, including inconsistent claims alleging both the existence and the absence of an enforceable contract. *See* Fed. R. Civ. P. 8(2)(2), (3); *see also Clear Channel Outdoor, Inc. v. Bently Holdings Cal. LP*, No. C-11-2576 EMC, 2011 WL 6099394, at *9 (N.D. Cal. Dec. 7, 2011) ("even though a plaintiff may not ultimately prevail under both unjust enrichment and breach of contract, it may plead both in the alternative."). However, a plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid. *See Klein*, 202 Cal. App. 4th at 1389 (holding that consumers could not maintain unjust enrichment claim based on retail purchases of gasoline, which they alleged were enforceable contractual relationships, where their unjust enrichment claim did not deny the existence or enforceability of the agreements). Plaintiff's unjust enrichment claim did not deny the existence or enforceability of the alleged enforceable agreement. Accordingly, he is precluded from asserting a quasi-contract claim under the theory of unjust enrichment. *See id.* at 1389-90; *see also World Surveillance Grp. Inc. v. La Jolla Cove Inv'rs, Inc.*, No. 13-CV-03455-WHO, 2014 WL 1411249, at *2 (N.D. Cal. Apr. 11, 2014) (dismissing unjust enrichment claim because plaintiff explicitly pleaded the existence of enforceable agreements between the parties). Plaintiff's unjust enrichment claim is dismissed with leave to amend.

### iv.    Conversion

Plaintiff's third claim is for conversion. "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or

United States District Court
Northern District of California

United States District Court
Northern District of California

1  disposition of property rights; and (3) damages." *Lee v. Hanley* 61 Cal. 4th 1225, 1240 (2015).

2  "Money cannot be the subject of a cause of action for conversion unless there is a specific,

3  identifiable sum involved, such as where an agent accepts a sum of money to be paid to another

4  and fails to make the payment.  A generalized claim for money [is] not actionable as conversion."

5  *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th

6  384, 395 (2007).  Moreover, "actions for the conversion of money have not been permitted where

7  the amount of money involved is not a definite sum."  *Id.*

8         Here, Plaintiff is not seeking to recover all of the tuition and fees he paid to UOP, but

9  rather only an unspecified "prorated portion" of tuition and fees for educational services not

10  provided.  *See* FAC ¶ 34.  An obligation to pay money, like Plaintiff's claim for partial tuition

11  reimbursement, is insufficiently tangible to qualify as property under these facts.  *See PCO, Inc.*,

12  150 Cal. App. 4th at 395 (affirming summary judgment on conversion claim where "plaintiffs

13  could only estimate the amount of cash" allegedly converted; *see also Salerno v. Florida S. Coll.*,

14  No. 8:20-CV-1494-30SPF, 2020 WL 5583522 at *5 (M.D. Fla. Sept. 16, 2020) (dismissed

15  conversion claim with prejudice where "an obligation to pay money, like [plaintiff's] claim for

16  tuition reimbursement, is also insufficiently tangible to qualify as "property" under these facts")

17  (applying Florida law).  Thus, Plaintiff's claim for conversion is dismissed with no leave to

18  amend.

19              **v.    Money Had and Received**

20         Plaintiff's final claim is one for money had and received.  "[A] plaintiff may not maintain

21  quasi-contract claims such as . . . money had and received . . . 'if the parties have an enforceable

22  agreement regarding a particular subject matter.'"  *Allen v. Hylands, Inc.*, No. CV 12-01150 DMG

23  (MANx), 2012 1656750 at *5 (C.D. Cal. May 2, 2012) (quoting *Klein*, 202 Cal. App. at 1388;

24  *Langley Partners, L.P. v. Tripath Tech., Inc.*, No. C-05-4194 SC, 2006 WL 563053, at *7 (N.D.

25  Cal. Mar. 7, 2006) (finding that plaintiff could not bring a "legally feasible" claim for unjust

26  enrichment or money had and received because the parties had a valid and enforceable contract).

27

United States District Court
Northern District of California

1    To prevail on a claim for money had and received, a plaintiff must show "unjust enrichment of the

2    wrongdoer, and in order for plaintiff to recover in such action [ ] he must show that a definite sum,

3    to which [ ] he is justly entitled, has been received by defendant."  *Walter v. Hughes Comm., Inc.*,

4    682 F. Supp. 2d 1031, 1047 (N.D. Cal. 2010) (applying California law) (internal citations and

5    quotations omitted).

6           Plaintiff bases his claim for money had and received on UOP's retention of students'

7    Spring 2020 semester tuition and fees, despite not providing in-person educational services,

8    activities, opportunities, resources, and facilities for which those monies were paid.  FAC ¶ 74.

9    The Court finds Plaintiff fails to state a claim.  As discussed above, Plaintiff alleges the existence

10   of an enforceable agreement.  *See* FAC ¶¶ 3-4.  He cannot succeed on a quasi-contract claim if the

11   parties have an enforceable agreement regarding a particular subject matter.  "A plaintiff may not .

12   . . pursue or recover on a quasi-contract claim if the parties have an enforceable agreement

13   regarding a particular subject matter."  *See Klein*, 202 Cal. App. 4th at 1389; *see also Tsai v.*

14   *Wang*, No. 17-cv-00614-DMR, 2017 WL 2587929, at *7-8 (N.D. Cal. June 14, 2017) (plaintiff

15   may plead alternative claims, but "may not plead the existence of an enforceable contract and

16   simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting

17   that the contract may be unenforceable or invalid." (citing *Klein*)).  As in *Klein*, Plaintiff pleads

18   the existence of a contract, but fails to deny its existence or enforceability in the FAC, or plead

19   facts suggesting the contract is unenforceable or invalid.  As such, he fails to state a money had

20   and received claim.

