**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd. Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         breed@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: swestcot@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINEY SAROYA, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 5:20-cv-03196-EJD |
| v. | **SECOND AMENDED CLASS ACTION COMPLAINT** |
| UNIVERSITY OF THE PACIFIC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Viney Saroya ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant University of the Pacific ("UOP" or "Defendant").  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at UOP, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or which their fees were paid, without having their tuition and fees refunded to them.

2.      UOP is a private university, with a total enrollment of over 6,000 students across eleven schools and colleges with campuses located in Sacramento, San Francisco, and Stockton, California.  UOP offers over 40 degrees encompassing more than 80 areas of study for undergraduate students, as well as a number of graduate and professional programs including dentistry and law.[1]

3.      Plaintiff and UOP entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services to Mr. Saroya. The terms of the contractual agreement were set forth in publications from UOP, including UOP's Spring Semester 2020 Course Catalog ("Course Catalog").

4.      When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Course Catalog to make specific course selections prior to registering and paying for selected courses.

---

[1] https://www.pacific.edu/academics/majors-and-programs.html.

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:20-CV-03196-EJD                                                                              1

5.      The Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which courses would be held.

6.      Other publications from UOP reference the in-person nature of the Spring Semester 2020 course offerings, including course specific syllabi and the University Policies, including the Class Attendance Policy, which requires students to attend class regularly.[2]

7.      UOP's Spring 2020 semester commenced on or about January 13, 2020, and concluded on or about April 28, 2020.  Plaintiff and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services for the entirety of the Spring Semester 2020.

8.      On March 11, 2020, Defendant, via UOP Interim President Maria Pallavicini, announced that, because of the global COVID-19 pandemic, spring break (which began on March 9, 2020) would be extended through March 20, 2020, and that beginning March 23, 2020, all classes would be held remotely.[3]

9.      Thus, UOP did not hold any in-person classes from March 6, 2020 through the end of Spring Semester 2020.  Classes that did continue  were only offered in an online format, with no in-person instruction.

10.      As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Mr. Saroya and the putative class contracted and paid for.  The online learning options offered to UOP students were subpar in practically every aspect, from the lack of facilities, materials, and access to faculty.  Students were deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and

---

[2] https://catalog.pacific.edu/stocktongeneral/generalinformation/academicregulations/#Class_Attend ance (last visited Sept. 23, 2020).

[3] http://echo4.bluehornet.com/hostedemail/email.htm?CID=41715475715&ch=803490F195963390E 66C43C406BFED22&h=59aa8ad1d44e474a479ed332f4454dd8&ei=7Nr0mvlcN&st=11-MAR-20.

critique.  The remote learning options were in no way the equivalent of the in-person education that Plaintiff and the putative Class Members contracted and paid for.

11.    UOP did not provide in-person education, experiences, or related services for a substantial portion of the Spring Semester 2020.

12.    Nonetheless, UOP has not refunded any tuition or fees for the Spring 2020 semester.

13.    Plaintiff and the putative class did not enter into an agreement with UOP for online education, but rather sought to receive in-person education from UOP.  Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

14.    Plaintiff seeks, for himself and Class Members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of himself and the Class as defined below.

## **THE PARTIES**

15.    Plaintiff Viney Saroya is a citizen of California who resides in San Jose, California. Mr. Saroya is an undergraduate student at UOP's San Francisco campus pursuing a Bachelor's Degree in business and economics.  He paid approximately $15,000 in tuition and fees to Defendant for the Spring 2020 Semester.  Mr. Saroya has not been provided a refund of any tuition or fee monies paid, despite the fact that in-person classes have not been held since March 6, 2020.

16.    Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees, Plaintiff consulted the Course Catalog and enrolled in courses for the Spring 2020 semester.  In consulting the Course Catalog, Plaintiff understood and believed that every course in which Mr. Saroya enrolled was to be taught in-person.  Plaintiff's understanding and belief was based on the Course Catalog specifying an on-campus location where the course would be taught.  Thus, the in-person nature of the courses was part of the benefit of the bargain, and Plaintiff would not have

paid as much, if any, tuition and fees for the Spring 2020 semester at UOP had he known that the courses would not, in fact, be taught in-person.

17.     Defendant University of the Pacific is a private university with its principal place of business at 3601 Pacific Avenue, Stockton, California 95211.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

19.     This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District.

20.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because Defendant's principal place of business is located in this District, Plaintiff resides in this District, and a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Specifically, the contract that is the subject of this action was formed in this District.

## FACTUAL ALLEGATIONS

***Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020***

21.     Plaintiff and Class Members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at UOP.

22.     Spring Semester 2020 classes at UOP began on or about January 13, 2020.  Classes and final exams for the semester are scheduled to end on or around May 6, 2020.[4]

23.     Plaintiff and Class Members paid the cost of tuition for the Spring Semester 2020, as well as associated fees and costs.

