UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VINEY SAROYA,<br><br>            Plaintiff,<br><br>      v.<br><br>UNIVERSITY OF THE PACIFIC,<br><br>            Defendant. | Case No.   5:20-cv-03196-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 50 |

Plaintiff Viney Saroya filed a Second Amended Complaint ("SAC"), Dkt. No. 49, regarding a putative class action against Defendant, University of the Pacific ("UOP"), alleging UOP breached a contract with its students (Claim I) or, alternatively, unjustly enriched itself at its students' expense (Claim II) when it retained the full amount of tuition and fees it collected for the Spring 2020 semester despite ceasing in-person instruction and closing its campus facilities and resources with just six weeks left of the semester. *See generally* SAC. This Court previously dismissed with leave to amend Plaintiff's prior unjust enrichment claim. *See* Dkt. No. 45 at 11–12. Plaintiff amended, and now UOP moves to dismiss Plaintiff's newly amended unjust enrichment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 50, ("Mot. to Dismiss"). Plaintiff filed an opposition, Dkt. No. 54 ("Opp'n"), and UOP filed a reply, Dkt. No. 56 ("Reply iso MTD"). Having considered the parties' arguments and submissions, and for the reasons set forth below, the Court **GRANTS** the Motion to Dismiss.[1]

---

[1] The Court took this motion under submission without oral argument pursuant to Civil Local Rule 7-1(b).

Case No.: 5:20-cv-03196-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
1

## I.  BACKGROUND

Plaintiff brings this class action on behalf of all people who paid tuition and fees for the Spring 2020 semester at UOP, and who lost the benefit of the education and services that they paid for as a result of UOP's response to COVID-19.  SAC ¶ 1.  UOP is a private university, with a total enrollment of over 6,000 students across eleven schools and colleges with campuses located in Sacramento, San Francisco, and Stockton, California.  *Id.* ¶ 2.  The university offers over 40 degrees encompassing more than 80 areas of study for undergraduate students, as well as a number of graduate and professional programs.  *Id.*  Plaintiff is an undergraduate student at UOP's San Francisco campus pursuing a bachelor's degree in business and economics.  *Id.* ¶ 15.

UOP's Spring 2020 semester commenced on or about January 13, 2020.  *Id.* ¶ 22.  Before paying tuition and fees for the spring semester, Plaintiff consulted UOP's course catalogue where he came to understand and believe that every course he enrolled in would be taught in-person.  *Id.* ¶ 16.  The course catalogue is directed at students and provides information about the courses offered, the instructors, the days, and times during which the courses would be held, and the on-campus location where the courses would be taught.  *Id.* ¶¶ 5, 16.  According to Plaintiff, UOP promotes its "on-campus experience" on its website, while other publications such as course specific syllabi and university attendance policies highlight the in-person nature of the courses that were offered for the spring semester.  *Id.* ¶¶ 6, 30.

On March 11, 2020, UOP interim President, Maria Pallavicini, announced that because of the COVID-19 pandemic, spring break would be extended through March 20, 2020, and that effective March 23, 2020, all in-person classes would be suspended for the remainder of the Spring 2020 semester.  *Id.* ¶ 26.  UOP did not hold any in-person classes from March 23, 2020, through the end of the spring semester which concluded on or around May 6, 2020.  *See id*. ¶¶ 22, 26–27.  Classes that continued after March 23, 2020 were provided in an online format, with no in-person instruction.  *Id*. ¶¶ 26–27.

Plaintiff alleges that UOP and its students "entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and UOP, in exchange, would

Case No.: 5:20-cv-03196-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
2

provide in-person educational services, experiences, opportunities, and other related services." *Id.* ¶ 3. Thus, Plaintiff alleges he was deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique when UOP did not hold any in-person classes. *Id.* ¶ 31. According to Plaintiff, UOP did not deliver the educational services, access, or opportunities that Plaintiff and other students like him contracted and paid for. *Id.* ¶ 28.

