1  HOLLAND & KNIGHT LLP
   Vito A. Costanzo, SBN 132754
2  Kristina S. Azlin, SBN 235238
   Stacey H. Wang, SBN 245195
3  Qian (Sheila) Shen, SBN 332048
   400 South Hope Street, 8th Floor
4  Los Angeles, CA 90071
   Telephone: 213.896.2400
5  Fax: 213.896.2450
   Email:  vito.costanzo@hklaw.com
6          kristina.azlin@hklaw.com
           stacey.wang@hklaw.com
7          qian.shen@hklaw.com

8  Attorneys for Defendant
   UNIVERSITY OF THE PACIFIC
9

10

11                  **UNITED STATES DISTRICT COURT**

12            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13  TRISTAN RANDALL, Individually and on       Case No.: 5:20-cv-03196-EJD
    behalf of all others similarly situated,
14                                             *[Assigned to the Hon. Edward J. Davila,*
                                               *United States District Judge]*
15                  Plaintiff,

16         v.                                  **DEFENDANT UNIVERSITY OF THE**
                                               **PACIFIC'S NOTICE OF MOTION AND**
17  UNIVERSITY OF THE PACIFIC,                 **MOTION FOR SUMMARY JUDGMENT**
                                               **AS TO PLAINTIFF TRISTAN**
18                                             **RANDALL'S INDIVIDUAL CLAIMS;**
                    Defendant.                 **MEMORANDUM OF POINTS AND**
19                                             **AUTHORITIES IN SUPPORT THEREOF**

20                                             [Fed. R. Civ. P. 8, 12(b)]

21                                             Date:        January 27, 2022
                                               Time:        9:00 a.m.
22                                             Courtroom:   4

23                                             Action Filed: May 10, 2020
                                               Trial Date:   TBD
24
                                               [Filed Concurrently With Separate Statement;
25                                             Declaration of Vito A. Costanzo; and Request
                                               For Judicial Notice]
26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on January 27, 2022, at 9:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 4 of the United States District Court for the Northern District of California, San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113, the Honorable Edward J. Davila presiding, Defendant University of the Pacific ("Pacific") will, and hereby does, move this Court for an order under Federal Rules of Civil Procedure 56 granting summary judgment in favor of Pacific on Plaintiff Tristan Randall's individual claim for breach of contract, as stated in the Third Amended Complaint insofar as there is no dispute of material fact and Pacific is entitled to judgment as a matter of law on Plaintiff's claim.

Defendant moves for summary judgment on the following grounds:

1. An express contract, the Student Financial Responsibility Agreement ("SFRA"), governs the parties' agreement with respect to the payment of tuition.  Under the SFRA, Pacific students paid tuition in exchange for the opportunity to register for classes and receive goods and services from Pacific.  The SFRA contains no promise that Pacific would provide instruction or services in any particular format, and, as such, Pacific made no specific promise to provide in-person instruction.

2. Even if it is determined that the SFRA did not govern the parties' agreement here, Plaintiff's implied contract claim fails because Plaintiff has not identified any specific promises of in-person instruction made by Pacific in any of the publications that he identifies.  Moreover, Pacific explicitly reserved the right to change its course offerings.

3. Even assuming, *arguendo*, that Pacific somehow did make a specific promise to provide exclusively in-person instruction in all circumstances and that Pacific breached such promise, Pacific is nonetheless not liable for such breach and Plaintiff is not entitled to recover any damages because Pacific's performance was excused by government order.

4. Plaintiff's claims, as developed through discovery, inherently implicate the educational malpractice doctrine, as Plaintiff himself characterizes his damages as

-1-

1   arising from changes to pedagogical methods made in response to the transition to

2   distance learning, resulting in a decrease in the quality of his education.

3       This Motion is based on this Notice; the Memorandum of Points and Authorities; the

4   Separate Statement, Declaration of Vito A. Costanzo, Request for Judicial Notice; and all papers,

5   pleadings, documents, arguments of counsel, and other materials presented before or during the

6   hearing on this Motion, and any other evidence and argument the Court may consider.

7

8   DATED: November 12, 2021          Respectfully submitted,

9                           HOLLAND & KNIGHT LLP

10

11                           By _/s/  Vito A. Costanzo_
                               Vito A. Costanzo

12                                  Kristina S. Azlin
                               Stacey H. Wang

13

14                                  Attorneys for Defendant,
                               University of the Pacific

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

UNIVERSITY OF THE PACIFIC                 CASE NO. 5:20-CV-03196-EJD
MOTION FOR SUMMARY JUDGMENT

|  |  |  | **Page** |
|---|---|---|---|
| I. | INTRODUCTION | ................................................. | 1 |
| II. | RELEVANT FACTS AND PROCEDURAL BACKGROUND | .................. | 2 |
| III. | ARGUMENT | ................................................. | 4 |
| | A. | Pacific Is Entitled To Judgment On Plaintiff's Only Cause Of Action For Breach Of Contract Because Pacific Did Not Breach The Express Contract Between The Parties. | 4 |
| | B. | Plaintiff Has Not—And Cannot—Identify A Specific Enforceable Promise For In-Person Instruction Or Services. | 7 |
| | | 1. Plaintiff Must Offer Evidence Of A Specific, Unequivocal Promise By Pacific That Was Breached; General Statements In Pacific's Publications Are Not Sufficient. | 8 |
| | | 2. Plaintiff Has Not, And Cannot, Proffer Evidence Of A Specific Promise For In-Person Instruction Or Services. | 12 |
| | | 3. Pacific's Reservation Of Rights Negates Any Alleged Promise Of In-Person Instruction. | 16 |
| | | 4. No Specific Promise For In-Person Instruction During The Spring 2020 Semester Arose Through Pacific's Prior Course Of Conduct Or The Parties' General Expectations About "Normal" Times. | 17 |
| | C. | Even If The Court Finds That Plaintiff Has Identified A Specific Promise Of In-Person Instruction And That Pacific Breached Such Promise, Such Breach Is Excused. | 19 |
| | D. | Plaintiff's Claim That The Education He Received From Pacific After The Transition To Remote Instruction Is "Worth Less" Is Barred By The Educational Malpractice Doctrine | 20 |
| IV. | CONCLUSION | ................................................. | 23 |

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Abuelhawa v. Santa Clara University*,
   2021 WL 1176689 (N.D. Cal., Mar. 29, 2021).........................................................8, 10, 11, 13

5

6

*Amable v. New Sch.*,
   No. 20-CV-3811 (KMK),2021 WL 3173739 (S.D.N.Y. July 27, 2021)....................................12

7

8

*Baird v. Wendt Enterprises, Inc.*,
   248 Cal. App. 2d 52 (Ct. App. 1967)........................................................................................18

9

*Banks v. Dominican College*,
   35 Cal. App. 4th 1545 (1995) ...................................................................................................20

10

11

*Beukas v. Bd. of Trs. of Farleigh Dickinson Univ.*,
   605 A.2d 708 (N.J. Super. Ct. 1992) ........................................................................................16

12

*Botts v. Johns Hopkins Univ.*,
   2021 WL 1561520 (D. Md. Apr. 21, 2021) ..............................................................................17

13

14

*Bright v. Bechtel Petroleum, Inc.*,
   780 F.2d 766 (9th Cir. 1986) ....................................................................................................18

15

16

*Burt v. Bd. of Trustees of Univ. of Rhode Island*,
   2021 WL 825398 (D.R.I. Mar. 4, 2021) ...................................................................................11

17

*Buschauer v. Columbia Coll. Chicago*,
   2021 WL 1293829 (N.D. Ill. Apr. 6, 2021) ..............................................................................11

18

19

*Chevlin v. Los Angeles Community College Dist.*,
   212 Cal. App. 3d 382 (1989) ....................................................................................................20

20

21

*Chong v. Ne. Univ.*,
   No. CV 20-10844-RGS, 2021 WL 1857341 (D. Mass. May 10, 2021) .....................................6

22

*Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. of the Law v.*
   *Martinez*,
   561 U.S. 661 (2010).....................................................................................................................20

23

24

*Crawford v. Presidents & Directors of Georgetown Coll.*,
   2021 WL 1840410 (D.D.C. May 7, 2021) .................................................................11, 13, 16

25

26

*Elmore v. Hartford Life & Accident Ins. Co., No. CV 18-08903-CJC(JCX), 2020 WL*
   *1276106 (C.D. Cal. Jan. 6, 2020).* .............................................................................................8

27

28

-ii-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*Espejo v. Cornell University*,
    2021 WL 810159 (N.D.N.Y., Mar. 3, 2021) ................................................................. 11

*Fedele v. Marist Coll.*,
    2021 WL 3540432 (S.D.N.Y. Aug. 10, 2021) ............................................................... 11