21          Furthermore, Plaintiff fails to sufficiently allege a sum certain.  Although Plaintiff argues

22   allegations that he paid "approximately $15,000 in tuition and fees" and that UOP "delivered

23   approximately 50%" establish a sum certain, Plaintiff fails to demonstrate that his request for a

24   pro-rated reimbursement and mere estimates substantiate his money had and received claim.

25   Without more from Plaintiff, an attempt to amend his money had and received common claim is

26   unwarranted.  Plaintiff's claim for money had and received is dismissed with no leave to amend.

27

28   ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
     GRANTING MOTION TO STRIKE

### vi.    Demand for Punitive Damages

Lastly, UOP claims that none of Plaintiff's claims entitle him to an award of punitive damages.  However, a complaint is not subject to a motion to dismiss for failure to state a claim under Rule 12(b)(6) because the prayer seeks relief that is not recoverable as a matter of law.  *See, e.g.*, *Monaco v. Liberty Life Assur. Co.*, No. C06-07021 MJJ, 2007 WL 420139, at *6 (N.D. Cal. Feb. 6, 2007); *Oppenheimer v. Southwest Airlines Co.*, No. 13-CV-260-IEG (BGS), 2013 WL 3149483 at *4 (S.D. Cal. June 13, 2013) ("Because punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been stated, requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)."); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigs.*, 517 F.Supp.2d 662, 666 (S.D.N.Y. 2007) ("Punitive damages are not a claim and thus [motion to dismiss] is an ill-sited procedural vehicle.") Accordingly, here, UOP's Motion to Dismiss Plaintiff's request for punitive damages is denied.

### C.    Motion to Strike

UOP also seeks to strike the following two paragraphs in Plaintiff's FAC[1]:

> 32.    Even though UOP stated in a Letter from the Provost that "our new plans for the fall semester, with nearly all of our teaching and learning conducted remotely, will provide our students the same superb Pacific education[,]"5 the remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at UOP are higher than tuition and fees for other online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:
>> • Face to face interaction with professors, mentors, and peers;
>>
>> • Access to facilities such as libraries, laboratories, computer labs, and study room;
>>
>> • Student governance and student unions;
>>
>> • Extra-curricular activities, groups, intramural sports,

---

[1] UOP also moves to strike the accompanying footnotes

Case No.: 5:20-cv-03196-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING MOTION TO STRIKE

United States District Court
Northern District of California

1

etc.;

• Student art, cultures, and other activities;

2

• Social development and independence;

3

• Hands on learning and experimentation;

4

• Networking and mentorship opportunities.

5

6

    33.    This is further evidenced by the fact that UOP is waiving all
    course fees for the upcoming fall semester as well as various campus
    recreation fees.

7

8

FAC ¶¶ 32-33.  UOP contends that any mention of the university's plans for the fall 2020

9

semester is impertinent and irrelevant as Plaintiff's claims for a pro rata fee reimbursement

10

concern only UOP's response to COVID-19 during the spring 2020 term.  UOP also argues that its

11

changes in policy for the fall 2020 semester is evidence of subsequent remedial conduct which is

12

inadmissible pursuant to Federal Rule of Evidence 407.  Thus, UOP's position is that unless

13

stricken, these allegations pose a serious risk of jury confusion and prejudice against the

14

university.

15

    Plaintiff opposes the Motion to Strike, arguing that both allegations are material to the

16

case.  The Court disagrees as to a portion of Paragraph 32.  Plaintiff argues that the provost's letter

17

about the university's plans for the fall 2020 semester sets forth UOP's stance on the quality of

18

online learning.  However, this has no connection to Plaintiff's claims, which relate exclusively to

19

the Spring 2020 semester and how UOP's response to COVID-19 allegedly breached a contract it

20

had with its students to provide in-person educational services during that semester.  The

21

allegation is immaterial and impertinent to Plaintiff's FAC and should be stricken from any

22

amended pleading.  The Court accordingly grants UOP's Motion to Strike language from

23

Paragraph 32 that discusses the university's plans for the fall 2020 semester and its stance on the

24

quality of online learning.[2]

25

    Plaintiff next argues that the allegation in Paragraph 33, which discusses UOP's intention

26

27

[2] Additionally, the entirety of footnote 5 related to Paragraph 32 is stricken.
Case No.: 5:20-cv-03196-EJD

28

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
GRANTING MOTION TO STRIKE

United States District Court
Northern District of California

of waiving all course fees for the Fall 2020 semester as well as various campus recreation fees, relates to the feasibility of providing tuition and fee refunds to account for the provision of services that are of a different value.  The Court does not agree.  Plaintiff's claims relate exclusively to pro-rated refunds, whereas the decision to waive fees for a semester does not implicate issues with pro-rating an unidentified amount or refunding money as no money was paid.  Thus, the allegation is immaterial and impertinent.  Moreover, UOP's intentions and acts for a period of time that follows the relevant Spring 2020 semester raises an issue that will serve to cause prejudice to UOP.  *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) ("The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted inferences' at trial is the type of prejudice that is sufficient to support the granting of a motion to strike.") (citation omitted).  Accordingly, the Court grants UOP's Motion to Strike Paragraph 33.

## IV.    CONCLUSION

For the forgoing reasons, the Court GRANTS in part and DENIES in part UOP's Motion to Dismiss. Claim 2 is DISMISSED with leave to amend.  Claim 3 and 4 are DISMISSED without leave to amend.  UOP's Motion to Strike is GRANTED.  Plaintiff shall file any amended complaint within 21 days of the date this Order is filed.

**IT IS SO ORDERED.**

Dated: November 27, 2020

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California