24.     The approximate cost of tuition and fees at UOP for the Spring Semester 2020 is $24,794 for full-time undergraduate students, and $24,687 for full-time graduate students.

---

[4] https://www.pacific.edu/documents/registrar/acrobat/2019-2020%20Academic%20Calendar.pdf

25.     The tuition and fees described above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response To COVID-19, UOP Closed Campuses And Cancelled All In-Person Classes*

26.     On March 11, 2020, UOP Interim President Maria Pallavicini announced that, because of the global COVID-19 pandemic, spring break (which began on March 9, 2020) would be extended through March 20, 2020, and that effective March 23, 2020, all in-person classes would be suspended for the remainder of the Spring 2020 Semester.

27.     From March 23, 2020 to the end of the Spring Semester 2020, UOP did not hold any in-person classes.  Classes that continued were only been offered in an online format, with no in-person instruction.  Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as communications, music, theatre, and the sciences) have only had access to minimum online education options.

28.     As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Plaintiff and members of the Class contracted and paid for.  Plaintiff and the Class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

29.     Plaintiff and the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

30.     Defendant markets the UOP on-campus experience as a benefit of enrollment on UOP's website:



CAMPUS LIFE

Campus life at Pacific complements and enriches your social, academic, and professional life. We pride ourselves in providing students with the opportunity to attend concerts featuring chart-topping artists such as Ella Mai, H.E.R., and so much more! Along with performances, is the opportunity to engage in 14 intramural sports clubs featuring a 32' tall rock-climbing tower, 143 student clubs and organizations, and community outreach opportunities. At Pacific, the possibilities are endless!

31.     The online learning options being offered to UOP students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  This is particularly true for students like Mr. Saroya, a business and economics major, because he is unable receive in-person instruction, feedback, or critique.  Moreover, office hours for professors are essentially non-existent given that professors are unable to see their students to provide in-person assistance.  Email is simply no substitute for instances where additional teaching is required.

32.     The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for.  The remote education being provided is not even remotely worth the amount charged Class Members for Spring Semester 2020 tuition.  The tuition and fees for in-person instruction at UOP are higher than tuition and fees for other online

institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and study room;
- Student governance and student unions;
- Extra-curricular activities, groups, intramural sports, etc.;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands on learning and experimentation; and
- Networking and mentorship opportunities.

33.     Through this lawsuit Plaintiff seeks, individually and on behalf of the Class, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks return of these amounts on behalf of himself and the Class as defined below.

## CLASS ALLEGATIONS

34.     Plaintiff seeks to represent a class defined as all people who paid UOP Spring Semester 2020 tuition and/or fees for in-person educational services that UOP failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

35.     Plaintiff also seeks to represent a subclass consisting of Class Members who reside in California (the "Subclass").

36.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

37.     **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Subclass.  Although the precise number of Class Members is unknown to Plaintiff, the true number of Class Members is known by Defendant and may be determined through discovery.  Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

38.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class Members.  These common legal and factual questions include, but are not limited to, the following:

    (a)     whether Defendant accepted money from Class and Subclass Members in exchange for the promise to provide services;

    (b)     whether Defendant has provided the services for which Class and Subclass Members contracted;

    (c)     whether Class and Subclass Members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide; and

    (d)     whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust enrichment or restitution.

39.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass Members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

40.    **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

41.    **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class and Subclass Members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class or Subclass Members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

42.    In the alternative, the Class and Subclass may also be certified because:

    (a)    the prosecution of separate actions by individual Class and Subclass Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for the Defendant;

    (b)    the prosecution of separate actions by individual Class and Subclass Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede

1    their ability to protect their interests; and/or

2    (c)    Defendant has acted or refused to act on grounds generally applicable to the

3    Class as a whole, thereby making appropriate final declaratory and/or

4    injunctive relief with respect to the members of the Class as a whole.

### COUNT I
**Breach Of Contract**
**(On Behalf Of The Class And Subclass)**

7    43.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

8  paragraphs of this complaint.

9    44.    Plaintiff brings this claim individually and on behalf of the members of the

10  proposed Class and Subclass against Defendant.

11    45.    Plaintiff and Defendant entered into a contractual relationship where Plaintiff would

12  provide payment in the form of tuition and fees, and Defendant, in exchange, would provide in-

13  person educational services, experiences, opportunities, and other related services.  The terms of

14  the parties' contractual relationship are set forth in publications from Defendant, including the

15  Spring Semester 2020 Course Catalog.

16    46.    When Plaintiff and Class Members sought to enter into a contractual agreement with

17  Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and

18  Class Members viewed the Course Catalog to make specific course selections prior to registering

19  and paying tuition and fees for those selected courses.  Defendant's Course Catalog constitutes an

20  offer to enter a contractual agreement.