Plaintiff also brings an unjust enrichment claim in the alternative. *Id.* ¶¶ 55–68. Plaintiff brought a similar claim in their First Amended Complaint, Dkt. No. 25 ¶¶ 56–62, but the Court granted dismissal because Plaintiff "did not deny the existence or enforceability of the alleged enforceable agreement." Order Granting in Part and Denying in Part Motion to Dismiss; Granting Motion to Strike ("First Dismissal Order"), Dkt. No. 45 at 12. Plaintiff now brings an unjust enrichment claim with, *inter alia*, the following additional language:

> This [unjust enrichment] claim is pled [*sic*] in the alternative to the contract-based claim set forth in Count I above, and to the extent it is determined that no contractual obligation existed between the parties for Defendant's provision of an in-person and on-campus services during Spring Semester 20202 [*sic*], or that any such contractual obligation in existence is unenforceable or invalid.

SAC ¶ 57. Plaintiff argues that "[i]t would be unjust and inequitable under these circumstances for Defendant to retain the benefit conferred by Plaintiff and Class Members' overpayments." *Id.* ¶ 67.

The approximate cost of tuition and fees at UOP for the Spring 2020 semester was $24,794 for full-time undergraduate students, and $24,687 for full-time graduate students. *Id.* ¶ 24. At the beginning of the semester, Plaintiff paid approximately $15,000 in tuition and fees to UOP. *Id.* ¶ 15. Through this action, Plaintiff seeks individually and on behalf of the class UOP's restitution of tuition and fees proportionate to the amount of time that remained in the Spring 2020 semester when classes moved online and UOP halted in-person services. *Id.* ¶ 34, 66. UOP moves to dismiss the unjust enrichment claim as legally insufficient. The matter is now ripe for adjudication.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).  On a Rule 12(b)(6) motion, Rule 8(a) governs and requires that, to avoid dismissal of a claim, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.    DISCUSSION

UOP argues that Plaintiff cannot maintain his quasi-contract unjust enrichment claim because the rights and obligations of the parties are governed by express contract.  Mot. to Dismiss at 2.  As the Court noted previously, "an action based on implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." First Dismissal Order at 11 (citing *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014) and *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012)).  Plaintiff responds that it is permissible for him to plead both an unjust enrichment claim and a breach of contract claim in the alternative because there is a dispute amongst the parties about the "existence, validity, and enforceability of the contract for in-person services."  Opp'n at 3 (citing *Shuman v. SquareTrade Inc.*, No. 20-CV-02725-JCS, 2020 WL 7458001, at *3 (N.D. Cal. Dec. 18, 2020)).

Although the Court generally agrees with Plaintiff's argument that he may assert an alternative unjust enrichment claim, to do so Plaintiff must have adequately alleged that the parties

Case No.: 5:20-cv-03196-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

4

do not have an enforceable contact. *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th at 1388 ("A plaintiff may not, however, pursue or recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter."). Courts in this district have held that California law permits unjust enrichment claims, in which "restitution may be awarded either (1) in lieu of breach of contract damages, where an asserted contract is found to be unenforceable or ineffective, or (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct, but the plaintiff has chosen not to sue in tort." *Oracle Corp. v. SAP AG*, No. C 07-1658 PJH, 2008 WL 5234260, at *8 (N.D. Cal. Dec.15, 2008) (citing *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004)). Accordingly, even though a plaintiff may not ultimately prevail under both unjust enrichment and breach of contract, it may plead both in the alternative. *Id*. ("A defendant is not entitled to have a cause of action dismissed for failure to state a claim simply because it conflicts with another cause of action."); *see also Wolf v. Wells Fargo Bank, N.A.*, No. C11–01337 WHA, 2011 WL 4831208, at *8 (N.D. Cal. Oct. 12, 2011) ("Restitution [under an unjust enrichment theory] may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason.") (citing *McBride*, 123 Cal. App. 4th at 388).