*Fitzpatrick v. Country Thunder Holdings, LLC*,
    2020 WL 5947624 (C.D. Cal. July 24, 2020) ......................................................... 19, 20

*Flatscher v. Manhattan Sch. of Music*,
    -- F. Supp. 3d --, 2021 WL 3077500 (S.D.N.Y. July 20, 2021) ..................................... 5

*Gociman v. Loyola Univ. of Chicago*,
    2021 WL 243573 (N.D. Ill. Jan. 25, 2021) .................................................... 11, 16, 21

*Green Valley Landowners Assn. v. City of Vallejo*,
    241 Cal. App. 4th 425 (2015) ......................................................................................... 4

*Hannibal-Fisher v. Grand Canyon Univ.*,
    2021 WL 842134 (D. Ariz. Mar. 5, 2021) ................................................................... 16

*Hannibal-Fisher v. Grand Canyon Univ.*,
    523 F. Supp. 3d 1087 (D. Ariz. 2021) ........................................................................... 6

*Hassan v. Fordham Univ.*,
    2021 WL 293255 (S.D.N.Y. Jan. 28, 2021), *opinion amended and superseded in
    part*, 2021 WL 1263136 (S.D.N.Y. Apr. 6, 2021) ........................................... 10, 11, 18

*Hedging Concepts, Inc. v. First Alliance Mortg. Co.*,
    41 Cal. App. 4th 1410 (1996) ........................................................................................ 5

*Hernandez v. Illinois Inst. of Tech.*,
    2021 WL 1600171 (N.D. Ill. Apr. 23, 2021) ............................................................... 18

*Hickey v. University of Pittsburgh*,
    No. 2:20-CV-690, 2021 WL 1630579 (W.D. Pa. Apr. 27, 2021) ........................... *passim*

*Horrigan v. Eastern Michigan Univ.*,
    No. 20-000075-MK, 2020 WL 6733786 (Mich. Ct. Cl. Sep. 24, 2020) .......................... 6

*In re Columbia Tuition Refund Action*,
    2021 WL 790638 (S.D.N.Y. Feb. 26, 2021) ............................................... 9, 11, 12, 17

*In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*,
    2021 WL 1251139 (S.D. Fla. Mar. 5, 2021) ............................................................... 17

*Jallali v. Nova Se. Univ., Inc.*,
    992 So. 2d 338 (Fla. 4th Dist. Ct. App. 2008) ............................................................ 16

-iii-

*Kashmiri v. Regents of Univ. of Ca.*,
   156 Cal. App. 4th 809 ............................................................................................ *passim*

*KGM Harvesting Co. v. Fresh Network*,
   36 Cal. App. 4th 376 (1995) ............................................................................................ 22

*Lansmont Corp. v. SPX Corp.*,
   No. 5:10-CV-05860 EJD, 2011 WL 2463281 (N.D. Cal. June 20, 2011) (Davila,
   J.)................................................................................................................................................ 5

*Lewis Jorge Construction Mgmt., Inc. v. Pomona Unified Sch. Dist.*
   34 Cal. 4th 960 (2004) ............................................................................................ 22

*Lil' Man In The Boat, Inc. v. City & Cty. of San Francisco*,
   No. 17-CV-00904-JST, 2019 WL 8263440 (N.D. Cal. Nov. 26, 2019), *aff'd*, 5
   F.4th 952 (9th Cir. 2021) ............................................................................................ 7

*Lindner v. Occidental College*,
   2020 WL 7350212 (C.D. Cal. Dec. 11, 2020) .................................................................... *passim*

*Martin v. Lindenwood Univ.*,
   2021 WL 3077665 (E.D. Mo. July 21, 2021) .................................................................... 17

*Metzner v. Quinnipiac Univ.*,
   2021 WL 1146922 (D. Conn. Mar. 25, 2021) .................................................................... 17

*Morales v. New York Univ.*,
   2021 WL 1026165 (S.D.N.Y. Mar. 17, 2021) ............................................................ 11, 13

*Nat'l Pavements Corp. of Cal. v. Hutchinson Co.*,
   132 Cal. App. 235 (1933) ............................................................................................ 20

*Nsight, Inc. v. Peoplesoft, Inc.*,
   No. C04-3836 MMCMEJ, 2007 WL 853438, at *1 (N.D. Cal. Mar. 16, 2007)........................... 7

*Paulsen v. Golden Gate Univ.*,
   25 Cal. 3d 803 (1979) ............................................................................................ 20

*Paynter v. N.Y. Univ.*,
   66 Misc. 2d 92 (N.Y. App. Div. 1971) ............................................................................................ 22

*Regents of University of California v. Superior Court*,
   193 Cal. Rptr. 3d 447 (Ct. App. 2015), 4 Cal. 5th 607 (2018) ...................................... 9

*Retired Employees Assn. of Orange Cnty., Inc. v. County of Orange*,
   52 Cal. 4th 1171 (2011) ............................................................................................ 4

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*Roe v. Loyola Univ. New Orleans*,
   2007 WL 4219174 (E.D. La. Nov. 26, 2007) .................................................................. 21

*Ryan v. Temple Univ.*,
   -- F. Supp. 3d --, 2021 WL 1581563 (E.D. Pa. Apr. 22, 2021) ...................................... 17

*Sacramento Cty. Retired Emps. Ass'n v. Cty. of Sacramento*,
   975 F. Supp. 2d 1150 (E.D. Cal. 2013).......................................................................... 17

*Searle v. Regents of Univ. of Cal.*,
   23 Cal. App. 3d 448 (1972) ........................................................................................... 16

*Shaffer v. George Washington Univ.*,
   2021 WL 1124607 (D.D.C. Mar. 24, 2021)................................................................... 11

*Smith v. Alameda Cnty. Social Servs. Agency*,
   90 Cal. App. 3d 929 (1979) ........................................................................................... 20

*Smith v. Univ. of Pennsylvania*,
   2021 WL 1539493 (E.D. Pa. Apr. 20, 2021) ................................................................ 18

*Sweezy v. State of N.H. by Wyman*,
   354 U.S. 234 (1957) (Frankfurter, J. concurring) ......................................................... 21

*Tubell v. Dade Cty. Pub. Schs.*,
   419 So.2d 388 (Fla. Dist. Ct. App. 1982) ..................................................................... 20

Universi*ty. Barkhordar v. President & Fellows of Harvard Coll.*,
   2021 WL 2535512 (D. Mass. June 21, 2021) .......................................................... 15, 18

*Wal–Noon Corp. v. Hill*,
   45 Cal. App. 3d 605 (1975) ............................................................................................. 5

*Wells v. One2One Learning Foundation*,
   39 Cal. 4th 1164 (2006) ................................................................................................. 20

*Wnorowski v. Univ. of New Haven*,
   2021 WL 3374737 (D. Conn. Aug. 3, 2021) ................................................................ 17

*Zagoria v. New York Univ.*,
   2021 WL 1026511 (S.D.N.Y. Mar. 17, 2021) ......................................................... 12, 18

*Zwiker v. Lake Superior State University*,
   No. 20-000070-MK, 2020 WL 8572097 (Mich. Ct. Cl. Aug. 31, 2020).......................... 6

**Statutes**

Cal. Civ. Code § 1511(1) .................................................................................................... 19

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-v-

Cal. Civ. Code, § 1619 ................................................................................................. 4

Cal. Civ. Code, § 1620 ................................................................................................. 4

Cal. Civ. Code, § 1621 ................................................................................................. 4

Cal. Civ. Code, § 3358 ............................................................................................... 22

**Rules**

Rule 12 .................................................................................................................. 7, 22

Rule 12(b)(6) ............................................................................................................. 15

**Other Authorities**

*UC Remote Cases*, No. JCCP5112 ............................................................................ 21

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-vi-

UNIVERSITY OF THE PACIFIC                                    CASE NO. 5:20-CV-03196-EJD
MOTION FOR SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

There is no evidentiary support for Plaintiff's claim that Defendant University of the Pacific ("Pacific") breached an agreement to provide in-person learning when it transitioned to distance learning in the spring of 2020 due to the onset of the COVID-19 pandemic.  Indeed, Plaintiff Tristan Randall's ("Plaintiff") own sworn testimony and discovery responses demonstrate that his contract claim fails as a matter of undisputed fact and law.

First, Plaintiff concedes that he executed Pacific's Student Financial Responsibility Agreement ("SFRA"), an express contract, pursuant to which Plaintiff paid tuition and fees in exchange for the ability to register for classes or receive goods and services from Pacific.  This express contract precludes Plaintiff's implied-contract claim.  Very similar language was held to be insufficient to create an agreement for in-person learning in *Hickey v. University of Pittsburgh*, No. 2:20-CV-690, 2021 WL 1630579 (W.D. Pa. Apr. 27, 2021).