21    47.    The Course Catalog provided Plaintiff and Class Members with information

22  regarding the courses offered, the instructor, the days and times during which the courses would be

23  held, and the location (including the building and room number) in which the courses would be

24  held.

25    48.    As part of the contract, and in exchange for the aforementioned consideration,

26  Defendant promised to provide certain services, all as set forth above.  Plaintiff and Class Members

27  fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.

28

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:20-CV-03196-EJD                                                                          10

Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through April 2020.  In exchange for tuition monies paid, Class Members were entitled to in-person educational services through the end of the Spring Semester.

49.     Defendant materially breached the parties' contractual agreement by failing to provide in-person education services for the entirety of the Spring Semester 2020.  The provisions of the contract breached by Defendant include, but are not limited to, the provision setting forth the details of in-person educational services as described in the Spring Semester 2020 Course Catalog.  The Spring Semester 2020 Course Catalog indicated classes would be administered in an in-person, on-campus setting.  The Course Catalog did not make any reference to the administration of these courses in an online format.

50.     Defendant has failed to provide the contracted for services and has otherwise not performed under the contract by failing to provide in-person education services from March 6, 2020 through the end of Spring Semester 2020  as set forth above.  Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

51.     Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

52.     As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UOP shut down on March 6, 2020.

53.     Defendant's performance under the contract is not excused due to COVID-19.  Indeed, Defendant should have refunded the pro-rated portion of any education services not

provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

54.     Therefore, Defendant should return a pro-rata share of the tuition and fees paid by Plaintiff and Class Members that relate to those in-person educational services that were not provided after Defendant shut down on or around March 6, 2020.  In-person educational services were not provided for a substantial portion of the Spring Semester 2020.

**COUNT II**
**Unjust Enrichment / Restitution**
**(On Behalf Of The Class And Subclass In the Alternative)**

55.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-2 and 5-42 of this complaint.

56.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

57.     This claim is pled in the alternative to the contract-based claim set forth in Count I above, and to the extent it is determined that no contractual obligation existed between the parties for Defendant's provision of an in-person education and on-campus services during Spring Semester 20202, or that any such contractual obligation in existence is unenforceable or invalid.

58.     Plaintiff and members of the Class and Subclass conferred a benefit on Defendant when they paid for Spring Semester 2020 tuition and other fees in exchange for certain services and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

59.     Defendant realized this benefit when it voluntarily accepted and retained such payment.

60.     However, Plaintiff and Class Members did not receive the full benefit of their bargain.

61.     Plaintiff and Class Members conferred this benefit on Defendant with the expectation of receiving one product, *i.e.*, live in-person instruction in a physical classroom along

with the on-campus experience of campus life as described more fully above, but they were provided with a materially different product carrying a different fair market value, *i.e.*, online instruction devoid of the on-campus experience, access, and services.

62.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.

63.     Equity and good conscience require that Defendant return to Plaintiff and Class Members a portion of the monies they paid in tuition.

64.     This is particularly true where, as here, Defendant is supported by a more than $463 million[5] endowment, while many of its students, on information and belief, do not have access to such immense financial resources, and further where, on information and belief, a substantial portion of its students have incurred substantial debt to finance an educational experience that they did not receive.

65.     In addition, as a result of closing campus and moving classes online, Defendant saved significant sums of money in the way of reduced utility costs, reduced maintenance and staffing requirements, reduced or eliminated hours for hourly employees, reduced or eliminated hours for paid work study students, and otherwise.

66.     Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for educational services not provided since UOP shut down on March 6, 2020.

67.     It would be unjust and inequitable under these circumstances for Defendant to retain the benefit conferred by Plaintiff and Class Members' overpayments.

---

[5] This figure represents the fair market value of UOP's endowment as of June 30, 2019. *See U.S. and Canadian 2019 NTSE Participating Institutions Listed by Fiscal Year 2019 Endowment Market Value, and Percentage Change in Market Value from FY18 to FY19*, National Association of College and University Business Officers and TIAA (2020), available at https://www.nacubo.org/-/media/Nacubo/Documents/EndowmentFiles/2019-Endowment-Market-Values--Final-Feb-10.ashx?.

1    68.    Defendant should be required to disgorge all profits resulting from such

2    overpayments and establish a constructive trust from which Plaintiff and Class Members may seek

3    restitution.