In this case, however, Plaintiff has still not adequately alleged an unjust enrichment claim because he has alleged no facts as to how the contract would be unenforceable, since both parties appear to claim a valid contract exists. *See Solano v. Am's Servicing Co.*, No. 2:10-CV–02426–GEB, 2011 WL 4500874, at *9 (E.D. Cal. Sept. 27, 2011) (dismissing unjust enrichment claim where "[n]one of Plaintiffs' allegations plausibly suggest that valid contracts did not exist between the parties."). Indeed, as with the First Amended Complaint, Plaintiff alleges that the parties entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and UOP, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. SAC ¶¶ 3-4, 43-54; *see also* Opp'n at 8 ("Defendant is certainly correct in noting that a written agreement between Plaintiff and [UOP] exists"). Moreover, courts have recognized that "[t]he basic legal relation between a student and a private

Case No.: 5:20-cv-03196-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
5

university or college is contractual in nature. The catalogues, bulletins, circulars, and regulations of the institutions made available to the matriculant become a part of the contract." *Zumbrun v. Univ. of S. Cal.*, 25 Cal. App. 3d 1, 10 (1972).

Plaintiff contends, however, that the SAC anticipates the possibility that discovery will reveal Plaintiff's perceived "contract" dealing with in-person classes and services is in fact just a "general [but nonbinding] promise." Opp'n at 4. And thus, Plaintiff argues, he should be entitled to assert his unjust enrichment claim as an alternative to the breach of contract claim since the SAC now introduces an element of doubt regarding the enforceability or validity of Plaintiff's contractual entitlement to in-person classes and on-campus resources. *Id*. The Court does not agree. Although Rule 8 allows a plaintiff to plead inconsistent causes of action, "the liberal pleading policy has its limits." *Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*, 252 F. App'x 123, 126 (9th Cir. 2007). For example, "[a] pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *Id*. (quoting *American Intern. Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996)). Where, as here, "there is no dispute about the existence or validity of the express contract" and Plaintiff "does not allege that the contract is void, rescinded, or otherwise unenforceable," Plaintiff "cannot plead alternative theories that necessarily fail where an express contract defines the rights of the parties." *Id*; *see also Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 773 (9th Cir. 2007) (affirming judgment on the pleadings as to unjust enrichment claim where valid express contract existed between the parties).[2]

Furthermore, Plaintiff's argument that the parties disagree over the validity and enforceability of their contract because they cannot agree on whether the contract entitled Plaintiff to in-person classes and resources is not persuasive. To assert an unjust enrichment claim in this case, Plaintiff must have alleged that the parties do not have an enforceable student-university contract. *See Klein*, 202 Cal. App. 4th at 1388-89 ("A plaintiff may not, however, pursue or

---

[2] The Court does not rely on *Total Coverage* and *Yang* for their precedential value, but only for their persuasive value. *See* Ninth Circuit Rule 36-3(b).

Case No.: 5:20-cv-03196-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
6

recover on a quasi-contract claim if the parties have an enforceable agreement regarding a particular subject matter."). It is not enough for Plaintiff to plead alternatively that the contract between the parties may lack an express provision which Plaintiff claims has also been breached. *See AdTrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2018 WL 3428525, at *11 (N.D. Cal. July 13, 2018) (finding that to allow a "narrow view" of the rule that an unjust enrichment claim fails where there is a valid express contract covering the same "subject matter" would "essentially permit Plaintiff[] to rewrite a contract to add a nonexistent contract term."). Accordingly, because Plaintiff does not allege that the parties do not have an enforceable contract, the unjust enrichment claim fails.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** UOP's Motion to Dismiss Plaintiff's unjust enrichment claim. Since Plaintiff's unjust enrichment claim was previously dismissed with leave to amend for the same reasons and Plaintiff has failed to cure the deficiencies in the Second Amended Complaint, further leave to amend would be futile. Therefore, Plaintiff's unjust enrichment claim is **DISMISSED with prejudice**.

The parties' Initial Case Management Conference shall be scheduled for August 12, 2021. The parties shall submit a Joint Case Management Statement by August 2, 2021.

**IT IS SO ORDERED.**

Dated: June 11, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-03196-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
7