Second, even if the Court were to determine that the parties' relationship is governed by an implied-in-fact contract, Plaintiff has not identified—much less proffered, evidence sufficient to support the existence and breach of—a *specific promise* by Pacific to provide Plaintiff with in-person instruction, services, or unfettered access to Pacific's campus or facilities during the spring 2020 term *under all circumstances*, as is required under governing California law.  Instead, the indisputable evidence demonstrates that Pacific provided Plaintiff everything that was promised: notwithstanding the pandemic, Plaintiff's professors taught courses, Plaintiff received educational services, Plaintiff received credits for the spring 2020 courses he completed, and Plaintiff received a degree.  Plaintiff was contractually entitled to no more.

Third, even *if* such an enforceable "contract" for in-person instruction or services could be found, Pacific's performance was excused by applicable government orders and public-health guidelines, which made clear that such in-person instruction and services would have been both unlawful and unsafe.  Under California law, intervening government action precluding Pacific's performance releases it from any liability.

-1-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Lastly, all of Plaintiff's claims fail because his demand for damages inherently requires an analysis of the alleged differences in the quality and value of remote instruction implemented in response to a global pandemic as compared to in-person instruction during normal times. Plaintiff's deposition testimony makes clear that his theory of damages is based entirely on changes to pedagogical methods, and any analysis of such changes squarely implicates the education malpractice doctrine.

For these reasons, as more fully set forth below, Pacific respectfully requests that this Court issue summary judgment in its favor and against Plaintiff on Plaintiff's sole cause of action for breach of contract.

## II.  RELEVANT FACTS AND PROCEDURAL BACKGROUND

This action was originally filed on May 10, 2020, by prior named plaintiff Viney Saroya. *See* Dkt. No. 1. The original and first amended complaints asserted claims for breach of contract, unjust enrichment, conversion, and money had and received. *Id.* Of these claims, only the breach of contract claim was permitted to proceed. *See* Dkt. No. 45 (dismissing claims for conversion and money had and received); Dkt. No. 66 (dismissing unjust enrichment claim). The Court bifurcated discovery, allowing discovery only as to the named plaintiff, and allowed Pacific to file a summary judgment motion on the named plaintiff's individual claims before any class certification discovery. *See* Dkt. No. 47.

After filing a second amended complaint, Saroya withdrew as the named plaintiff and Tristan Randall was substituted in as the proposed class representative. *See* Dkt. Nos. 64, 67.

Plaintiff Randall was a senior enrolled at Pacific for the spring 2020 semester. Declaration of Vito A. Costanzo ("Costanzo Decl.") Ex. C ("Randall Dep. Tr.") at 47:2-15; Costanzo Decl. Ex. E. (Randall Dep. Ex. 35). During his tenure at Pacific, Plaintiff executed an SFRA for each semester he took classes, including the spring 2020 semester. *See* Separate Statement Fact ("SSF") No. 1.

Plaintiff was enrolled in four classes during the spring 2020 semester. *See* Costanzo Decl. Ex. G (Randall Dep. Ex. 35). He completed each of his courses during the spring 2020 semester, including after Pacific transitioned to distance learning in response to the COVID-19 pandemic and

-2-

government orders.  SSF No. 16.  At the end of the spring 2020 semester, Plaintiff was awarded

credits for all classes taken, and graduated from Pacific with a Bachelor of Science degree in

Bioengineering.  SSF No. 17; Costanzo Decl. Ex. E. (Randall Dep. Ex. 35).  The transition to

distance learning did not delay or impede Randall's education, as Randall completed his degree in

four years.  *See* Costanzo Decl. Ex. E (Randall Dep. Ex. 35).  He promptly went on to secure

employment in the same field as his degree, and then successfully applied to U.C. Davis's graduate

business school.  Costanzo Decl. Ex. F (Randall Dep. Ex. 41).

Despite admitting that he received instruction, credits, and his degree at the conclusion of

the spring 2020 semester, Plaintiff maintains that Pacific breached its agreement with him.  Plaintiff

bases that claim entirely on course descriptions in Pacific's catalog, the class location listed on

course syllabi, statements about Pacific's policies which are wholly silent as to the mode of

instruction, and aspirational, non-binding statements in Pacific's marketing materials including:

- the statement in the course catalog, "graduation requirements, each student is expected to consult regularly with his or her faculty advisor,"  Randall Dep. Tr. at 50:21-51:16;

- the requirement that Plaintiff create design documentation and demonstration as part of his senior project, Randall Dep. Tr. at 54:4-16; 60:8-19;

- the statement in one of his spring 2020 course descriptions that "students are also use of [sic] instruments in the lab" and "prepare a measurement project," Randall Dep. Tr. at 61:3-62:25;

- a class description including the use of case discussions, Randall Dep. Tr. at 63:13-64:13.

- the fact that a class has a lab component, Randall Dep. Tr. at 71:7-23;

- information regarding the campus locations where classes would be taught, Randall Dep. Tr. at 24:15-24; 106:20-108:7;

- Pacific's class attendance policy, in conjunction with course policies limiting the number of student absences, Randall Dep. Tr. at 82:6 – 83:8;

- Pacific's academic residence requirement policy, which states that "students will be given the opportunity to take classes on the Stockton campus," Randall Dep. Tr. at 83:9 – 86:12;

- the academic residence requirement policy, which he claims means that students must take a

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-3-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1    certain number of credits on campus in order to graduate, even though no students were

2    denied graduation, credits, or degrees as a result of the transition to distance learning,

3    Randall Dep. Tr. at 83:9-86:12;

4 • Pacific's graduation requirements for Bachelor's degrees, which states that "requirements

5    must be completed at Pacific," Randall Dep. Tr. at 87:13-88:8;

6 • course syllabi, which Plaintiff contends are "written in stone," Randall Dep. Tr. at 64:18-23;

7 • the parties' prior course of conduct, Randall Dep. Tr. at 95:11-12;

8 • Plaintiff contends that the former chair of Pacific's bioengineering department represented

9    that all classes would be exclusively in-person, even though the chair was actually asking

10    students about a possibility of offering some courses online in the future, Randall Dep. Tr. at

11    40:4-41:23; and

12 • that Pacific's website, social media, and posters contained photos of students attending

13    events, Randall Dep. Tr. at 94:11-95:25; 102:5-25.

14    As discussed below, no court analyzing similar statements has held that such statements are

15 sufficiently specific contractual promises of in-person instruction.

16 **III.**    <u>**ARGUMENT**</u>

17    **A.**    <u>**Pacific Is Entitled To Judgment On Plaintiff's Only Cause Of Action For**</u>

18       <u>**Breach Of Contract Because Pacific Did Not Breach The Express Contract**</u>

19       <u>**Between The Parties.**</u>

20    Under California law, "[a] contract is either express or implied." Cal. Civ. Code, § 1619.

21 The terms of an express contract are stated in words. Cal. Civ. Code, § 1620. The existence and

22 terms of an implied contract are manifested by conduct. Cal. Civ. Code, § 1621. "The distinction

23 reflects no difference in legal effect but merely in the mode of manifesting assent." *Retired*

24 *Employees Assn. of Orange Cnty., Inc. v. County of Orange*, 52 Cal. 4th 1171, 1178 (2011)

25 (citations omitted). "The essential elements of a claim of breach of contract, whether express or

26 implied, are the contract, the plaintiff's performance or excuse for nonperformance, the defendant's

27 breach, and the resulting damages to the plaintiff." *Green Valley Landowners Assn. v. City of*

28 *Vallejo*, 241 Cal. App. 4th 425, 433 (2015).

-4-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1    However, "there cannot be a valid, express contract and an implied contract, each embracing

2    the same subject matter, existing at the same time." *Wal–Noon Corp. v. Hill*, 45 Cal. App. 3d 605,

3    613 (1975); *accord Hedging Concepts, Inc. v. First Alliance Mortg. Co.*, 41 Cal. App. 4th 1410,

4    1419 (1996); *Lansmont Corp. v. SPX Corp.*, No. 5:10-CV-05860 EJD, 2011 WL 2463281, at *5

5    (N.D. Cal. June 20, 2011) (Davila, J.) (citing *Wal-Noon Corp.* in dismissing unjust enrichment

6    claim based on implied contract theory).  "The reason for the rule is simply that where the parties

7    have freely, fairly and voluntarily bargained for certain benefits in exchange for undertaking certain

8    obligations, it would be inequitable to imply a different liability and to withdraw from one party

9    benefits for which he has bargained and to which he is entitled." *Wal-Noon Corp.*, 45 Cal. App. 3d

10   at 613.