4    **PRAYER FOR RELIEF**

5    WHEREFORE, Plaintiff demands judgment on behalf of himself and members of the Class

6    and Subclass as follows:

7         (a)    For an order certifying the nationwide Class and California Subclass under
8              Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as
     representative of the Class and Subclass; and naming Plaintiff's attorneys as
9              Class Counsel to represent the Class and Subclass Members;

10        (b)    For an order finding in favor of Plaintiff and the Class and Subclass on all
11             counts asserted herein;

12        (c)    For compensatory and punitive damages in amounts to be determined by the
13             Court and/or jury;

14        (d)    For prejudgment interest on all amounts awarded;

15        (e)    For an order of restitution and all other forms of equitable monetary relief;

16        (f)    For injunctive relief as pleaded or as the Court may deem proper; and

17        (g)    For an order awarding Plaintiff and the Class and Subclass her reasonable
18             attorneys' fees and expenses and costs of suit.

19   **JURY TRIAL DEMANDED**

20   Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

21   and all issues in this action so triable as of right.

Dated: December 18, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _/s/ L. Timothy Fisher_
        L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd. Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com
              breed@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
701 Brickell Ave, Suite 1420,
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail:   swestcot@bursor.com

*Attorneys for Plaintiff*

**EXHIBIT 1**

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd. Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
701 Brickell Ave, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: swestcot@bursor.com

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

VINEY SAROYA, individually and on behalf of all others similarly situated,

                    Plaintiff,

          v.

UNIVERSITY OF THE PACIFIC,

                    Defendant.

Case No. 5:20-cv-03196-EJD

**SECOND AMENDED CLASS ACTION COMPLAINT**          Deleted: FIRST

**JURY TRIAL DEMANDED**

SECOND AMENDED CLASS ACTION COMPLAINT          Deleted: FIRST
CASE NO. 5:20-CV-03196-EJD

1       Plaintiff Viney Saroya ("Plaintiff") brings this action on behalf of himself and all others

2  similarly situated against Defendant University of the Pacific ("UOP" or "Defendant").  Plaintiff

3  makes the following allegations pursuant to the investigation of his counsel and based upon

4  information and belief, except as to the allegations specifically pertaining to himself, which are

5  based on personal knowledge.

6 **NATURE OF THE ACTION**

7      1.    This is a class action lawsuit on behalf of all people who paid tuition and fees for

8  the Spring 2020 academic semester at UOP, and who, because of Defendant's response to the

9  Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for

10  which they paid, and/or the services or which their fees were paid, without having their tuition and

11  fees refunded to them.

12      2.    UOP is a private university, with a total enrollment of over 6,000 students across

13  eleven schools and colleges with campuses located in Sacramento, San Francisco, and Stockton,

14  California.  UOP offers over 40 degrees encompassing more than 80 areas of study for

15  undergraduate students, as well as a number of graduate and professional programs including

16  dentistry and law.[1]

17      3.    Plaintiff and UOP entered into a contractual agreement where Plaintiff would

18  provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-

19  person educational services, experiences, opportunities, and other related services to Mr. Saroya.

20  The terms of the contractual agreement were set forth in publications from UOP, including UOP's

21  Spring Semester 2020 Course Catalog ("Course Catalog").

22      4.    When Plaintiff and Class Members sought to enter into a contractual agreement with

23  Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and

24  Class Members viewed the Course Catalog to make specific course selections prior to registering

25  and paying for selected courses.

26

27

[1] https://www.pacific.edu/academics/majors-and-programs.html.

28

SECOND AMENDED CLASS ACTION COMPLAINT,
CASE NO. 5:20-CV-03196-EJD                1

**Deleted:** First

**Deleted:** – JURY TRIAL DEMANDED

5.     The Course Catalog provided Plaintiff and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which courses would be held.

6.     Other publications from UOP reference the in-person nature of the Spring Semester 2020 course offerings, including course specific syllabi and the University Policies, including the Class Attendance Policy, which requires students to attend class regularly.[2]

7.     UOP's Spring 2020 semester commenced on or about January 13, 2020, and concluded on or about April 28, 2020.  Plaintiff and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services for the entirety of the Spring Semester 2020.

8.     On March 11, 2020, Defendant, via UOP Interim President Maria Pallavicini, announced that, because of the global COVID-19 pandemic, spring break (which began on March 9, 2020) would be extended through March 20, 2020, and that beginning March 23, 2020, all classes would be held remotely.[3]

9.     Thus, UOP did not hold any in-person classes from March 6, 2020 through the end of Spring Semester 2020.  Classes that did continue  were only offered in an online format, with no in-person instruction.

10.     As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Mr. Saroya and the putative class contracted and paid for.  The online learning options offered to UOP students were subpar in practically every aspect, from the lack of facilities, materials, and access to faculty.  Students were deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and

---

[2]
https://catalog.pacific.edu/stocktongeneral/generalinformation/academicregulations/#Class_Attendance (last visited Sept. 23, 2020).

[3]
http://echo4.bluehornet.com/hostedemail/email.htm?CID=41715475715&ch=803490F195963390E66C43C406BFED22&h=59aa8ad1d44e474a479ed332f4454dd8&ei=7Nr0mvlcN&st=11-MAR-20.