11   This principle holds true in the education context, where an implied-in-fact contract may

12   only arise if there is no express agreement between student and school. *See Kashmiri v. Regents of

13   Univ. of Ca.*, 156 Cal. App. 4th 809, 827 (finding an implied-in-fact contract existed between

14   university and its students where no formal contract existed between parties and citing case law

15   across jurisdictions for same proposition).  Under *Kashmiri*, in the absence of an express contract,

16   courts may consider statements made in university catalogues, bulletins, circulars, and regulations

17   as part of the contract terms "only if they are 'implied-in-fact' contract provisions." *Id.* at 828[1]; *see

18   Flatscher v. Manhattan Sch. of Music,* -- F. Supp. 3d --, 2021 WL 3077500, at *5 (S.D.N.Y. July

19   20, 2021) (looking to university bulletin, circulars, and regulations for implied contract terms where

20   parties agreed no express contract existed between the parties).

21   The court's analysis in *Hickey v. University of Pittsburgh*, another tuition refund case arising

22   out of a university's suspension of in-person instruction in response to COVID-19, is directly on

23   point.  *See* No. 2:20-CV-690, 2021 WL 1630579 (W.D. Pa. Apr. 27, 2021).  In *Hickey*, the court

24   explained that under Pennsylvania law—which follows California law on this point, *see Wal–Noon*

---

[1] At the pleadings stage, viewing the First Amended Complaint in the light most favorable to
Plaintiff, the Court permitted Plaintiff's implied-contract claim to proceed on the grounds that
Plaintiff sufficiently pled that the SFRA could be considered together with other documents.  *See*
Dkt. No. 45 at 9.  Discovery and recent cases analyzing similar claims make clear, however, that
Plaintiff cannot advance an implied-contract theory where an express contract like the SFRA
governs.

-5-

UNIVERSITY OF THE PACIFIC MOTION TO                    CASE NO. 5:20-CV-03196-EJD
DISMISS SECOND AMENDED COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*Corp.*, 45 Cal. App. 3d at 613—"where an express written agreement has been validly entered into by both parties, a party may not allege that an implied contract exists as to terms in the written agreement." *Id.* at *3. As with the SFRA here, the financial responsibility agreement in *Hickey* required the student to "pay tuition and fees that the University assesses as a result of registering for classes or in connection with any other services that the University provides." The *Hickey* court found that nothing in that express agreement promised that instruction or services would be provided in any particular format or mode, and as such, the plaintiff's claims failed. *Id.*

In so holding, the *Hickey* court held that the express Financial Responsibility Agreement controlled and declined the plaintiffs' invitation to read additional terms into that express agreement. *Id.* Under the terms of the express agreement, the payment of tuition was consideration for "registering for any class or receiving any service from Northeastern." *Id.* This is analogous to the SFRA in this case, wherein Plaintiff agreed to pay charges in exchange for registering classes or receiving goods and services.

The *Hickey* court interpreted this language to "tie[] the payment of tuition to registration for courses, not to receipt of any particular method of course instruction." *Id.*; *accord Hannibal-Fisher v. Grand Canyon Univ.*, 523 F. Supp. 3d 1087, 1094 (D. Ariz. 2021) (analyzing similar language and holding that no language in an express agreement guaranteed in-person instruction); *Chong v. Ne. Univ.*, No. CV 20-10844-RGS, 2021 WL 1857341, at *5 (D. Mass. May 10, 2021) (express financial responsibility agreement, coupled with university's reservation of rights, rendered plaintiffs' breach of contract claims inactionable); *Zwiker v. Lake Superior State University*, No. 20-000070-MK, 2020 WL 8572097 (Mich. Ct. Cl. Aug. 31, 2020) (express student financial responsibility agreement controlled pursuant to which bargained-for exchange was payment of tuition for ability to register for classes and receive *any* services); *Horrigan v. Eastern Michigan Univ.*, No. 20-000075-MK, 2020 WL 6733786, at *4 (Mich. Ct. Cl. Sep. 24, 2020) (same).

Here, Plaintiff admits that he executed the SFRA for each semester he was enrolled at Pacific, including the spring 2020 semester. SSF No. 1. The plain and unambiguous language of the SFRA is substantially identical to the language analyzed in *Hickey* and the other cases analyzing such express agreements in COVID tuition refund cases:

UNIVERSITY OF THE PACIFIC MOTION TO
DISMISS SECOND AMENDED COMPLAINT

CASE NO. 5:20-CV-03196-EJD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

I acknowledge that when I register for any courses with the University of the

Pacific or receive services or purchase goods, I am responsible for all "charges"

as they are posted to my account but are not limited to tuition, fees, room and

board, meal plans, Laptop Agreement, bookstore charges and library fees.  I

further understand and agree that my registration and acceptance of these terms

constitutes a promissory note agreement . . . in which *the University of the Pacific*

*is providing me educational services*, deferring some or all of my payment

obligations for those services, and I promise to pay for all assessed tuition, fees,

and other associated costs by the published or assigned due date.

SSF No. 2 (emphasis added).

Nothing in the SFRA promises that any of the "educational services" provided by Pacific

will be in an exclusively in-person format.  Plaintiff agreed to pay tuition in exchange for an

education, full stop.  As such, there was no promise of in-person instruction, and no breach.

**B.**     **Plaintiff Has Not—And Cannot—Identify A *Specific Enforceable Promise* For**
         **In-Person Instruction Or Services.**

Even if the Court determines that the SFRA does not govern this dispute, Plaintiff's breach

of contract claim still fails because Plaintiff has not, and cannot, identify any *specific promise* made

by Pacific that it would provide exclusively in-person instruction in all circumstances.

While courts around the country have differed as to whether student-plaintiffs bringing

tuition refund cases like this have sufficiently pled a breach of contract claim to survive a Rule 12

motion or other pleading challenge, there can be no dispute that at the summary judgment stage a

plaintiff must now proffer admissible evidence sufficient to create a triable issue.  *Lil' Man In The*

*Boat, Inc. v. City & Cty. of San Francisco*, No. 17-CV-00904-JST, 2019 WL 8263440, at *5 (N.D.

Cal. Nov. 26, 2019), *aff'd*, 5 F.4th 952 (9th Cir. 2021) (the party opposing summary judgment must

"identify with reasonable particularity the evidence that precludes summary judgment" and a "mere

scintilla of evidence will not be sufficient to defeat a properly supported motion for summary

judgment; rather, the nonmoving party must introduce some significant probative evidence tending

to support the complaint") (citations omitted); *Nsight, Inc. v. Peoplesoft, Inc.*, No. C04-3836

-7-

1   MMCMEJ, 2007 WL 853438, at *1 (N.D. Cal. Mar. 16, 2007) (granting defendant's summary

2   judgment motion where Plaintiff failed to raise a genuine issue of material fact).

3          This means that Plaintiff must provide evidence supporting each element of his breach of

4   contract claim including, *inter alia*, identifying and providing admissible evidence of the

5   enforceable contract provisions that he contends Pacific breached *and his* damages flowing from

6   that breach.  Elmore v. Hartford Life & Accident Ins. Co., No. CV 18-08903-CJC(JCX), 2020 WL

7   1276106 (C.D. Cal. Jan. 6, 2020) at *5; *see also Kashmiri,* 156 Cal. App. at 820 (2007) (denying

8   plaintiff's summary judgment motion on contract claim).  Plaintiff cannot simply rely on his

9   pleadings to meet these requirements.  *Elmore*, 2020 WL 1276106, at *4 (citing *United States v.*

10  *Allen*, 578 F.2d 236, 237 (9th Cir. 1978)).

11         1.      Plaintiff Must Offer Evidence Of A *Specific*, Unequivocal Promise By

12                 Pacific That Was Breached; General Statements In Pacific's Publications Are

13                 Not Sufficient.

14         Plaintiff contends that he entered into a contract with Pacific for live, in-person, instruction

15  and services for the entirety of the spring 2020 academic term, regardless of circumstances. TAC

16  (Dkt. No. 68) ¶ 45.  Plaintiff contends that this contract with Pacific is an "implied-in-fact"

17  agreement—rather than an express agreement—evidenced by various statements on the Pacific

18  website, academic catalogs, student handbooks, marketing materials and other circulars, bulletins,

19  publications and course of dealing.  *Id.*; *see also* SSF No. 8.

20         While, in the context of an implied-in-fact contract between a student and university, the

21  terms of such a contract can be based on university publications, "[n]ot all statements in [university]

22  publications amount to contractual obligations."  *Kashmiri*, 156 Cal. App. at 829.  Indeed,

23  California law is clear that "general and vague declarations or promises in university publications"

24  do not create contractual obligations – only *specific* promises do.  *Id.* at 832-33.[2]  As such, the

25  _____

26  [2] *See also UC Remote Cases*, Case No. JCCP5112, Ruling/Order on Demurrer (Super. Ct. July 29,
    2021) ("This focus on a 'specific promise' acknowledges the education malpractice doctrine and
27  ensures judicial efficiency by allowing most issues to be decided by academic institutions, who are
    best positioned to do so."); *see also Abuelhawa v. Santa Clara University*, 2021 WL 1176689, at *5
28  (N.D. Cal., Mar. 29, 2021) (specific promise requirement is "reinforc[ed] … [by] the 'widely
    accepted rule of judicial nonintervention into the academic affairs of schools.'") (citation omitted).