**Deleted:** First Amended Class Action Complaint – Jury Trial Demanded…

critique.  The remote learning options were in no way the equivalent of the in-person education

that Plaintiff and the putative Class Members contracted and paid for.

11.    UOP did not provide in-person education, experiences, or related services for a

substantial portion of the Spring Semester 2020.

12.    Nonetheless, UOP has not refunded any tuition or fees for the Spring 2020 semester.

13.    Plaintiff and the putative class did not enter into an agreement with UOP for online

education, but rather sought to receive in-person education from UOP.  Plaintiff and the putative

class are therefore entitled to a refund of tuition and fees for in-person educational services,

facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not

have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for

services it is not providing.

14.    Plaintiff seeks, for himself and Class Members, Defendant's disgorgement of the

pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the

Spring Semester 2020 when classes moved online and campus services ceased being provided.

Plaintiff seeks a return of these amounts on behalf of himself and the Class as defined below.

**THE PARTIES**

15.    Plaintiff Viney Saroya is a citizen of California who resides in San Jose, California.

Mr. Saroya is an undergraduate student at UOP's San Francisco campus pursuing a Bachelor's

Degree in business and economics.  He paid approximately $15,000 in tuition and fees to

Defendant for the Spring 2020 Semester.  Mr. Saroya has not been provided a refund of any tuition

or fee monies paid, despite the fact that in-person classes have not been held since March 6, 2020.

16.    Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees,

Plaintiff consulted the Course Catalog and enrolled in courses for the Spring 2020 semester.  In

consulting the Course Catalog, Plaintiff understood and believed that every course in which Mr.

Saroya enrolled was to be taught in-person.  Plaintiff's understanding and belief was based on the

Course Catalog specifying an on-campus location where the course would be taught.  Thus, the in-

person nature of the courses was part of the benefit of the bargain, and Plaintiff would not have

Deleted: c

Deleted: m

Formatted: Line spacing:  Exactly 24 pt

Deleted: m

Deleted: First Amended Class Action Complaint – Jury Trial Demanded

1   paid as much, if any, tuition and fees for the Spring 2020 semester at UOP had he known that the

2   courses would not, in fact, be taught in-person.

3       17.     Defendant University of the Pacific is a private university with its principal place of

4   business at 3601 Pacific Avenue, Stockton, California 95211.

5                       **JURISDICTION AND VENUE**

6       18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as

7   amended by the Class Action Fairness Act of 2005 ("CAFA"), because at least one member of the

8   Class, as defined below, is a citizen of a different state than Defendant, there are more than 100

9   members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of

10  interest and costs.

11      19.     This Court has personal jurisdiction over Defendant because Defendant's principal

12  place of business is located in this District.

13      20.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because

14  Defendant's principal place of business is located in this District, Plaintiff resides in this District,

15  and a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in

16  this District.  Specifically, the contract that is the subject of this action was formed in this District.

17                      **FACTUAL ALLEGATIONS**

18  ***Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020***

19      21.     Plaintiff and Class Members are individuals who paid the cost of tuition and other

20  mandatory fees for the Spring 2020 Semester at UOP.

21      22.     Spring Semester 2020 classes at UOP began on or about January 13, 2020.  Classes

22  and final exams for the semester are scheduled to end on or around May 6, 2020.[4]

23      23.     Plaintiff and Class Members paid the cost of tuition for the Spring Semester 2020, as

24  well as associated fees and costs.

25      24.     The approximate cost of tuition and fees at UOP for the Spring Semester 2020 is

26  $24,794 for full-time undergraduate students, and $24,687 for full-time graduate students.

27  _____

28  [4] https://www.pacific.edu/documents/registrar/acrobat/2019-2020%20Academic%20Calendar.pdf

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:20-cv-03196-EJD.                                          4

Deleted: m

Deleted: m

Deleted: FIRST AMENDED CLASS ACTION COMPLAINT
– JURY TRIAL DEMANDED

25.     The tuition and fees described above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

***In Response To COVID-19, UOP Closed Campuses And Cancelled All In-Person Classes***

26.     On March 11, 2020, UOP Interim President Maria Pallavicini announced that, because of the global COVID-19 pandemic, spring break (which began on March 9, 2020) would be extended through March 20, 2020, and that effective March 23, 2020, all in-person classes would be suspended for the remainder of the Spring 2020 Semester.

27.     From March 23, 2020 to the end of the Spring Semester 2020, UOP did not hold any in-person classes.  Classes that continued were only been offered in an online format, with no in-person instruction.  Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as communications, music, theatre, and the sciences) have only had access to minimum online education options.