UNIVERSITY OF THE PACIFIC MOTION TO                    CASE NO. 5:20-CV-03196-EJD
DISMISS SECOND AMENDED COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

assertion of an "implied" contract does not negate Plaintiff's obligation to offer evidence of a specific, unequivocal promise by Pacific. *Id.* at 825-26, 831 (whether a student's expectation that a statement by the university creates a contractual obligation is "reasonable" is "measured by the definiteness, specificity, or explicit nature *of the representation at issue*.").

In *Kashmiri*, the requirement of a "specific promise" not to raise professional degree fees for the duration of each students' enrollment was satisfied by specific language on the university website and in catalogs stating that "[i]ncreases in the Fee apply to new students only.  The Fee will remain the same for each student for the duration of his or his enrollment in the professional degree program." *See Kashmiri,* 156 Cal. App. 4th at 816.[3]  More recently, a district court found Pace University's statement that "'[o]n-campus' courses would be 'taught with *only traditional in-person, on-campus class meetings*'" was a sufficiently explicit promise to state a claim for in-person instruction.  *In re Columbia Tuition Refund Action*, 2021 WL 790638, at *5 (S.D.N.Y. Feb. 26, 2021) (emphasis added).

In contrast, a California Appellate Court found no specific promise was made by UCLA, wherein it stated in its publications that it was "committed to providing a safe work environment . . . free from violence or threats of harm." *Regents of University of California v. Superior Court,* 193 Cal. Rptr. 3d 447, 471 (Ct. App. 2015), *rev'd on other grounds*, 4 Cal. 5th 607 (2018). Rather than serve as a "specific promise that the university would undertake a legal duty to protect its students," the statement was "in the nature of a general declaration expressing the importance the university places on the issue of campus safety." *Id.*

Likewise, courts in California have recently applied *Kashmiri* and its progeny to dismiss claims *identical to the Plaintiff's claims here*, on grounds that "university statements promoting the on-campus experience" and other general statements in university publications are, at-best, "merely a general declaration expressing the importance the university places on in-person education, not a definite, specific, or explicit promise" for an "on-campus instruction or experience." *See UC*

---

[3] The *Kashmiri* plaintiffs asserted that the university breached such promise by raising professional degree fees.  The university argued that it had reserved the right to do so through another statement on the website that "Fees are subject to change without notice."  *Kashmiri*, 156 Cal. App. 4th at 816.

UNIVERSITY OF THE PACIFIC MOTION TO
DISMISS SECOND AMENDED COMPLAINT

CASE NO. 5:20-CV-03196-EJD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

1    *Remote Cases*, Case No. JCCP5112, Ruling/Order on Demurrer (Super. Ct. July 29, 2021)

2    (dismissing nearly identical contract-based claims for all UC campuses) (internal citations and

3    quotations omitted); *Lindner v. Occidental College*, 2020 WL 7350212, at *8 (C.D. Cal. Dec. 11,

4    2020) ("Plaintiffs have failed to identify any specific language in the 2019-2020 Catalog or any

5    other publication from Occidental that promises in-person instruction."); *Abuelhawa*, 2021 WL

6    1176689 at *5, 7 (dismissing claims against Santa Clara University).

7         Analyzing substantially similar facts under *Kashmiri* and its progeny, Judge Walter of the

8    Central District of California dismissed the student's claims in *Lindner* on the grounds that the

9    student failed to identify a specific promise of in-person instruction.  *Lindner*, 2020 WL 7350212,

10   at *8.  In so doing, the Court held: (i) the university's class attendance policy stating that "regular

11   class attendance is expected of all students" contained no promise of in-person instruction because

12   attendance is possible both in-person and remotely; and (ii) the designation of a specific location for

13   classes does not equate to a promise that class will always meet in that location, especially where

14   the university "reserve[d] the right to change fees, modify its services, or change its program should

15   economic conditions or national emergency make it necessary to do so."  *Id.* at *2.

16        Here, Plaintiff made the same assertions rejected in *Linder* when he testified that Pacific's

17   attendance policy (which includes no requirement that attendance be exclusively in-person) and the

18   designation of classrooms on his course syllabi constituted specific promises of in-person

19   instruction.  SSF Nos. 17 and 8.

20        Plaintiff further testified that course descriptions, a lab component for classes, and

21   graduation requirements constitute promises of in-person instruction, as detailed further in Section

22   III.B.2, below.  But courts around the country considering COVID-related tuition refund cases

23   involving the same contentions—including the recent cases in California noted above—have

24   explained that such general statements describing the campus, amenities, class locations, class

25   attendance requirements, and campus life are *not* specific promises giving rise to a contractual

26   obligation to provide in-person instruction or services:

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

-10-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- Attendance policies are not specific promises of in-person instruction. *Hassan v. Fordham Univ.*, 2021 WL 293255, at *8 (S.D.N.Y. Jan. 28, 2021), *opinion amended and superseded in part*, 2021 WL 1263136 (S.D.N.Y. Apr. 6, 2021).

- Course descriptions stating that "lecture (in-person)" is not a binding contract term. *Gociman v. Loyola Univ. of Chicago*, 2021 WL 243573, at *4 (N.D. Ill. Jan. 25, 2021); *see also Hassan*, 2021 WL 293255, at *5; *Fedele v. Marist Coll.*, 2021 WL 3540432, at *4 (S.D.N.Y. Aug. 10, 2021).

- Course catalog designating on-campus locations for classes is not a specific promise of in-person instruction. *See Abuelhawa*, 2021 WL 1176689, at *5 (N.D. Cal. Mar. 29, 2021); *Morales v. New York Univ.*, 2021 WL 1026165, at *1 (S.D.N.Y. Mar. 17, 2021); *Crawford v. Presidents & Directors of Georgetown Coll.*, 2021 WL 1840410, at *5 (D.D.C. May 7, 2021).

- University advertising of campus life and general amenities are not binding promises of in-person instruction or services. *See Abuelhawa*, 2021 WL 1176689, at *5 (N.D. Cal. Mar. 29, 2021); *In re Columbia Tuition Refund Action*, 2021 WL 790638, at *4 (S.D.N.Y. Feb. 26, 2021); *Shaffer v. George Washington Univ.*, 2021 WL 1124607, at *2 (D.D.C. Mar. 24, 2021); *Buschauer v. Columbia Coll. Chicago*, 2021 WL 1293829, at *5 (N.D. Ill. Apr. 6, 2021) (citing *Oyoque v. DePaul Univ.*, 2021 WL 679231 (N.D. Ill. Feb. 21, 2021) for proposition that "[M]arketing materials 'are not among the terms of the contract between universities and their students.'"); *Espejo v. Cornell University*, 2021 WL 810159, at *4 (N.D.N.Y., Mar. 3, 2021) (marketing statements "intended to inform potential students of available amenities, do not amount to a contractually-enforceable *promise* to provide them irrespective of changing or unanticipated circumstances") (emphasis in original, internal quotations and citation omitted); *Burt v. Bd. of Trustees of Univ. of Rhode Island*, 2021 WL 825398, at *4 (D.R.I. Mar. 4, 2021) (marketing of university facilities and activities not promises of in-person instruction); *Hickey*, 2021 WL 1630579, at *5 (W.D. Pa. Apr. 27, 2021) (depictions of on-campus

UNIVERSITY OF THE PACIFIC MOTION TO                    CASE NO. 5:20-CV-03196-EJD
DISMISS SECOND AMENDED COMPLAINT

experience not specific promises of exclusively in-person instruction and services), *appeal filed*.

- Course descriptions touting direct engagement, networking, and site visits are not promises of in-person instruction. *See Zagoria v. New York Univ.*, 2021 WL 1026511, at *4 (S.D.N.Y. Mar. 17, 2021).

- An advertisement that certain programs are fully online does not entitle students in other programs to exclusively in-person instruction. *In re Columbia Tuition Refund Action*, 2021 WL 790638, at *4; *Amable v. New Sch.*, No. 20-CV-3811 (KMK),2021 WL 3173739, at *6 (S.D.N.Y. July 27, 2021).

2.   <u>Plaintiff Has Not, And Cannot, Proffer Evidence Of A Specific Promise For In-Person Instruction Or Services.</u>

Despite extensive discovery, Plaintiff has not identified even a single specific promise by Pacific to provide him with in-person instruction or services, much less a specific promise to provide such in-person instruction or experiences during the spring 2020 term when it would have been unlawful and unsafe to do so.