28.     As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Plaintiff and members of the Class contracted and paid for.  Plaintiff and the Class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

29.     Plaintiff and the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

**Deleted:** FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

30.     Defendant markets the UOP on-campus experience as a benefit of enrollment on UOP's website:



**CAMPUS LIFE**

Campus life at Pacific complements and enriches your social, academic, and professional life. We pride ourselves in providing students with the opportunity to attend concerts featuring chart-topping artists such as Ella Mai, H.E.R., and so much more! Along with performances, is the opportunity to engage in 14 intramural sports clubs featuring a 32' tall rock-climbing tower, 143 student clubs and organizations, and community outreach opportunities. At Pacific, the possibilities are endless!

31.     The online learning options being offered to UOP students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  This is particularly true for students like Mr. Saroya, a business and economics major, because he is unable receive in-person instruction, feedback, or critique.  Moreover, office hours for professors are essentially non-existent given that professors are unable to see their students to provide in-person assistance.  Email is simply no substitute for instances where additional teaching is required.

32.     The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for.  The remote education being provided is not even remotely worth the amount charged Class Members for Spring Semester 2020 tuition.  The tuition and fees for in-person instruction at UOP are higher than tuition and fees for other online

**Deleted:** Even though UOP stated in a Letter from the Provost that "our new plans for the fall semester, with nearly all of our teaching and learning conducted remotely, will provide our students the same superb Pacific education[,]"[5] t

**Deleted:** c

**Deleted:** m

**Deleted:** FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

institutions because such costs cover not just the academic instruction, but encompass an entirely

different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and study room;
- Student governance and student unions;
- Extra-curricular activities, groups, intramural sports, etc.;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands on learning and experimentation; and
- Networking and mentorship opportunities.

33.     Through this lawsuit Plaintiff seeks, individually and on behalf of the Class,
Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount
of time that remained in the Spring Semester 2020 when classes moved online and campus
services ceased being provided.  Plaintiff seeks return of these amounts on behalf of himself and
the Class as defined below.

**CLASS ALLEGATIONS**

34.     Plaintiff seeks to represent a class defined as all people who paid UOP Spring
Semester 2020 tuition and/or fees for in-person educational services that UOP failed to provide,
and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the
Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children,
corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or
entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities
related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge
assigned to this action, and any member of the judge's immediate family.

35.     Plaintiff also seeks to represent a subclass consisting of Class Members who reside
in California (the "Subclass").

**Deleted:** <#>This is further evidenced by the fact that UOP is waiving all course fees for the upcoming fall semester as well as various campus recreation fees.¶

**Deleted:** m

**Deleted:** FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

36.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

37.     **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Subclass.  Although the precise number of Class Members is unknown to Plaintiff, the true number of Class Members is known by Defendant and may be determined through discovery.  Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

38.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class Members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class and Subclass Members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class and Subclass Members contracted;

(c)     whether Class and Subclass Members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide; and

(d)     whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust enrichment or restitution.

39.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass Members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

Deleted: m
Deleted: m
Deleted: m
Deleted: m
Deleted: m
Deleted: m
Deleted: and
Deleted: m
Deleted: .
Deleted: <#>whether Defendant has unlawfully converted money from Plaintiff, the Class and Subclass; and¶
Deleted: m
Deleted: FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

1      40.   **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the

2 interests of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in

3 complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action

4 on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic to

5 those of the Class or Subclass.

6      41.   **Superiority.**  A class action is superior to all other available means for the fair and

7 efficient adjudication of this controversy.  The damages or other financial detriment suffered by

8 individual Class and Subclass Members are relatively small compared to the burden and expense

9 of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible

10 for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs

11 committed against them.  Furthermore, even if Class or Subclass Members could afford such

12 individualized litigation, the court system could not.  Individualized litigation would create the

13 danger of inconsistent or contradictory judgments arising from the same set of facts.

14 Individualized litigation would also increase the delay and expense to all parties and the court

15 system from the issues raised by this action.  By contrast, the class action device provides the

16 benefits of adjudication of these issues in a single proceeding, economies of scale, and

17 comprehensive supervision by a single court, and presents no unusual management difficulties

18 under the circumstances.

19      42.   In the alternative, the Class and Subclass may also be certified because:

20      (a)   the prosecution of separate actions by individual Class and Subclass

21         Members would create a risk of inconsistent or varying adjudications with

22         respect to individual Class Members that would establish incompatible

23         standards of conduct for the Defendant;

24      (b)   the prosecution of separate actions by individual Class and Subclass

25         Members would create a risk of adjudications with respect to them that

26         would, as a practical matter, be dispositive of the interests of other Class

27         Members not parties to the adjudications, or substantially impair or impede

28

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:20-cv-03196-EJD         9

Deleted: m (×6)
Deleted: First Amended Class Action Complaint – Jury Trial Demanded

1    their ability to protect their interests; and/or

2        (c)    Defendant has acted or refused to act on grounds generally applicable to the

3    Class as a whole, thereby making appropriate final declaratory and/or

4    injunctive relief with respect to the members of the Class as a whole.