In response to Pacific's interrogatory asking Plaintiff to identify the contract provisions allegedly breached and the documents those provisions are contained in, Plaintiff responded:

> Plaintiff and UOP entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services to Mr. Randall. The terms of the contractual agreement, in addition to being implied by a long prior course of conduct, were set forth in publications from Defendant, including Defendant's General Stockton Course Catalog for 2019-2020 (the "Course Catalog"), along with its website, student handbook, online course registration portal, course-specific syllabi, marketing materials, and other correspondence, circulars, bulletins, and publications.

Costanzo Decl. Ex. D (Randall Dep. Ex. 6, Supplemental ROG Responses) at ROG No. 1.  This generic response does not identify any specific promise made by Pacific concerning *the mode of*

-12-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

*instruction*, nor could these vague assertions support a finding that Pacific ever promised unfettered access to campus or exclusively in-person campus activities.

The remainder of Plaintiff's response to this same interrogatory fares no better.  Plaintiff asserts that the designation of class locations when he registered for classes created an expectation of in-person instruction, *see id.*, but such a designation has been consistently held to not constitute a promise of in-person instruction.  *See Abuelhawa*, 2021 WL 1176689, at *5 (N.D. Cal. Mar. 29, 2021); *Morales*, 2021 WL 1026165, at *1 (S.D.N.Y. Mar. 17, 2021); *Crawford,* 2021 WL 1840410, at *5 (D.D.C. May 7, 2021).  Pacific simply never promised to provide Plaintiff with in-person instruction or unfettered access to its campus or facilities under all circumstances.

Nor do any of the policy statements that Plaintiff cites in his interrogatory response promise in-person instruction.  Class attendance policies requiring regular attendance are not promises of in-person instruction, as remote class attendance is still class attendance.  *Lindner*, 2020 WL 7350212, at *2.  None of the other policy provisions cited in Plaintiff's interrogatory response promise in-person instruction or any particular mode of instruction.  Costanzo Decl. Ex. D (Randall Dep. Ex. 6, Supplemental ROG Responses) at ROG No. 1.

During Plaintiff's deposition, Plaintiff claimed to interpret the following to be promises of in-person instruction, each of which fails as a matter of law:

- the statement in the course catalog, "graduation requirements, each student is expected to consult regularly with his or her faculty advisor,"  Randall Dep. Tr. at 50:21-51:16;

- the requirement that Plaintiff create design documentation and demonstration as part of his senior project, Randall Dep. Tr. at 54:4-16; 60:8-19;

- the statement in one of his spring 2020 course descriptions that "students are also use of [sic] instruments in the lab" and "prepare a measurement project," Randall Dep. Tr. at 61:3-62:25;

- a class description including the use of case discussions, Randall Dep. Tr. at 63:13-64:13.

- the fact that a class has a lab component, Randall Dep. Tr. at 71:7-23;

- information regarding the specific on-campus locations where classes would be taught, Randall Dep. Tr. at 24:15-24; 106:20-108:7;

-13-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

- Pacific's class attendance policy, in conjunction with course policies limiting the number of student absences, Randall Dep. Tr. at 82:6-83:8;

- Pacific's academic residence requirement policy, which states that "students will be given the opportunity to take classes on the Stockton campus," Randall Dep. Tr. at 83:9-86:12;

- the academic residence requirement policy, which he claims means that students must take a certain number of credits on campus in order to graduate, even though no students were denied graduation, credits, or degrees as a result of the transition to distance learning, Randall Dep. Tr. at 83:9-86:12;

- Pacific's graduation requirements for Bachelor's degrees, which states that "requirements must be completed at Pacific," Randall Dep. Tr. at 87:13-88:8;

- course syllabi, which Plaintiff contends are "written in stone," Randall Dep. Tr. at 64:18-23;

- the parties' prior course of conduct, Randall Dep. Tr. at 95:11-12;

- Plaintiff contends that the former chair of Pacific's bioengineering department represented that all classes would be exclusively in-person, but the chair was actually asking students about a possibility of offering some courses online in the future, Randall Dep. Tr. at 40:4-41:23; and

- that Pacific's website, social media, and posters contained photos of students attending events, Randall Dep. Tr. at 94:11-95:25; 102:5-25.

However, as analyzed above, none of these contentions are sufficient as a matter of law to constitute specific promises of in-person instruction.  In fact, Plaintiff admitted at his deposition that Pacific's catalog expiration and requirements policy does not promise in-person instruction. Randall Dep. Tr. 86:13-87:12.  Plaintiff could not otherwise identify *any* documents or statements that he believed to contain promises of in-person instruction.  Randall Dep. Tr. at 102:19-103:8.

Moreover, while Plaintiff testified that, prior to enrolling, he visited campus and spoke to some Pacific students, Plaintiff could not identify any other materials that he asserts constitute terms of the contract.  Randall Dep. Tr. at 22:15-23:25.  Nor did Plaintiff cite to in-person instruction as a factor in his decision to apply to Pacific.  SSF No. 4.

Plaintiff was similarly unable to identify a specific promise that Pacific would provide any

-14-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

specific in-person services in exchange for Plaintiff's payment of fees.  Plaintiff generally alleges in the TAC that he agreed to pay certain (unspecified) fees and that Pacific would, in exchange, provide in-person services.  TAC ¶ 48.  This bald assertion, however, is insufficient to create a triable issue.  Plaintiff has failed to support or develop his allegations through discovery and, in fact, has not even proffered any evidence about what fees he asserts should be refunded.  Instead— and like Plaintiff's tuition refund claim—Plaintiff continues to assert only generically that he paid "fees" for "in-person educational services, experiences, opportunities, and other related services." Costanzo Decl. Ex. D (Randall Dep. Ex. 6) at ROG No. 1.  As discussed above, generic assertions of expectations or alleged promises, with no evidence of a specific promise by Pacific that it would provide Plaintiff access to specific facilities or in-person experiences or activities in exchange for payment of a specific fee, are insufficient under *Kashmiri* and its ilk to state a breach of contract claim.  Thus, Plaintiff's fee-based claims fail as a matter of law.

Even at the early motion to dismiss phase, numerous courts analyzing tuition refund claims arising from COVID-19 transitions to distance learning have held that a plaintiff's failure to identify the specific documents and language promising certain benefits in exchange for payment was fatal to the plaintiff's claims.  The court's analysis in *Barkhordar* is particularly instructive. On a motion brought pursuant to Rule 12(b)(6), the court dismissed plaintiff's breach of contract claim against Harvard College because the plaintiff failed to tie any alleged promises to documents or statements by Harvard College.  In so holding, the court analyzed and cited each of the plaintiff's detailed allegations concerning what services, experiences, and opportunities were supposedly promised, finding that such allegations were insufficient as they cannot substitute for identifying the specific documents and statements containing promises from the University.  *Barkhordar v. President & Fellows of Harvard Coll.*, 2021 WL 2535512, at *5 (D. Mass. June 21, 2021).  Here, Plaintiff has had an opportunity to conduct discovery and still cannot meet this standard.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

3.   <u>Pacific's Reservation Of Rights Negates Any Alleged Promise Of In-Person Instruction.</u>

Pacific's course catalog contains a reservation of rights which states: "The university reserves the right to change fees, modify its services or change its programs at any time and without prior notice being given."  Costanzo Decl. Ex. E (Randall Dep. Ex. 7) at RANDALL_000004.

Such a reservation of rights has been recognized by numerous courts analyzing COVID-related tuition refund cases to negate any possibility of a specific promise to provide exclusively in-person instruction. *See Searle v. Regents of Univ. of Cal.*, 23 Cal. App. 3d 448, 452 (1972) (recognizing university's discretion to change policy); *Jallali v. Nova Se. Univ., Inc.*, 992 So. 2d 338, 342-43 (Fla. 4th Dist. Ct. App. 2008) (university not liable for changing policies where handbook reserved right to "revise or modify" policies "at any time"); *Lindner*, 2020 WL 7350212, at *8 (no promise of in-person instruction where school "reserve[d] the right to change fees, modify its services, or change its program should economic conditions or national emergency make it necessary to do so.") (modification in original); *Gociman*, 2021 WL 243573, at *4 (dismissing breach of contract claim where course catalog reservation of rights to change "curriculum, course structure and content"); *Hannibal-Fisher v. Grand Canyon Univ.*, 2021 WL 842134, at *4 (D. Ariz. Mar. 5, 2021) (reservation of rights to "make changes of any nature" to class offerings renders breach of contract claim inactionable); *Beukas v. Bd. of Trs. of Farleigh Dickinson Univ.*, 605 A.2d 708, 708-09 (N.J. Super. Ct. 1992) (reservation of right to eliminate any college within university subject to giving adequate notification precluded contract claim); *Crawford*, 2021 WL 1840410, at *7 (characterizing similarly worded reservation of rights as broad and holding it undermined tuition refund claims).