5
<u>**COUNT I**</u><br>**Breach Of Contract**<br>**(On Behalf Of The Class And Subclass)**
6

7    43.    Plaintiff hereby incorporates by reference the allegations contained in all preceding

8    paragraphs of this complaint.

9    44.    Plaintiff brings this claim individually and on behalf of the members of the

10    proposed Class and Subclass against Defendant.

11    45.    Plaintiff and Defendant entered into a contractual relationship where Plaintiff would

12    provide payment in the form of tuition and fees, and Defendant, in exchange, would provide in-

13    person educational services, experiences, opportunities, and other related services.  The terms of

14    the parties' contractual relationship are set forth in publications from Defendant, including the

15    Spring Semester 2020 Course Catalog.

16    46.    When Plaintiff and Class Members sought to enter into a contractual agreement with

17    Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and

18    Class Members viewed the Course Catalog to make specific course selections prior to registering

19    and paying tuition and fees for those selected courses.  Defendant's Course Catalog constitutes an

20    offer to enter a contractual agreement.

21    47.    The Course Catalog provided Plaintiff and Class Members with information

22    regarding the courses offered, the instructor, the days and times during which the courses would be

23    held, and the location (including the building and room number) in which the courses would be

24    held.

25    48.    As part of the contract, and in exchange for the aforementioned consideration,

26    Defendant promised to provide certain services, all as set forth above.  Plaintiff and Class Members

27    fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.

28

**Deleted:** m

**Deleted:** First Amended Class Action Complaint – Jury Trial Demanded

1  Tuition for Spring Semester 2020 was intended to cover in-person educational services from

2  January through April 2020.  In exchange for tuition monies paid, Class Members were entitled to

3  in-person educational services through the end of the Spring Semester.

4     49.    Defendant materially breached the parties' contractual agreement by failing to

5  provide in-person education services for the entirety of the Spring Semester 2020.  The provisions

6  of the contract breached by Defendant include, but are not limited to, the provision setting forth the

7  details of in-person educational services as described in the Spring Semester 2020 Course Catalog.

8  The Spring Semester 2020 Course Catalog indicated classes would be administered in an in-person,

9  on-campus setting.  The Course Catalog did not make any reference to the administration of these

10  courses in an online format.

11     50.    Defendant has failed to provide the contracted for services and has otherwise not

12  performed under the contract by failing to provide in-person education services from March 6,

13  2020 through the end of Spring Semester 2020  as set forth above.  Defendant has retained monies

14  paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing

15  them the benefit of their bargain.

16     51.    Plaintiff and members of the Class and Subclass have suffered damage as a direct

17  and proximate result of Defendant's breach, including but not limited to being deprived of the

18  education, experience, and services to which they were promised and for which they have already

19  paid.

20     52.    As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and

21  Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but no

22  be limited to reimbursement of certain tuition, fees, and other expenses that were collected by

23  Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated

24  portion of any Spring Semester 2020 tuition and fees for education services not provided since

25  UOP shut down on March 6, 2020.

26     53.    Defendant's performance under the contract is not excused due to COVID-19.

27  Indeed, Defendant should have refunded the pro-rated portion of any education services not

28

**Deleted:** m

**Deleted:** [

**Deleted:** FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

1   provided.  Even if performance was excused or impossible, Defendant would nevertheless be

2   required to return the funds received for services it will not provide.

3         54.    Therefore, Defendant should return a pro-rata share of the tuition and fees paid by

4   Plaintiff and Class Members that relate to those in-person educational services that were not

5   provided after Defendant shut down on or around March 6, 2020.  In-person educational services

6   were not provided for a substantial portion of the Spring Semester 2020.

7                                    <u>COUNT II</u>
8                          <u>Unjust Enrichment / Restitution</u>
                      <u>(On Behalf Of The Class And Subclass In the Alternative)</u>

9         55.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-

10  2 and 5-42 of this complaint.

11        56.    Plaintiff brings this claim individually and on behalf of the members of the

12  proposed Class and Subclass against Defendant.

13        57.    This claim is pled in the alternative to the contract-based claim set forth in Count I

14  above, and to the extent it is determined that no contractual obligation existed between the parties

15  for Defendant's provision of an in-person education and on-campus services during Spring

16  Semester 20202, or that any such contractual obligation in existence is unenforceable or invalid.

17        58.    Plaintiff and members of the Class and Subclass conferred a benefit on Defendant

18  when they paid for Spring Semester 2020 tuition and other fees in exchange for certain services

19  and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational

20  services from January through May 2020.  In exchange for tuition monies paid, Class members

21  were entitled to in-person educational services through the end of the Spring Semester.