Thus, to the extent Plaintiff's claim is predicated on an unidentified promise contained in Pacific's course catalog, the claim fails because Pacific expressly reserved its right to make changes to statements in the bulletin.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

4.   No Specific Promise For In-Person Instruction During The Spring 2020 Semester Arose Through Pacific's Prior Course Of Conduct Or The Parties' General Expectations About "Normal" Times.

Plaintiff's argument that Pacific's "prior course of conduct" means that Pacific promised exclusively in-person instruction for the duration of the spring 2020 term likewise fails.  Costanzo Decl. Ex. D at Response to ROG No. 1; Randall Dep. Tr. 95:11-12.  Both law and logic dictate that the provision of in-person instruction under *normal* conditions cannot set any precedent or implied promise for the provision of in-person instruction in *abnormal* circumstances, such as during a worldwide health crisis.

Under California law, course of conduct can only give rise to an implied contractual term if there is evidence of an intent to promise to continue that conduct, regardless of circumstances—plaintiff's own belief that he is entitled to receive a benefit is insufficient.  *Sacramento Cty. Retired Emps. Ass'n v. Cty. of Sacramento*, 975 F. Supp. 2d 1150, 1166 (E.D. Cal. 2013); *see also Kashmiri*, 156 Cal. App. 4th at 833.  Indeed, *Kashmiri* addressed this very question, rejecting the assertion that UC's past practice of keeping its fees static for enrolled students created an implied contract not to raise them in the future, and instead rooted UC's contractual obligation in UC's specific, explicit, and unequivocal promise in its publications not to raise that fee for students once enrolled.  *Id.* at 833; *see also id.* at 838.  Because UC's promise was specific and unequivocal, the Court found that UC remained bound by that promise – regardless of any changed circumstances; there, the newly arising fiscal need.  *Id.* at 838.

Here, Plaintiff cannot present any evidence of Pacific's intent to promise that its pre-COVID practices would continue regardless of circumstances.  Without such evidence, no contract can arise based on Pacific's past conduct.

Citing this same reasoning, courts that have analyzed this precise issue[4] have uniformly

---

[4] There are a few outlier cases where the courts have concluded, at the pleading stage and under those states' contract laws, that course of conduct may create an expectation of in-person instruction.  *See Martin v. Lindenwood Univ.*, 2021 WL 3077665, at *6 (E.D. Mo. July 21, 2021); *Metzner v. Quinnipiac Univ.*, 2021 WL 1146922, at *10 (D. Conn. Mar. 25, 2021); *Botts v. Johns Hopkins Univ.*, 2021 WL 1561520, at *9 (D. Md. Apr. 21, 2021)*, Wnorowski v. Univ. of New*

-17-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

refused to find a specific promise of in-person instruction arising from the parties' prior course of conduct. *See Ryan v. Temple Univ.*, -- F. Supp. 3d --, 2021 WL 1581563, at *9 n.11 (E.D. Pa. Apr. 22, 2021) ("The Court further notes that the provision of in-person instruction under normal conditions is unlikely to be precedential in the wake of unprecedented circumstances.") (citing *Roe v. Loyola Univ. New Orleans*, 2007 WL 4219174, at *2 (E.D. La. Nov. 26, 2007); *In re Columbia Tuition Refund Action*, 2021 WL 790638, at *4 (S.D.N.Y. Feb. 26, 2021) ("[The fact that Columbia provided in-person instruction in Plaintiffs' courses before March 2020 does not imply a contractual entitlement to continued instruction in the same location and manner."); *Smith v. Univ. of Pennsylvania*, 2021 WL 1539493, at *4 (E.D. Pa. Apr. 20, 2021) ("[T]he plaintiffs cannot base their claim for breach of contract on Penn's prior course of conduct."); *Zagoria v. New York Univ.*, 2021 WL 1026511, at *5 (S.D.N.Y. Mar. 17, 2021) ("Breach of contract actions between a student and a university 'must be grounded in a text' and may not be inferred from the conduct of the parties."); *accord Hassan*, 2021 WL 293255, at *7 ("[P]rior conduct in the educational setting does not transfer over time into contractual entitlement."); *Barkhordar*, 2021 WL 2535512, at *6 (D. Mass. June 21, 2021) ("Harvard's customary conduct in ordinary circumstances does not create an implied-in-fact contract requiring the same conduct during extraordinary circumstances."); *Hernandez v. Illinois Inst. of Tech.*, 2021 WL 1600171, at *5 (N.D. Ill. Apr. 23, 2021) (citing *In re Columbia Tuition Refund Action*, 2021 WL 790638 at *4); *Lindner*, 2020 WL 7350212, at *9 ("[T]he fact that Occidental provides in-person instruction 'under ordinary circumstances' . . . does not prevent Occidental from exercising its rights under the 2019-2020 Catalog to modify its programs, including during a national emergency, such as the Covid-19 global pandemic.").

Pacific, like most other educational institutions, made herculean efforts to quickly transition classes online so that students could continue their education in the midst of an unprecedented pandemic, enabling students like Plaintiff to graduate on time.  Plaintiff cannot look to the parties'

---

*Haven*, 2021 WL 3374737, at *6 (D. Conn. Aug. 3, 2021); *In re Univ. of Miami COVID-19 Tuition & Fee Refund Litig.*, 2021 WL 1251139, at *4 (S.D. Fla. Mar. 5, 2021).  Under California law, however, course of conduct can only give rise to an implied contractual term if there is evidence of an *intent to promise*—plaintiff's own belief that she is entitled to receive a benefit is insufficient. *Sacramento Cty. Retired Emps. Ass'n v. Cty. of Sacramento*, 975 F. Supp. 2d 1150, 1166 (E.D. Cal. 2013).

1    course of conduct during ordinary times to set the course of conduct in extraordinary times.

2    **C.**     **Even If The Court Finds That Plaintiff Has Identified A Specific Promise Of In-**

3           **Person Instruction And That Pacific Breached Such Promise, Such Breach Is**

4           **Excused.**

5        California law recognizes that "there is no liability for breach of a contract whose

6    performance has been made impossible by operation of law" and Plaintiff is thus not entitled to

7    damages. *Baird v. Wendt Enterprises, Inc.*, 248 Cal. App. 2d 52, 55 (Ct. App. 1967) (citing Cal.

8    Civ. Code § 1511(1)); *accord Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 772 (9th Cir. 1986)

9    ("Even if a technical breach of contract were established, Bright could not prevail in this action.

10   Under Cal. Civ. Code § 1511(1), no liability exists for breach of a contract whose performance has

11   been made impossible by operation of law.").  Pursuant to Cal. Civ. Code § 1511(1), performance is

12   excused "when such performance or offer is prevented or delayed . . . by the operation of law."

13       Following Governor Newsom's declaration of a state of emergency on March 4, 2020, and

14   his direction on March 13, 2020, that the California Department of Education develop and issue

15   guidance on distance learning in anticipation of an imminent shut-down of campuses, Pacific

16   announced on March 11, 2020, that classes would transition to distance learning from at least

17   March 16 until March 31.  SSF Nos. 7, 10, 11.  Between March 12 and March 19, the governor and

18   San Joaquin county announced successive measures restricting in-person gatherings; closing bars,

19   restaurants, gyms, fitness centers, and recreation facilities.  SSF Nos. 8-10, 12.  On March 19, the

20   governor issued a state and citywide stay-at-home orders.  SSF No. 13.  San Joaquin County issued

21   a county-wide stay-at-home order the following day.  SSF 14.  The stay-at-home orders made it a

22   violation of law for any individual to leave their home with exceptions for obtaining, performing or

23   facilitating "authorized necessary activities" including obtaining "necessities" such as "food,

24   prescriptions, and health care" and exceptions for certain federally-identified critical infrastructure

25   sectors.  *Id.*

26       As a result of the various government orders, Pacific was precluded by operation of law

27   from holding large in-person gatherings, its on-campus facilities were shut down, and Pacific was

28   ultimately required to suspend all in-person instruction.  If Pacific continued providing in-person

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

-19-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1    instruction, it would have been in violation of state and local laws.  As such, Pacific is not liable

2    even if it did breach a promise to provide in-person instruction (it did not), and Plaintiff is not

3    entitled to recover any damages.

4           Exactly the same issue arose in *Fitzpatrick v. Country Thunder Holdings, LLC*, 2020 WL

5    5947624, at *3 (C.D. Cal. July 24, 2020), where plaintiff asserted breach of contract when the

6    defendant rescheduled a country music festival after Governor Newsom prohibited mass gatherings

7    of over 200 people in response to COVID-19.  The Court held that the Governor's order did render

8    defendant's performance (*i.e.* putting on the music festival on the date planned) impossible "by

9    operation of law," and held that defendant did not breach its contract with plaintiff by rescheduling.