22        59.    Defendant realized this benefit when it voluntarily accepted and retained such

23  payment.

24        60.    However, Plaintiff and Class Members did not receive the full benefit of their

25  bargain.

26        61.    Plaintiff and Class Members conferred this benefit on Defendant with the

27  expectation of receiving one product, i.e., live in-person instruction in a physical classroom along

28  _____
    SECOND AMENDED CLASS ACTION COMPLAINT
    CASE NO. 5:20-cv-03196-EJD.                                          12

---

**Deleted:** s

**Deleted:** all preceding

**Deleted:** in the form of monies

**Deleted:** this benefit by accepting

**Formatted:** Font:

**Deleted:** FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

with the on-campus experience of campus life as described more fully above, but they were provided with a materially different product carrying a different fair market value, *i.e.*, online instruction devoid of the on-campus experience, access, and services.

62. Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.

63. Equity and good conscience require that Defendant return to Plaintiff and Class Members a portion of the monies they paid in tuition.

64. This is particularly true where, as here, Defendant is supported by a more than $463 million[7] endowment, while many of its students, on information and belief, do not have access to such immense financial resources, and further where, on information and belief, a substantial portion of its students have incurred substantial debt to finance an educational experience that they did not receive.

65. In addition, as a result of closing campus and moving classes online, Defendant saved significant sums of money in the way of reduced utility costs, reduced maintenance and staffing requirements, reduced or eliminated hours for hourly employees, reduced or eliminated hours for paid work study students, and otherwise.

66. Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for educational services not provided since UOP shut down on March 6, 2020.

67. It would be unjust and inequitable under these circumstances for Defendant to retain the benefit conferred by Plaintiff and Class Members' overpayments.

---

[7] This figure represents the fair market value of UOP's endowment as of June 30, 2019. *See U.S. and Canadian 2019 NTSE Participating Institutions Listed by Fiscal Year 2019 Endowment Market Value, and Percentage Change in Market Value from FY18 to FY19*, National Association of College and University Business Officers and TIAA (2020), available at https://www.nacubo.org/-/media/Nacubo/Documents/EndowmentFiles/2019-Endowment-Market-Values--Final-Feb-10.ashx?.

---

*Margin annotations:*

Formatted: Font:

Formatted: Font:

Deleted: FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

68.     Defendant should be required to disgorge all profits resulting from such overpayments and establish a constructive trust from which Plaintiff and Class Members may seek restitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on behalf of himself and members of the Class and Subclass as follows:

(a)     For an order certifying the nationwide Class and California Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Class and Subclass; and naming Plaintiff's attorneys as Class Counsel to represent the Class and Subclass Members;

(b)     For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

(c)     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)     For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For injunctive relief as pleaded or as the Court may deem proper; and

(g)     For an order awarding Plaintiff and the Class and Subclass her reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

**Deleted:** **COUNT III**
**Conversion**
**(On Behalf Of The Class And Subclass)**
Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.
Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.
Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.
Defendant intentionally interfered with the rights of Plaintiff, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.
Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UOP shut down on March 6, 2020.
Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Subclass members of the benefits for which the tuition and fees paid.
This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.
Plaintiff, Class and Subclass members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UOP shut down on March 6, 2020.
**COUNT IV**
**Money Had and Received**
**(On Behalf Of The Class And Subclass)**
Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.
Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.
Plaintiff and members of the Class paid monetary funds to Defendant for tuition and fees for the Spring Semester 2020.
Defendant has retained the monies paid by Plaintiff and members of the Class for the Spring Semester 2020 while not providing in-person educational services, activities, opportunities, resources, and facilities for which those monies were paid. ... [1]

**Deleted:** m

**Deleted:** FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Dated: December 18, 2020                    Respectfully submitted,

                                            **BURSOR & FISHER, P.A.**

                                            By:    /s/ L. Timothy Fisher
                                                       L. Timothy Fisher

                                            L. Timothy Fisher (State Bar No. 191626)
                                            1990 North California Blvd. Suite 940
                                            Walnut Creek, CA 94596
                                            Telephone: (925) 300-4455
                                            Facsimile:  (925) 407-2700
                                            E-Mail:  ltfisher@bursor.com

                                            **BURSOR & FISHER, P.A.**
                                            Sarah N. Westcot (State Bar No. 264916)
                                            701 Brickell Ave, Suite 1420,
                                            Miami, FL 33131
                                            Telephone: (305) 330-5512
                                            Facsimile:  (305) 676-9006
                                            E-Mail:  swestcot@bursor.com

                                            *Attorneys for Plaintiff*

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 5:20-cv-03196-EJD                                                    15

**Deleted:** FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

| Page 14: [1] Deleted | Venditti, Julia | 12/18/20 2:42:00 PM |