10   *Id.*; *see also Nat'l Pavements Corp. of Cal. v. Hutchinson Co.*, 132 Cal. App. 235, 238 (1933) (no

11   breach of contract claim could lie in action arising from contract with city to pave roads where city

12   cancelled project).  The same conclusion is required here – even if Pacific promised to provide a

13   particular mode of instruction, it was prevented from so doing by operation of law, and is thus not

14   liable.

15          **D.      Plaintiff's Claim That The Education He Received From Pacific After The**

16          **Transition To Remote Instruction Is "Worth Less" Is Barred By The**

17          **Educational Malpractice Doctrine**

18          Plaintiff's deposition testimony made clear that he is complaining about the quality of his

19   education when he states that his classes were not "the same" during remote learning.  *See* SSF No.

20   18.  However, an inquiry into the quality of education is precluded by the educational malpractice

21   doctrine, *i.e.*, the "widely accepted rule of judicial non-intervention into the academic affairs of

22   schools."  *Paulsen v. Golden Gate Univ.*, 25 Cal. 3d 803, 808 (1979) (collecting cases); *see also*

23   *Banks v. Dominican College*, 35 Cal. App. 4th 1545, 1551 (1995); *see Tubell v. Dade Cty. Pub.*

24   *Schs.*, 419 So.2d 388 (Fla. Dist. Ct. App. 1982) (citing cases across jurisdictions).

25          Under the educational malpractice doctrine, courts will not entertain complaints about the

26   quality of education or failure to deliver adequate instruction, including complaints about

27   "pedagogical methods or the quality of the school's classes, instructors, curriculum, textbooks, or

28

UNIVERSITY OF THE PACIFIC MOTION TO
DISMISS SECOND AMENDED COMPLAINT

CASE NO. 5:20-CV-03196-EJD

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

1   learning aids, … evaluation of individual students' progress or achievement, or the reasons for their

2   success or failure."  *Wells v. One2One Learning Foundation*, 39 Cal. 4th 1164, 1212 (2006)

3   (dismissing claim that "raise[d] issues of the quality of education offered by the charter school

4   defendants, or of the academic results produced"); *see also Chevlin v. Los Angeles Community*

5   *College Dist.*, 212 Cal. App. 3d 382, 389 (1989) ("the law refuses to hold a [school] liable to a

6   student who claims he was inadequately educated."); *Smith v. Alameda Cnty. Social Servs. Agency*,

7   90 Cal. App. 3d 929, 941-942 (1979).  Such deference is also "not confined to the classroom."

8   *Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. of the Law v. Martinez*, 561 U.S.

9   661, 686 (2010) (deferring to UC extracurricular policy, noting that "judges lack the on-the-ground

10  expertise and experience of school administrators").

11          Several courts considering universities' transitions to remote learning as a result of the

12  COVID-19 pandemic have found that the educational malpractice doctrine forecloses precisely the

13  type of claims at issue here because, despite the student-plaintiff's protests otherwise, such claims

14  are based on the fundamental premise that the education received was of a lesser quality than the

15  education promised and necessarily challenge the university's determinations regarding the mode of

16  instruction to offer under the circumstances.  *See Lindner*, 2020 WL 7350212, at *7 (holding that

17  "the resolution of Plaintiffs' claims would require the Court to make judgments about the quality

18  and value of the education" provided and, therefore, "are of the type of educational malpractice

19  claims that California courts, and courts throughout the country, have rejected.") (granting motion

20  to dismiss with prejudice); *UC Remote Cases*, No. JCCP5112 at 9-13 (rejecting the student-

21  plaintiffs' attempt to recast claims as for "service" promised and dismissing all claims: "Plaintiffs'

22  case is not about a failure to instruct.  Instead, Plaintiffs challenge how instruction was delivered –

23  *i.e*., Plaintiffs challenge Defendant's determination that, in the context of a global public health

24  crisis, online instruction was the most feasible way to provide education."); *accord Gociman,* 2021

25  WL 243573, at *3 (plaintiffs' challenge to quality of online instruction barred by educational

26  malpractice doctrine).

27          This is consistent with earlier cases following established U.S. Supreme Court precedent

28  that a university's constitutional freedom to determine "what to teach" and "how it should be

-21-

1   taught" includes the right to adjust the mode of instruction when the lives of students or faculty are

2   at risk—which is exactly what Pacific did here.  *See Sweezy v. State of N.H. by Wyman*, 354 U.S.

3   234, 263 (1957) (Frankfurter, J. concurring) ("It is the business of a university to provide that

4   atmosphere which is most conducive to speculation, experiment and creation.  It is an atmosphere in

5   which there prevail "the four essential freedoms" of a university—to determine for itself on

6   academic grounds who may teach, what may be taught, how it shall be taught, and who may be

7   admitted to study."); *see also e.g., Roe v. Loyola Univ. New Orleans,* 2007 WL 4219174, at *2

8   (E.D. La. Nov. 26, 2007) (addressing impact of Hurricane Katrina on Pacific's campus operations;

9   finding that plaintiff received the benefit of his bargain because he was allowed to complete his

10  semester courses and received credit); *Paynter v. N.Y. Univ.,* 66 Misc. 2d 92 (N.Y. App. Div. 1971)

11  (dismissing tuition refund claim arising out of NYU's closure of campus amidst nationwide

12  protests).

13          As in *Lindner* and the *UC Remote Cases*, the Plaintiff here seeks damages as a result of

14  alleged changes in the value of education and changes to the pedagogical methods employed during

15  the COVID-19 pandemic.  TAC ¶ 31 (asserting that "online learning options offered by [Pacific]

16  are subpar in practically every aspect and a shadow of what they once were").  In order to survive

17  Pacific's Rule 12 motion, Plaintiff asserted that his claims did not run afoul of the educational

18  malpractice doctrine because he was purportedly alleging that Pacific failed to provide *specified*

19  *services*—and not that the online instruction that Pacific provided to him was substandard.  *See* Dkt.

20  No. 34 at 4.  At the summary judgment stage, however, this assertion is no longer entitled to

21  deference and, in light of his inability to support a "specific" services theory and his damages claim,

22  is wholly unavailing.  *Lewis Jorge Construction Mgmt., Inc. v. Pomona Unified Sch. Dist.* 34 Cal.

23  4th 960, 967 (2004)  Plaintiff is not entitled to recover a greater amount in damages for breach of a

24  contract than he would have received through performance.  Cal. Civ. Code, § 3358; *KGM*

25  *Harvesting Co. v. Fresh Network*, 36 Cal. App. 4th 376 (1995) (a compensation system that gives

26  the aggrieved party the benefit of the bargain, and no more, furthers the goal of predictability about

27  the cost of contractual relationships).

28          Here, Plaintiff admits that he completed all of his classes.  SSF No. 16.  Plaintiff admits that

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

-22-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1   he received credits for all classes taken during the spring 2020 semester.  SSF No. 17.  Plaintiff

2   received his degree at the end of the spring 2020 semester.  *Id*.  Plaintiff further made clear through

3   his deposition testimony that his damages theory is based entirely upon alleged changes to the

4   pedagogical methods implemented in order to enable classes to continue in light of COVID-19 and

5   government stay-at-home orders.  SSF Nos. 19-20.

6         In sum, Plaintiff's discovery responses and damage assertions confirm that he is asking the

7   Court to engage in the impossible task of valuing the quality of his education, insofar as he seeks

8   damages based on the assertion that the instruction he received after Pacific transitioned to remote-

9   learning was of lesser quality—and thus worth less—than the in-person instruction he purportedly

10  expected.  However, such damages claims are not cognizable.  As in both *Lindner* and the *UC*

11  *Remote Cases*, Plaintiff's claims are, at their core, demands for judicial review of Pacific's decision

12  to change its mode of academic instruction during a pandemic and government-ordered shutdown;

13  and Plaintiff's prayer for "damages" necessarily puts the value and quality of the education he

14  *received* squarely at issue.

15  **IV.**   **CONCLUSION**

16        For all of the reasons detailed herein, Pacific respectfully requests an order granting

17  summary judgment in favor of Pacific on Plaintiff's complaint.

18

19

20

21

22

23

24  DATED: November 12, 2021           Respectfully submitted,

25                               HOLLAND & KNIGHT LLP

26

27                         By:*/s/ Vito A. Costanzo*
                           Vito A. Costanzo

28                             Kristina S. Azlin
                           Stacey H. Wang

-23-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Qian (Sheila) Shen

Attorneys for Defendant
University of the Pacific

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

-24-

UNIVERSITY OF THE PACIFIC MOTION TO                    CASE NO. 5:20-CV-03196-EJD
DISMISS SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

-1-

UNIVERSITY OF THE PACIFIC                                          CASE NO. 5:20-CV-03196-EJD
MOTION FOR SUMMARY JUDGMENT